UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE LEE**

**MAGISTRATE JUDGE GILBERT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. **15 CR 515** |
| | ) | |
| ALBERT ROSSINI, | ) | Violations: Title 18, United States |
| BABAJAN KHOSHABE, | ) | Code, Sections 1341 and 1343 |
| ANTHONY KHOSHABE, and | ) | |
| THOMAS W. MURPHY | ) | **UNDER SEAL** |

**FILED**

**COUNT ONE**

The SPECIAL FEBRUARY 2014 GRAND JURY charges:

AUG 2 0 2015
August 20, 2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1.      At times material to this indictment:

        a.      Defendants ALBERT ROSSINI, BABAJAN KHOSHABE, and
ANTHONY KHOSHABE operated purported real estate investment and property
management businesses in Lincolnwood, Illinois.

        b.      Defendant THOMAS W. MURPHY was a licensed Illinois
attorney operating a law practice in Chicago, Illinois.

        c.      For the purpose of carrying out the activities of the
aforementioned purported real estate and property management businesses,
defendants established or caused to be established various corporate entities located
at 3924 West Devon Street, Lincolnwood, Illinois, including:

        i.      Devon Street Investments, Ltd., of which defendant
ROSSINI was the President and sole shareholder;

        ii.     Reliant Management, Inc., of which defendant
ANTHONY KHOSHABE was the President and sole shareholder;

1

        iii.      Devon Street Management Company, of which defendant MURPHY was the registered agent; and

        iv.      Rockford Commercial Mortgage Company, Ltd., of which defendant ROSSINI was the President and sole shareholder.

2.     Beginning no later than in or around September 2011, and continuing until the present, at Lincolnwood, in the Northern District of Illinois, Eastern Division, and elsewhere,

ALBERT ROSSINI,
BABAJAN KHOSHABE,
ANTHONY KHOSHABE, and
THOMAS W. MURHPY,

defendants herein, devised, intended to devise, and participated in a scheme to defraud investors and prospective investors, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, which scheme is further described below.

3.     It was part of the scheme that defendants fraudulently induced at least 15 victims to invest more than $3,000,000 by falsely and fraudulently representing to the victims that (i) investors' funds would be used to acquire mortgage notes on apartment buildings in foreclosure, (ii) that investors would receive income in the form of rent paid by the occupants while defendants pursued foreclosure, and (iii) that investors would receive title to the property once the foreclosure process concluded. In fact, defendants did not acquire an interest in the identified properties, used the victims' funds to make "Ponzi"-type payments back to other investors, and converted the remaining funds to their own benefit.

2

4.     It was further part of the scheme that defendant ROSSINI and defendant BABAJAN KHOSHABE solicited individuals to participate in a purported investment program through their company, Devon Street Investments ("Devon"). To induce victims to invest, ROSSINI and BABAJAN KHOSHABE knowingly made a number of materially false and fraudulent representations and promises, including the following:

a.     That Devon was selling mortgage notes relating to specifically identified properties to investors. In truth, as defendants knew, Devon did not own or otherwise have an interest in the mortgage notes identified to investors.

b.     That Reliant Management ("Reliant"), which was run by defendant ANTHONY KHOSHABE, would manage the properties underlying the mortgage notes and forward to investors the rents collected from the properties each month. In truth, as defendants knew, no one affiliated with Devon or Reliant, including defendant ANTHONY KHOSHABE, performed any property management services at, or collected rents from, the properties underlying the mortgage notes being sold to investors.

c.     That the payments Reliant would make to investors each month would be derived from rents collected at the properties.  In truth, as defendants knew, the payments subsequently made to investors were derived from funds defendants had collected from other investors.

d.     That Devon, through defendant MURPHY, as attorney for Devon and its investors, would actively pursue foreclosure for each of the investors'

3

properties and thereafter cause deeds to the properties to be transferred to the investors. In truth, as defendants knew, neither defendant MURPHY nor anyone affiliated with Devon pursued foreclosure of the properties, and no deed was ever transferred to any investor.

5. It was further part of the scheme that when an investor provided funds for the purported purchase of a mortgage note, defendant MURPHY prepared for the investor, and defendant ROSSINI presented to the investor, a document called a "Guaranty Agreement," which made further materially false and fraudulent representations, including the following:

a. That defendant ROSSINI had "obtained written assignments of the right to acquire … the existing notes and mortgages from the lender." In truth, as defendants knew, no such written assignments had been obtained;

b. That the funds provided by the investors would "be used to purchase the property and/or notes and mortgages." In truth, as defendants knew, none of the investors' funds were used to purchase the properties or mortgage notes; and;

c. That defendant ROSSINI would "cause the foreclosure process to be completed" and thereafter "have the title to the property deeded to [the investor] or as [the investor] shall direct. In truth, as defendants knew, neither ROSSINI nor anyone else affiliated with Devon pursued foreclosure proceedings for the investors' properties, nor did they cause title to the properties to be transferred to the investors.

4

6.    It was further part of the scheme that, in order attract and retain investors and to falsely and fraudulently represent that their mortgage note scheme was a legitimate investment, defendants used funds obtained from investors to make *Ponzi*-type payments to other investors. More specifically, defendants made payments to investors that were falsely and fraudulently represented to be rental income derived from the investment properties, when in fact, as defendants knew, the source of the payments was funds received directly from other investors.

7.    It was further part of the scheme that defendant ROSSINI and defendant BABAJAN KHOSHABE used investor funds to pay commissions to some investors to induce them to refer additional victims to invest in defendants' mortgage note scheme.

8.    It was further part of the scheme that, after defendants ceased making payments to investors as promised, in order to retain the investors' funds and to prevent them from taking adverse action against defendants:

a.    defendants ROSSINI and BABAJAN KHOSHABE falsely and fraudulently represented to investors that they intended to refund their money but, for various false and fabricated reasons, did not have funds available to do so;

b.    defendants ROSSINI and BABAJAN KHOSHABE fraudulently discouraged investors from complaining to law enforcement or taking legal action based on allegations of fraud;

c.    defendants ROSSINI and BABAJAN KHOSHABE filed a sham lawsuit again defendant MURPHY;

5

d.     defendants ROSSINI and BABAJAN KHOSHABE fraudulently filed liens which they knew were invalid, and falsely and fraudulently represented to investors that the liens would protect their interest in the properties; and

e.     defendants ROSSINI and MURPHY fraudulently induced certain victims to participate in additional investments involving the purchase of mortgage note pools and real properties, purportedly undertaken by Rockford Commercial Mortgage. ROSSINI and MURPHY again did not use these investor funds as promised and converted the funds to their own use.

9.     It was further part of the scheme that defendants ROSSINI, BABAJAN KHOSHABE, ANTHONY KHOSHABE, and MURPHY misappropriated investors' funds and converted them to their own benefit. Investor funds were deposited into defendant MURPHY's personal checking account, where they were used for various purposes other than those represented to investors, such as:

a.     Making *Ponzi*-type payments in which a portion the investors' own money was repaid to them as purported rent payments;

b.     Paying expenses related to maintaining and concealing the scheme;

c.     Withdrawing funds as cash; and

d.     Distributing investor funds directly to defendants ROSSINI, BABAJAN KHOSHABE, ANTHONY KHOSHABE, and MURPHY for their personal use and benefit.

10. It was further part of the scheme that defendants concealed, misrepresented, and hid and caused to be concealed, misrepresented, and hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

11. As a result of the scheme, defendants caused at least 15 victims to suffer losses of approximately $2,900,000.

12. On or about June 14, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

ALBERT ROSSINI,<br>
BABAJAN KHOSHABE,<br>
ANTHONY KHOSHABE, and<br>
THOMAS W. MURPHY,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an email sent by ROSSINI in Illinois to Victim NM in Arizona;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are incorporated here.

2.     On or about July 16, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

ALBERT ROSSINI,
BABAJAN KHOSHABE,
ANTHONY KHOSHABE, and
THOMAS W. MURPHY,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an email sent by ROSSINI in Illinois to Victim AP2 that was routed through a computer server in Virginia;

In violation of Title 18, United States Code, Section 1343.

8

## COUNT THREE

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 11 of Count One of this indictment are incorporated here.

2. On or about July 24, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

ALBERT ROSSINI,
BABAJAN KHOSHABE,
ANTHONY KHOSHABE, and
THOMAS W. MURPHY,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate Automated Clearing House ("ACH") transaction from Devon Street Management to Victim KK through the Federal Reserve System in the amount of approximately $9,315;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 11 of Count One of this indictment are incorporated here.

2.    On or about July 24, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

ALBERT ROSSINI,
BABAJAN KHOSHABE,
ANTHONY KHOSHABE, and
THOMAS W. MURPHY,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be sent by Fed Ex, a commercial interstate carrier, according to the directions thereon, a package from defendant ROSSINI in Illinois to Victim AK in Arizona, containing an invoice from Devon Street Management and a $3,663 money order;

In violation of Title 18, United States Code, Section 1341.

## COUNT FIVE

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 11 of Count One of this indictment are incorporated here.

2.    On or about August 22, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

ALBERT ROSSINI,<br>
BABAJAN KHOSHABE,<br>
ANTHONY KHOSHABE, and<br>
THOMAS W. MURPHY,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be sent by Fed Ex, a commercial interstate carrier, according to the directions thereon, a package from defendant ROSSINI in Illinois to Victim AK in Arizona, containing a $3,663 check;

In violation of Title 18, United States Code, Section 1341.

## COUNT SIX

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 11 of Count One of this indictment are incorporated here.

2.      On or about September 25, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

ALBERT ROSSINI,
BABAJAN KHOSHABE,
ANTHONY KHOSHABE, and
THOMAS W. MURPHY,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate Automated Clearing House ("ACH") transaction from Devon Street Management to Victim KK through the Federal Reserve System in the amount of approximately $9,315;

In violation of Title 18, United States Code, Section 1343.

## COUNT SEVEN

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are incorporated here.

2.     On or about November 13, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

ALBERT ROSSINI,
BABAJAN KHOSHABE,
ANTHONY KHOSHABE, and
THOMAS W. MURPHY,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be sent by Fed Ex, a commercial interstate carrier, according to the directions thereon, a package from defendant ROSSINI in Illinois to Victim AK in Arizona, containing a $3,663 check;

In violation of Title 18, United States Code, Section 1341.

## COUNT EIGHT

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are incorporated here.

2.     On or about November 20, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

ALBERT ROSSINI,
BABAJAN KHOSHABE,
ANTHONY KHOSHABE, and
THOMAS W. MURPHY,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate Automated Clearing House ("ACH") transaction from Devon Street Management to Victim AP1 through the Federal Reserve System in the amount of approximately $7,398;

In violation of Title 18, United States Code, Section 1343.

## COUNT NINE

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are incorporated here.

2.     On or about April 13, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

ALBERT ROSSINI,
BABAJAN KHOSHABE, and
THOMAS W. MURPHY,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an email sent by ROSSINI in Illinois to Victim NY that was routed through a computer server in California;

In violation of Title 18, United States Code, Section 1343.

## COUNT TEN

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 11 of Count One of this indictment are incorporated here.

2.      On or about May 20, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

> ALBERT ROSSINI, and
> THOMAS W. MURPHY,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transfer in the amount of $395,000 from Victim KK in California to Rockford Commercial, Ltd., in Illinois;

In violation of Title 18, United States Code, Section 1343.

### COUNT ELEVEN

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are incorporated here.

2.     On or about May 22, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

ALBERT ROSSINI,
BABAJAN KHOSHABE, and
THOMAS W. MURPHY,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an email sent by ROSSINI in Illinois to Victim NY that was routed through a computer server in California;

In violation of Title 18, United States Code, Section 1343.

17

## COUNT TWELVE

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are incorporated here.

2.     On or about July 12, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

> ALBERT ROSSINI, and
> THOMAS W. MURPHY,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transfer in the amount of $225,000 from Victim KK in California to Rockford Commercial, Ltd., in Illinois;

In violation of Title 18, United States Code, Section 1343.

18

## COUNT THIRTEEN

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are incorporated here.

2.     On or about August 22, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

ALBERT ROSSINI, and
THOMAS W. MURPHY,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transfer in the amount of $184,800 from Victim KK in California to Rockford Commercial, Ltd., in Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOURTEEN

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are incorporated here.

2.     On or about March 28, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

ALBERT ROSSINI,
BABAJAN KHOSHABE, and
THOMAS W. MURPHY,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an email sent by ROSSINI in Illinois to Victim NY that was routed through a computer server in California;

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1.      Upon conviction of an offense in violation of Title 18, United States Code, Sections 1341 or 1343, as set forth in this Indictment, defendants shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      The property to be forfeited includes, but is not limited to:

    a.    a personal money judgment in the amount of approximately $2,922,564; and

    b.    the following specific property:

        i.    Certificate of Deposit no. 16463, issued by Austin Bank in Chicago, Illinois, on or about January 16, 2014, in the amount of $250,000;

        iv.    Certificate of Deposit no. 16464, issued by Austin Bank in Chicago, Illinois, on or about January 16, 2014, in the amount of $250,000;

        v.    Certificate of Deposit no. 16513, issued by Austin Bank in Chicago, Illinois, on or about March 10, 2014, in the amount of $200,000;

        vi.    the real property commonly known as 9715 Woods Drive, Unit 1101, Skokie, Illinois, legally described as follows:

UNIT 1101 AND PARKING SPACES P227 & P228 IN OPTIMA OLD ORCHARD WOODS ELM CONDOMINIUM, AS DELINEATED ON A PLAT OF SURVEY OF THE FOLLOWING DESCRIBED TRACT OF LAND: THAT PART OF LOT 2 (EXCEPT THAT PART DEDICATED FOR WOODS DRIVE) IN OLD ORCHARD WOODS SUBDIVISION OF PART OF THE EAST HALF OF THE SOUTHWEST QUARTER OF SECTION 9, TOWNSHIP 41 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED AUGUST 12, 2004 AS DOCUMENT NUMBER 0422518103, WHICH PLAT OF SURVEY IS ATTACHED AS "EXHIBIT C" TO THE DECLARATION OF CONDOMINIUM RECORDED SEPTEMEBER 22, 2006 AS DOCUMENT NO. 0626531058, AS AMENDED FROM TIME TO TIME, TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS, ALL IN COOK COUNTY, ILLINOIS.

PIN 10-00-304-035-1079, 10-09-304-035-1167, and 10-09-304-035-1168.

vii.    the real property commonly known as 9725 Woods Drive, Unit 1417, Skokie, Illinois, legally described as follows:

UNIT 1417 AND PARKING SPACE P426 IN OPTIMA OLD ORCHARD WOODS MAPLE CONDOMINIUM, AS DELINEATED ON A PLAT OF SURVEY OF THE FOLLOWING DESCRIBED TRACT OF LAND:

PART OF LOT 2 IN OLD ORCHARD WOODS SUBDIVISION OF PART OF THE EAST HALF OF THE SOUTHWEST QUARTER OF SECTION 9, TOWNSHIP 41 NORTH, RANGE 13, EAST OF THE THIRD PRINCIAPAL MERIDIAN, WHICH PLAT OF SURVEY IS ATTACHED AS EXHIBIT "C" TO THE DECLARATION OF CONDOMINIUM OWNERSHIP RECORDED OCTOBER 5, 2007 AS DOCUMENT NO. 0727815093, AS AMENDED FROM TIME TO TIME, TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS, ALL IN COOK COUNTY, ILLINOIS.

PIN 10-00-304-042-1114 and 10-09-304-042-1029.

viii. the real property commonly known as 6349 N. Knox, Chicago, Illinois, legally described as follows:

LOT I AND THE NORTH QUARTER OF LOT 2 IN FIRST ADDITION TO VALENTI'S SAUGANASH ESTATES, BEING A RESUBDIVISION OF PART OF LOTS 1,2,4 AND 5 IN THE ASSESSOR SUBDIVISION OF THE NORTH WEST FRACTIONAL QUARTER OF SECTION 3, TOWNSHIP 40 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PIN 13-03-132-021.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____

FOREPERSON

_____
UNITED STATES ATTORNEY