UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 15 cr 515-1 |
| v. ) | |
| ) | Judge John Z. Lee |
| ALBERT ROSSINI et al. ) | Magistrate Judge Jeffrey T. Gilbert |
| ) | |
| Defendants. ) | |

**DEFENDANT ROSSINI'S EMERGENCY MOTION
TO MODIFY AND/OR CLARIFY RULING ON DETENTION HEARING,
AND TO TRAVEL OUTSIDE HIS RESIDENCE FOR SPECIFIC PURPOSE**

NOW COMES Defendant, ALBERT ROSSINI ("Rossini"), by and through his attorneys, SEIDEN NETZKY LAW GROUP, LLC, and respectfully requests that this Court enter an order modifying and clarifying its ruling on detention hearing as set forth in the Minute Order of September 4, 2015 and oral rulings including allowing Rossini to travel for religious services, civil court appearances, and meetings with civil attorneys, and in the alternative to enter an order granting him leave to travel outside his residence on five occasions for religious purposes and on two occasions to attend court on two civil matters that require his appearance. In support thereof, Rossini states as follows:

1. On or about August 20, 2015, an Indictment was filed in this cause wherein Rossini was charged with eleven counts of wire fraud under 18 USC §1343 and three counts of mail fraud under 18 USC §1341.

2. Rossini was released on an Appearance Bond subject to Home Detention monitored by Pretrial Services on August 24, 2015. (Dkt 10-11).

3. On August 3, 2015, Rossini appeared before the Court on a Continued Detention Hearing. The Court issued a minute order stating its intention to modify Rossini's conditions of

1

release, removing the limit on financial transactions and specifying that while Rossini, with notification to Pretrial, could meet with his criminal attorneys in this and his pending state case, he would not be permitted, absent motion and additional court order, to meet outside his residence with his civil attorneys.

## RELIGIOUS TRAVEL

4. Rossini is an attendee of the Congregation Sukkat Shalom located at 1001 Central Avenue, Wilmette, IL 60091. It holds services at that location and at the facilities of the Church of Jesus Christ of Latter-day Saints at 2727 Lake Avenue, Wilmette, IL 60091.

5. There are five upcoming dates for the High Holidays coming up in the next few weeks that Rossini would like to attend. They are as follows:

> Erev Rosh Hashanah
> Sunday, Sep. 13th at 8:00 p.m.
> The Church of Jesus Christ of Latter-day Saints
> 2727 Lake Ave., Wilmette, IL 60091
>
> Rosh Hashanah
> Monday, Sept. 14th at 11 a.m.
> The Church of Jesus Christ of Latter-day Saints
> 2727 Lake Ave., Wilmette, IL 60091
>
> Erev Yom Kippur – Kol Nidre
> Tuesday, Sept. 22nd at 8:00 p.m.
> The Church of Jesus Christ of Latter-day Saints
> 2727 Lake Ave., Wilmette, IL 60091
>
> Morning of Yom Kippur
> Wednesday, Sept. 23rd at 11 a.m.
> The Church of Jesus Christ of Latter-day Saints
> 2727 Lake Ave., Wilmette, IL 60091
>
> Afternoon of Yom Kippur
> Wednesday, Sept. 23rd – 4-6 pm
> Sukkat Shalom
> 1001 Central Ave., Wilmette, IL 60091
> - Healing Service and Reading of The Book of Jonah – 4 p.m.
> - Yizkor/Memorial Service/Neilah Concluding Service – 5 p.m. (approx.)

6. As release for religious purposes was not included in the Court's last order and discussion regarding Rossini's travel, Pretrial Services through Justin Wiersema has been unable to agree to this travel.

7. Religious services are one of the named exceptions to standard Home Detention restrictions. (US Government Form AO 199B (7)(p)(ii)).

8. This motion is filed as an emergency specifically for the Rosh Hashanah religious services which are held this coming Sunday and Monday, and for which this Court's standard notice requirements would not allow sufficient time to allow Rossini to attend before a hearing could be scheduled.

9. Rossini requests that this Court grant him leave to travel to and from the services listed above at the addresses listed above, or in the alternative, that the Court clarify its intentions to Pretrial Services such that permission for such travel can be obtained through Pretrial Services in the normal course of its monitoring of Rossini.

CIVIL COURT APPEARANCES

10. Rossini is a defendant in the Cook County civil matter of *Jozers et al. v. Comprehensive Properties et al.* (2013 L 4128). On or about December 6, 2013, a judgment was entered against Rossini in that matter. Since shortly after that time, he has been the subject of a Citation in Cook County under that same case number.

11. On or about August 25, 2015, Judge Alexander P. White entered a Rule to Show Cause against Rossini for failing to appear in Court on the Jozers matter; the rule was issued returnable to <u>September 15, 2015 at 9:30a.m. in Courtroom 2503 of the Daley Center</u>. Rossini is required to attend that Court date to inform Judge White as to why he was not present at the last

Court date. If he does not appear, Judge White may, and probably will, enter a writ of body attachment that can be placed with the Cook County Sheriff for execution.

12. Rossini is a defendant in the Cook County civil matter of *Kling v. Rossini et al.* (2012 L 7686). On or about September 16, 2013, a judgment was entered against Rossini in that matter. At some point after that, a citation was filed against Rossini and he is currently subject to that Citation under that same case number.

13. On August 27, 2015, Judge Alexander P. White issued an order for Rossini to file responses to Plaintiff's Motion to Compel and Plaintiff's Motion for Turnover, and for the attorney present in court, Richard Kruse, to decide whether he would be representing Rossini and to file an appearance if so. Mr. Kruse informed Judge White of Rossini's home incarceration status at the time, and only due to that potential restriction did Judge White not order Rossini's presence at the next Court date, set for <u>September 16, 2015 at 9:30a.m. in Courtroom 2503 of the Daley Center</u>. As of this filing, Mr. Kruse has not been able to determine whether he will be able to represent Rossini in the Kling matter.

14. Court appearances and court ordered obligations are two of the named exceptions to standard Home Detention restrictions. (US Government Form AO 199B (7)(p)(ii)).

15. This motion is filed as an emergency specifically for the September 15, 2015 appearance on the Rule to Show Cause entered against Rossini in the Jozers case, and for which this Court's standard notice requirements would not allow sufficient time to allow Rossini to attend before a hearing could be scheduled.

16. Rossini requests that this Court grant him leave to travel to and from the Daley Center for the court appearances listed above, or in the alternative, that the Court clarify its

4

intentions to Pretrial Services such that permission for such travel can be obtained through Pretrial Services in the normal course of its monitoring of Rossini.

## CIVIL ATTORNEY MEETINGS AND COORDINATION

17. In addition to the two cases set forth above, Rossini has other civil defense matters pending, and also has potential civil claims against others to pursue. Such civil matters can result in a variety of negative consequences if Rossini is not able to meet with his counsel at their offices to go over substantial documents and coordinate a strategy for the cases both separately and together. Such negative consequences can include civil liability to the Plaintiffs, whether or not the case against Rossini is viable, but can also include sanctions, writs of body attachment that could cause the Cook County Sheriff to bring him into custody, and loss of otherwise viable avenues to both defend himself and to assert his rights against those who have defrauded him.

18. As the Court is aware, the residence where Rossini is currently staying is a very small hotel room, without room to meet with multiple people, without room to adequately go through documents, and without even room for multiple people to sit except if sitting on the bed itself.

19. Rossini requests that this Court reconsider its reconsideration as set forth in its last minute order, and allow Rossini to meet with his attorneys in all of his ongoing matters, civil and criminal, provided a set time and date are provided to and approved by Pretrial Services.

WHEREFORE, Defendant, ALBERT ROSSINI, respectfully requests that this Court enter an Order modifying and clarifying its ruling on detention hearing as set forth in the Minute Order of September 4, 2015 to allow Rossini to attend religious services, attend court dates in his civil cases, and to meet with his attorneys in both his civil and criminal pending matters, with notification and approval of Pretrial in advance. In the alternative, Rossini requests that this Court, at a minimum, allow Mr. Rossini to attend the religious services and court dates as set forth above, and on an emergency basis, and for any and such additional relief as this Court deems fair and just.

Dated: September 8, 2015                    Respectfully submitted,

                                                                /s/ Brooke L. Lewis
Brooke L. Lewis #6245195
Glenn Seiden 2543761
SEIDEN NETZKY LAW GROUP, LLC
Attorneys for Albert Rossini
115 South LaSalle Street, Suite 2600
Chicago, IL 60603
312.236.3060