UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 15 CR 515-1 |
| v. | |
| ALBERT ROSSINI | Judge Jeffrey T. Gilbert |

## <u>MOTION TO REVOKE BOND</u>

Now comes the UNITED STATES OF AMERICA, by and through its attorney, ZACHARY T. FARDON, and respectfully moves that this Court revoke the release order of defendant Albert Rossini and order him detained pending resolution of this criminal case as a result of multiple violations of his release order, and in support thereof states as follows:

## I.    BACKGROUND

1.    On August 20, 2015, Rossini was indicted for 14 counts of mail and wire fraud for a Ponzi scheme run by Rossini and his co-defendants to defraud real estate investors by purportedly selling real estate interests or investment vehicles that defendant knew to be fraudulent. Dkt. No. 1. As detailed in the indictment, from at least September 2011 through the time of the indictment Rossini and his co-defendants fraudulently induced at least 15 investors to invest more than $3,000,000. *Id.* at 2. A major component of the scheme involved Rossini purporting to sell investors mortgage notes on apartment buildings and using investor money to make Ponzi payments back to them, while converting the rest of the investors' money to Rossini and his co-defendants' benefits. *Id.* at 2-6.

1

2.    On August 25, 2015, Rossini and his co-defendants were arrested on the indictment and arraigned in front of Magistrate Judge Mary Rowland that same day. Dkt. No. 9. At the arraignment the government moved for Rossini's detention as both a risk of flight and continuing danger to the community pursuant to 18 U.S.C. §3142. *Id.* Rossini was released on a $10,000 unsecured bond over the government's objection and his release was subject to a number of conditions, including a prohibition on financial transactions over $100. *Id.,* Dkt. No. 10. Rossini was also placed on location monitoring and ordered to report to Pretrial Services on August 26, 2015 at 9:00 a.m. Dkt. No. 9.

3.    Between August 27, 2015, and September 29, 2015, during a series of continued detention hearings, the government presented to this Court evidence and arguments for Rossini's detention, including: two prior federal fraud convictions, a prior state fraud conviction, two pending state felony fraud cases, Rossini's use of victim investor money to post bond in one of his state cases, and approximately one million dollars in unaccounted victim money.

4.    Ultimately, on September 29, 2015, this Court ruled that the government had shown by clear and convincing evidence Rossini was a financial danger to the community, but that conditions could be fashioned to mitigate that danger. Among those conditions were the following: (1) not directly or indirectly solicit money from individual investors, nonprofit investors, family trusts, or closely held corporations with less than five shareholders; and (2) seek Court approval before any additional monies were solicited for or invested in properties that Rossini

2

owned or that predated the indictment. Dkt. No. 79. Rossini was also placed on home detention, and only allowed to leave to go to an exercise facility, to look for a personal apartment or house, and meet with lawyers in his pending civil and criminal matters. The Court also removed the value limit on Rossini's financial transactions. *Id.*

## II. ARGUMENT

*Since Being Placed on Pretrial Release, Defendant Has Committed Several Violations of His Pretrial Release Order, including Defrauding At Least One New Victim.*

5. First, the government has learned that Rossini violated his release order by fraudulently selling to an investor a mortgage note that he had previously sold to a different investor but never delivered, and has continued to engage in other fraudulent conduct related to real estate investments. As explained more fully below, the facts provide probable cause to believe that Rossini has committed violations of federal and state law, including wire fraud (in violation of 18 U.S.C. §1343), money laundering (in violation of 18 U.S.C. §1956), theft by unauthorized control (in violation of 720 ILCS 5/16-1(a)(1)), and theft by deception (in violation of 720 ILCS 5/16-1(a)(2)). Having demonstrated probable cause to show that Rossini committed felony violations of law while on release, his release order should be revoked based upon the presumption for detention in these circumstances enumerated in 18 U.S.C. §3148(b).[1]

---

[1] Section 3148(b) ("Sanctions for violation of a release condition") states in relevant part that "[i]f there is probable cause to believe that, while on release, the person committed a

6.     Second, in addition to committing the above criminal violations, Rossini's conduct also violated specific conditions of release enumerated in his release orders, including the limit on financial transactions, the restriction on investor solicitation, the restriction on real estate transactions without Court approval, and general violations of home detention. These violations provide an independent basis for revoking Rossini's bond.

A.   *Shortly After Being Placed on Bond, Rossini Consummated the Fraudulent Sale of a Mortgage Note to a Victim Investor.*

7.     The government has learned that, almost immediately after being placed on pretrial release, Rossini concluded the sale of the mortgage note for the building located at 211 N. Kilbourn, Chicago, Illinois ("211 N. Kilbourn") to Individual MW. As more fully discussed below, Rossini had no right to sell this note to Individual MW as he had previously fraudulently sold the mortgage note for 211 N. Kilbourn to Individual BB in October 2011. Rossini sold the 211 N. Kilbourn note to Individual MW by making fraudulent representations regarding the title history and rental occupancy of the property.

i.   The Previous Sale of the 211 N. Kilbourn Mortgage Note to Individual BB.

8.     On or about October 21, 2011, Rossini, with the assistance of his co-defendant Thomas Murphy, sold the mortgage note to 211 N. Kilbourn to Individual

---

Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

BB for $70,000. *See* Govt. Ex. 1. Rossini memorialized the sale through a "guaranty agreement" provided to Individual BB on October 24, 2011.[2] *See* Govt. Ex. 2. According to Individual BB, who investigators have interviewed, as well as the terms of the guaranty agreement, Rossini represented that his company, Devon Street Investments,[3] would be collecting rents on the property and forwarding them to Individual BB. Rossini also represented that his company would cause the property to be foreclosed upon so that title would pass to Individual BB.

9.     As was the case with every investor, Rossini forwarded monthly payments to Individual BB that were supposedly rent payments but that the bank records show were actually other investors' funds. Specifically, from December 2011 through July 2012, Rossini paid Individual BB between $2,970 and $3,300 in "rent" for 211 N. Kilbourn. *See* Govt. Ex. 3. After July 2012, Rossini stopped paying rent to Individual BB as well as several other investors.

10.     In March and April 2013, after investors began complaining, Rossini recorded several documents with the Cook County Recorder of Deeds regarding investors' mortgage notes, including, on or about April 2, 2013, Rossini recorded Individual BB's mortgage note assignment for 211 N. Kilbourn. Govt. Ex. 4.

11.     On or about November 25, 2013, Individual BB, along with other investors, filed a lawsuit against Rossini's co-defendant Thomas Murphy in Cook

---

[2] This guaranty agreement was nearly identical to the guaranty agreements provided to all investors. Dkt. No. 1 at 4.

[3] Rossini ran a number of companies with similar names, such as Devon Street Investments, Devon Street Realty, etc.

County Civil Court directly relating to Rossini's note sale of properties to a number of California based investors, including Individual BB. One of the properties named in the lawsuit is 211 N. Kilbourn. The plaintiffs in this lawsuit later added Rossini as a defendant, but were unable to serve him. The lawsuit alleged that Rossini and Murphy defrauded investors by engaging in a mortgage note sale scheme similar to the one charged in the indictment. Despite this lack of service, Rossini was aware of the suit as (a) one of his current attorneys had appeared in Cook County civil court to monitor the proceedings, (b) the plaintiffs served a copy of the amended complaint naming Rossini on Attorney RK, who shares office space with Rossini and represented Rossini in a related civil case, (c) attorney RK produced Rossini's documents to the plaintiffs, including documents about Individual BB's purchase of the 211 N. Kilbourn mortgage note, and (d) on August 19, 2014, Rossini filed for bankruptcy in the Northern District of Illinois in case number 14-30457. In his petition, he listed Individual BB as one of his creditors and stated that he owed her $140,000 (reflecting the sale of two mortgage notes, including 211 N. Kilbourn, for $70,000 each). See Govt. Ex. 5. Rossini also listed Individual BB's attorney in the civil action as her contact address. *Id.*

      ii.      <u>Rossini's Sale of the 211 N. Kilbourn Mortgage Note to Individual MW.</u>

12.      According to Individual MW, in July 2015, he was contacted by Individual CW[4], who was working with Rossini and offered to sell him the mortgage

---

[4] Individual MW and Individual CW are not related.

note for the building located at 211 N. Kilbourn, Chicago, Illinois ("211 N. Kilbourn") for approximately $23,000. Individual CW told Individual MW that she was helping Rossini sell the note for 211 N. Kilbourn and that Individual MW would be paying Rossini for the note. Seller CW also represented to Individual MW that the title to 211 N. Kilbourn was unencumbered. Individual CW also recommended an attorney (Attorney RK) to Individual MW to assist in foreclosing on the property. Unbeknownst to Individual MW, Attorney RK also represented Rossini in pending civil matters, including a suit between Rossini and his co-defendant Thomas Murphy regarding the note scheme charged in this case.

13.    In late July 2015, Attorney RK provided Individual CW with a title history to 211 N. Kilbourn, and Individual CW provided this title history to Individual MW. This title history omitted Individual BB's mortgage note assignment.

14.    In late July 2015, Individual MW agreed to purchase the note and gave Individual CW a partial payment in the form of a cashier's check payable to Rossini in the amount of approximately $10,000. Rossini later cashed this check.

15.    After Individual MW gave the partial payment, Individual CW obtained an updated title history for 211 N. Kilbourn. This title history correctly showed that Rossini had previously sold the mortgage note for this property to Individual BB on or about October 21, 2011. When Individual CW later confronted Rossini about this previous sale, Rossini informed Individual CW, in substance, that Individual BB never knew the property had been assigned to her. Rossini also

informed Individual CW that he had planned on giving the property to Individual BB in order to offset the loss that she took on the transactions involving Murphy, but that Individual BB said that she didn't want the property. Investigators have since spoken to Individual BB, who stated that Rossini's statements to Individual CW were false.

16.     On or about August 5, 2015, Rossini unilaterally filed a cancellation of the sale of the property to Individual BB with the Cook County Recorder of Deeds. Govt. Ex. 4a. This cancellation was not signed by Individual BB and she has since advised investigators that she was unaware of it.

17.     On or about August 25, 2015, Rossini was arrested in the instant offense and released by Magistrate Judge Rowland on numerous conditions, including location monitoring and a prohibition on financial transactions over $100.

18.     That same day, Individual MW, unaware that Rossini had been arrested, provided Individual CW with a cashier's check for $15,000 which represented the remaining payments for the 211 N. Kilbourn mortgage note. *See* Govt. Ex. 6.

19.     The next morning, on or about August 26, 2015, at approximately 8:00 a.m. – just one hour before reporting to the Pretrial Services office – Rossini met with Individual CW at a currency exchange located at Cicero and Peterson in Chicago. Rossini signed Individual MW's cashier's check and told Individual CW that he would not be available to pick up the money, so he arranged for Individual CW to cash the check and pick up the money for him. Rossini then went to the

8

Pretrial Services office to get fitted with his location monitor. Later that day, Individual CW cashed Individual MW's cashier's check and gave the money to Rossini. *See* Govt. Ex. 6.

20.     On other dates while on release, Individual MW met with Rossini and Attorney RK and consensually recorded these conversations, which related to the title history of 211 N. Kilbourn and Individual MW paying Attorney RK to foreclose on the property. During these conversations, among other things, Rossini falsely told Individual MW that Individual BB was going to buy the mortgage note for 211 N. Kilbourn but ultimately did not, and that Individual BB did not have a claim on the mortgage note for 211 N. Kilbourn. Rossini also misled Individual MW into believing that the building had tenants and was generating rental income that would be assigned to Individual MW.

21.     According to the United States Postal Service, 211. N. Kilbourn has been vacant since for at least 18 months. Further, in late October 2015, investigators went to 211 N. Kilbourn and found it dilapidated with no active gas line. *See* Govt. Ex. 7.

            iii.    <u>Violations of State and Federal Law.</u>

22.     The facts demonstrate probable cause to believe that Rossini has committed felony violations of numerous laws.  For example, 720 ILCS 5/16-1(a)(2) makes it a felony to "obtain or exert unauthorized control over property of the owner" when the value of the property is over $500. Additionally, 720 ILCS 5/16.1(a)(2) makes it a felony to "obtain by deception control over property of the

owner" when the value of the property is over $500. There is probable cause to believe that Rossini has violated each of these statutes by selling the mortgage note for 211 N. Kilbourn to Individual BB in October 2011 and then reselling that same note to Individual MW in July and August 2015.

23.     In addition, the facts provide probable cause to believe that Rossini has engaged in a scheme to defraud Individual MW and Individual BB, in violation of 18 U.S.C. §1343; and has engaged in money laundering by cashing Individual MW's $15,000 cashier's check on August 26, 2015, in violation of 18 U.S.C. §1957.[5]

24.     Because there is probable cause to believe that Rossini has committed numerous felony violations of law while on a release order, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of the community. 18 U.S.C. §3148(b). Rossini should be ordered detained pending resolution of this criminal case.

B. *Rossini's Additional Violations of Release Conditions.*

25.     Rossini has also violated specific conditions of his release order since the moment he was placed on bond. For example, as discussed above, Rossini violated the $200 limit on financial transactions less than 24 hours from being placed on bond by cashing Individual MW's $15,000 cashier's check. *See* Govt. Ex. 6.

---

[5] Section 1957 makes it a crime to "knowingly engage or attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity…" Specified unlawful activity includes violations of 18 U.S.C. §1343. *See* 18 U.S.C. §1956(c)(7)(A), referencing 18 U.S.C. §1961(1)(B).

26.     In addition, Rossini continues to directly and indirectly solicit investors for new properties in violation of the Court's September 29, 2015 order. On or about September 11, 2015, Individual MW met with FBI agents about his purchase of 211 N. Kilbourn. Individual MW agreed to record his interactions with Rossini involving this property and any future investment opportunities offered to Individual MW by Rossini.

27.     According to Individual MW, after September 11, 2015, he met with Rossini and discussed investment properties in addition to 211 N. Kilbourn. For example, on September 29, 2015 and October 16, 2015, Rossini discussed arranging other transactions with Individual MW and, on October 16, 2015, sent Individual MW an email titled "Properties we can buy and sell" that listed a number of properties that Rossini did not own, yet was trying to sell. *See* Govt. Ex. 8. Investigators have spoken to the owner of the properties listed in Government Ex. 8, and he informed investigators that Rossini contacted him and asked if he had any properties for sale, and in response, he sent Rossini the list in Govt. Ex. 8. Rossini removed the true owner's information before sending Govt. Ex. 8 to Individual MW.

28.     Additionally, on that same day, Rossini solicited Individual MW about the purchase of a property located in Wilmette. *See* Govt. Ex. 9. Investigators have spoken with the owner of this Wilmette property, and she informed investors that she does not know Rossini and has not listed her property for sale.

29.     The government has also learned that, while on release, Rossini has also directly solicited Individual JK for property investments. Additionally, the

government has learned that Rossini indirectly solicited at least two other individuals to invest in properties through an associate, Individual RA.

30.    As the Court is aware, Rossini has not been granted permission to sell any property or engage in any other transactions since he has been released on bond. Further, though defense counsel has stated that all transactions would be submitted to the Pretrial Services officer, the government has spoken with the Pretrial Services officer, who has informed the government that Rossini only submitted one proposed transaction while on pretrial release. The Pretrial Services officer did not provide the government with the details of this request, other than to say the officer advised Rossini that he could not approve or deny any transactions, because the authority to do so rested with the Court.

## III.    CONCLUSION

31.    As detailed above, Rossini has violated this Court's release order by committing new felony violations and by violating specific terms of his release order. Because there is probable cause to believe that Rossini has committed numerous felony violations of law while on a release order, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of the community. 18 U.S.C. §3148(b). Given his lengthy criminal history and prior violations of this Court's release order, Rossini cannot overcome the rebuttable presumption and he should be ordered detained pending resolution of this criminal case.

WHEREFORE, the government requests that the Court revoke the release order of defendant ALBERT ROSSINI and remand him to the custody of the U.S. Marshals.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By:    *s/ William Novak*
       WILLIAM NOVAK
       Special Assistant U.S. Attorney
       ERIK HOGSTROM
       Assistant U.S. Attorney
       219 South Dearborn St., Rm. 500
       Chicago, Illinois 60604
       (312) 697-4073

Dated: November 10, 2015

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was served on November 10, 2015 in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, L.R. 5.5, and the General Order on Electronic Case Filing ("ECF") pursuant to the district court's system as to ECF filers.

<u>*s/ William Novak*</u>
WILLIAM NOVAK
Special Assistant U.S. Attorney
ERIK HOGSTROM
Assistant U.S. Attorney
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 697-4073

1