UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALBERT ROSSINI | No. 15 CR 515-1<br><br>Judge Jeffrey T. Gilbert |

**MOTION TO FOR IMMEDIATE RULING ON GOVERNMENT'S MOTION TO REVOKE BOND**

Now comes the UNITED STATES OF AMERICA, by and through its attorney, ZACHARY T. FARDON, and respectfully moves that this Court for an immediate ruling on the government's motion revoke the release order of defendant Albert Rossini and order him detained pending resolution of this criminal case as a result of multiple violations of his release order. In support thereof states as follows:

1. On August 20, 2015, Rossini was indicted for 14 counts of mail and wire fraud. Dkt. No. 1. Following his arrest on August 25, 2015, Rossini was released on a $10,000 unsecured bond over the government's objection and his release was subject to a number of conditions, including a prohibition on financial transactions over $100. Dkt. No. 9, Dkt. No. 10.

2. Between August 27, 2015, and September 29, 2015, during a series of continued detention hearings, the government presented to this Court evidence and arguments for Rossini's detention, including: two prior federal fraud convictions, a prior state fraud conviction, two pending state felony fraud cases, Rossini's use of

victim investor money to post bond in one of his state cases, and approximately one million dollars in unaccounted victim money.

3. On September 29, 2015, this Court ruled that the government had shown by clear and convincing evidence Rossini was a financial danger to the community, but that conditions could be fashioned to mitigate that danger, and so Rossini remained on bond, subject to numerous conditions. Dkt. No. 75.

4. On November 10, 2015, the government filed a motion to revoke Rossini's bond in light of conduct that violated the terms of his release order. Dkt. No. 86. In addition to alleging violations of specific terms of the order, the government's motion in part invoked Title 18, United States Code, Section 3148(b), which creates a presumption of detention where there is probable cause to believe that a defendant has committed a felony while on bond. *Id.* at 3, 10, and 12. The motion set forth facts, supported by exhibits, establishing that, while on bond, defendant (1) consummated a fraud on Individual MW related to the sale to Individual MW of the mortgage note on the property located at 211 N. Kilbourn in Chicago; and (2) violated specific release conditions by cashing a check from Individual MW and by soliciting Individual MW and other non-institutional parties to invest funds with Rossini. *Id.* at 4-11 and attachments.

5. On November 12, 2015, the Court held a hearing on the government's motion. During the hearing, the defense insisted that it needed more time to respond to the motion and sought a briefing schedule, during which Rossini should be allowed to remain out on bond and to continue engaging in business

transactions. The Court agreed allow the defense further time to respond to the government's motion, giving the defense until November 19, 2015, to file a response. Dkt. No. 89. Over the government's objection, the Court also allowed Rossini to remain out on bond, under home detention, while the government's motion was pending. *Id.*

6.  As of today's date, November 20, 2015, the defense has not filed any response to the government's motion, nor has it filed a motion for an extension of time or even offered any explanation for its failure to adhere to the time limits this Court set for litigation of this time-sensitive matter. The government continues to have serious concerns about Rossini being allowed to remain on bond, including so that he may continue to negotiate at least one transaction in which he and his attorneys stand to earn over $1,000,000. *See* Dkt. No. 90.

7.  As referenced above, the Bail Reform Act creates a rebuttable presumption of detention where there is probable cause of the commission of a felony while on bond. 18 U.S.C. § 3128(b). The facts proffered in the government's motion, as evidenced in the attachments thereto, more than satisfy the probable cause standard and established that, while on bond, Rossini consummated the fraudulent re-sale to Individual MW of a mortgage note Rossini had previously sold to the another investor (Individual BB), in violation of state and federal criminal statutes governing theft, fraud, and money laundering. Therefore, as mandated in the Bail Reform Act, there is now a ***presumption*** of detention. The Court generously gave the defense ample time to respond to the government's motion,

3

whether by arguing there is not probable cause (and thus no presumption) or by seeking to rebut the presumption. The defense has done neither. The Court is thus left with an unrebutted presumption of detention. The government respectfully asks that the Court immediately rule on its motion and detain Rossini pending trial in this matter, in light of the Court's earlier finding that he poses a danger to the community and in light of his violation of the conditions of release that were fashioned to attempt to mitigate this danger.

WHEREFORE, the government requests that the Court revoke the release order of defendant ALBERT ROSSINI and remand him to the custody of the U.S. Marshals.

                              Respectfully submitted,

                              ZACHARY T. FARDON
                              United States Attorney

By:   *s/ William Novak*
       WILLIAM NOVAK
       Special Assistant U.S. Attorney
       ERIK HOGSTROM
       Assistant U.S. Attorney
       219 South Dearborn St., Rm. 500
       Chicago, Illinois 60604
       (312) 697-4073

Dated: November 20, 2015

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was served on November 20, 2015 in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, L.R. 5.5, and the General Order on Electronic Case Filing ("ECF") pursuant to the district court's system as to ECF filers.

        *s/ William Novak*
        WILLIAM NOVAK
        Special Assistant U.S. Attorney
        219 South Dearborn St., Rm. 500
        Chicago, Illinois 60604
        (312) 697-4073