# Government Exhibit C

FD-302 (Rev. 5-8-10)    -1 of 4-

**FEDERAL BUREAU OF INVESTIGATION**

Date of entry  05/11/2016

    KK (Previously Interviewed), California, was contacted via telephone, KK was advised of the identity of the interviewer and the purpose of the interview. KK then provided the following information:

    The writer sent KK via email, a document entitled, "Rossini's reply as to Motion to Withdraw and Request for CJA Appointment" and an email labeled "Exhibit B." Exhibit B is a redacted email dated, August 20, 2013, from Bert Rossini to K K regarding Riverdale Deeds. The documents sent to KK via email are attached hereto and made a part of this record.

    Regarding Exhibit B, KK acknowledged receipt of the email along with attachments. KK provided the writer with an unaltered copy of Exhibit B along with attachments. According to KK she recalled receiving the email and attachments from Rossini. KK described the deeds as conveying ownership from Rockford Commercial to the KK Trust, but the deeds hadn't been filed with the Recorder of Deeds.

    After receiving the email, KK spoke with Rossini via telephone and asked Rossini to explain why the deeds hadn't been recorded. Initially, Rossini told KK that he was going to transfer ownership but it was taking time with the attorneys. During subsequent conversations, Rossini blamed the transfer of ownership delay on having been hospitalized following a heart attack, but said he'd have an assistant take care of it. On other occasions, Rossini blamed the ownership transfer delay on the death of his mother and having to attend his son's graduation.

    KK divulged that during the same period of time, she was questioning Rossini about delinquent rent payments. KK explained that she was supposed to receive approximately $35,000 a month in rent payments pursuant to their investment agreements. KK felt that Rossini wasn't delivering on the investments as promised and any attempt to obtain information on the progress of the investments was met with excuses. KK discussed the Rossini investments with an acquaintance who expressed concern that KK was being defrauded and suggested that KK retain an attorney. KK felt that she had no other recourse so she hired attorney PV

---

Investigation on  05/09/2016  at  Orland Park, Illinois, United States (Phone, Mail)

File #  329A-CG-133780                                    Date drafted  05/09/2016

by  EVANS LYLE C SR

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; and its contents are not to be distributed outside your agency.

Government Exhibit C - 001

FD-302a (Rev. 05-08-10)

329A-CG-133780

Continuation of FD-302 of (U) Interview of ___KK___ , On 05/09/2016 , Page 2 of 4

    Regarding the Riverdale properties, KK explained that the properties were never supposed to be titled in the name Rockford Commercial Mortgage. KK advised that Rossini said the purchase of the Riverdale properties would be directly from the seller to the KK Trust.

    KK expressed frustration in dealing with Rossini because he kept making excuses for not transferring ownership of the Riverdale deeds. KK couldn't understand why Rossini purchased the Riverdale properties in the name of Rockford commercial and not the name of KK Trust as agreed upon. KK recalled another Rossini claim that KK had to be personally present in court for the properties to be deeded to the KK Trust. KK didn't recall Rossini saying her appearance would be required in court. At one point, Rossini did say that the seller of the Riverdale properties was in bankruptcy court and trying to sell assets to facilitate a move to Israel. KK described a feeling of being overwhelmed by the number of excuses Rossini made regarding the progress of investments.

    After hiring PV, PV provided KK with briefings regarding contact with Rossini's attorneys. PV told KK that Rossini's attorneys requested an additional payment off $90,000 from KK because Rossini claimed there was a discrepancy in what KK paid for the Riverdale properties and what she actually owed to Rossini.

    KK advised that PV requested closing documents and/or other proof of the existence of KK investments from Rossini's attorney's. After PV didn't receive the requested information from Rossini's attorneys at PV recommendation, KK authorized PV to issue a demand letter requesting a full refund of her investment. KK noted that the demand letter was recommended by PV after numerous attempts to secure the properties.

    Regarding attorney Murphy, During a conversation with Rossini about the progress of her investments, Rossini said Murphy stole investor money and authorities were putting him in jail for fraud. Rossini claimed to have sued Murphy for negligence in that Murphy double and triple sold notes to investors. Rossini assured KK the original three notes she purchased were safe. Rossini explained that Murphy sold her notes to multiple investors but KK was in first position as lien holder on all three notes.

    Regarding paragraph 10 of "Rossini's reply as to Motion to Withdraw and Request for CJA Appointment," Rossini told KK that the purchase of the Riverdale properties would be from the seller directly to the KK Trust.

    Regarding paragraph 11 and 12 of "Rossini's reply as to Motion to

FD-302a (Rev. 05-08-10)

329A-CG-133780

Continuation of FD-302 of  (U) Interview of                    KK          , On  05/09/2016  , Page  3 of 4

Withdraw and Request for CJA Appointment," Rossini told  KK  that the cost to acquire the Riverdale properties was $175,000 or $180,000 and the difference from the $225,000  KK  paid would be used to bring properties up to code. Rossini told  KK  the properties required smoke detectors, slight repairs and painting to be compliant with section 8.

Regarding paragraph 13 of "Rossini's reply as to Motion to Withdraw and Request for CJA Appointment," Rossini never told  KK  that building code compliance was required to facilitate the transfer of ownership.  KK  questioned Rossini's ability to purchase the Riverdale properties from the seller if compliance was required prior to the transfer of ownership.  KK  reminded the writer that the email referenced in paragraph 13 included deeds transferring ownership to the  KK  Trust and the deeds have never been filed. Moreover, it's been  KK  experience that property can be purchased in a state of disrepair with an intent to rehab the property and compliance to building code would have to be achieved prior to occupancy. Additionally, the transaction  KK  agreed to with Rossini was a direct purchase from the seller to the  KK  Trust.

Regarding paragraph 14 of "Rossini's reply as to Motion to Withdraw and Request for CJA Appointment,"  KK  reminded the writer that the $225,000 purchase price that she paid Rossini included the cost to bring the properties into building code compliance. Moreover,  PV  informed Rossini's attorney that the $225,000 price that Rossini quoted  KK  included the cost of building code compliance.  PV  suggested and sought a refund after  PV  conducted investigation and determined property ownership was not as it was described to  KK  by Rossini or his attorneys.  KK  recalled that Valentio told her that an address corresponding to one of the original 3 notes she purchased was sold to a buyer and was never in default.

The unaltered Exhibit B and corresponding attachments along with 2 emails including attachments related to property insurance for the Riverdale properties and a January 6, 2014 email that read as follows:

From: Bert Rossini <bertrossini4@gmail.com>
To:      KK   <       @aol.com>
Sent: Mon, Jan 6, 2014 6:28 am
Subject: Payment

K   ,
I am selling the Riverdale and West Side properties to pay you back your investment together with any accrued interest from August 2013. B   and O.   will handle the closing(s) and with the weather the way was yesterday and today, it is unlikely our buyers will fly in to

FD-302a (Rev. 05-08-10)

329A-CG-133780

Continuation of FD-302 of (U) Interview of _____ KK _____, On 05/09/2016, Page 4 of 4

close until Tuesday evening for a Wednesday closing. I am not sending
you this email so that you will wait prior to any remedies you feel
that you have in this, but to let you know the timetable to expect
your money. Regardless of any actions you may take, I will close and
redeem your investment this week.
Bert

The above described email are attached hereto and made a part of this
record.

Government Exhibit C - 004

**From:** @aol.com
**Sent:** Monday, May 09, 2016 4:13 PM
**To:** Evans, Lyle C. (CG) (FBI)
**Subject:** Fwd: Payment

Thought this one was an interesting email as I reread it again.

-----Original Message-----
From: Bert Rossini <bertrossini4@gmail.com>
To: KK < @aol.com>
Sent: Mon, Jan 6, 2014 6:28 am
Subject: Payment

Ka ,
I am selling the Riverdale and West Side properties to pay you back your investment together with any accrued interest from August 2013. Boiko and Osimani will handle the closing(s) and with the weather the way was yesterday and today, it is unlikely our buyers will fly in to close until Tuesday evening for a Wednesday closing. I am not sending you this email so that you will wait prior to any remedies you feel that you have in this, but to let you know the timetable to expect your money. Regardless of any actions you may take, I will close and redeem your investment this week.
Bert



VLP LAW GROUP LLP

PV
505 Montgomery Street, 11th floor
San Francisco, CA 94111

Tel
Fax
@VLPLawGroup.com

www.VLPLawGroup.com

**BY ELECTRONIC MAIL**

October 25, 2013

Barbara S. Boiko
Boiko & Osimani, P.C.
Attorneys at Law
3447 N. Lincoln Ave.
Chicago, IL 60657

      **Re:**     KK **– Bert Rossini Transactions**

Ms. Boiko and Mr. Osimani;

This letter is a demand for the return of all funds paid by     KK     (including her trust and affiliated entities, sometimes "Buyer") to Bert Rossini (including his affiliated entities, sometimes "Seller"), plus interest less those funds paid to date. You had mentioned several times that Mr. Rossini would be more than willing to return all funds paid and due to his nonperformance and default, we are accepting that offer.

As you are aware, our firm has been seeking closing documents from Mr. Rossini for about 6 weeks now and Ms.  KK  has been patiently seeking the same for the various transactions spread over almost two years. The first wire from our client was sent almost two years ago in December of 2011 and the most recent this past August, with several wires in between. Each of the wires set out below were paid to Seller in exchange for the transfer of properties including real property assets and notes secured by real property. No closing documents have been presented to date. When your firm was retained we were hopeful that our clients could proceed to a legal transfer of title of the assets to Buyer. However it is abundantly clear you are not in possession of closing documents.

Buyer has performed her end of the bargain and has gone well beyond what is reasonably necessary to allow the promised transactions to close. The time for performance by Mr. Rossini has long since expired and he is in serious default of his end of the bargain. Further, based on the limited information your firm has provided, we are not even sure Mr. Rossini had title or a clear path to title for the subject assets, raising the question as to whether a fraud was committed against our client.

The total funds to be returned, including interest, less payments made is **$1,271,270.41**. The calculation of this amount follows:

Government Exhibit C - 006



Boiko & Osimani, P.C.
Re:   KK   – Rossini Transaction
October 25, 2013

| **Property / Pmt Reference** | **Amount Paid to Seller** | **Date** |
|---|---:|---|
| 3650-3652 West Polk Street Chicago, IL 60624- 6 units | $105,000 | 12/7/2011 |
| 2323 West Haddon Ave. Chicago, IL 60622 - 6 units | $245,000 | 2/24/2012 |
| 1321 N. Maplewood Ave. Chicago, IL 60622- 4 units | $145,000 | 2/24/2012 |
| Rockford Note Pool | $395,000 | 5/20//2013 |
| 16 Units Riverdale | $225,000 | 7/1/2013 |
| 32 Units Riverdale | $184,500 | 8/22/2013 |
| Broker Fees Paid | $12,000 | |

| | |
|---|---:|
| Total Funds Paid by Buyer | $1,311,500.00 |
| Plus, Interest on Net Amount Due (9%) | $102,914.63 |
| Less, Total Funds Received | ($143,144.22) |
| Equals, Net Due | $1,271,270.41 |

**Total Funds Due** on or before **October 30th**          **$1,271,270.41**

Interest is calculated through, today Friday, October 25, 2013 (see attached details). The Total Funds Due are considered an offer for a settlement assuming payment on or before October 30th. After that date Interest will accrue daily on the outstanding balance until paid. If this matter goes to litigation, Seller will be responsible for all costs of litigation, including interest, attorney's fees court costs and any other penalties and costs awarded by a court of competent jurisdiction.

**If the Total Funds Due are not wired by close of business on Wednesday October 30th to the wire address below, we will turn this matter over to litigation to pursue all remedies available to Ms.   KK   as a result of the default including without limitation, all damages, interest and penalties relating to Seller's failure to close and retention of Buyer's funds.**

Regards,
**VLP Law Group LLP**

PV

Government Exhibit C - 007



Re: KK   Boiko & Osimani, P.C.
– Rossini Transaction
October 25, 2013

**Interest Calculation Below**

| Amount Paid | Wire Receipt | Today | No. of Days | Interest Rate | Total Interest |
|---|---|---|---|---|---|
| $105,000 | 12/7/2011 | 10/25/2013 | 688.00 | 9% | 17,812.60 |
| $245,000 | 2/24/2012 | 10/25/2013 | 609.00 | 9% | 36,790.27 |
| $12,000 | 2/24/2012 | 10/25/2013 | 609.00 | 9% | 1,801.97 |
| $145,000 | 2/24/2012 | 10/25/2013 | 609.00 | 9% | 21,773.84 |
| $395,000 | 5/20/2013 | 10/25/2013 | 158.00 | 9% | 15,388.77 |
| $225,000 | 7/1/2013 | 10/25/2013 | 116.00 | 9% | 6,435.62 |
| $184,500 | 8/22/2013 | 10/25/2013 | 64.00 | 9% | 2,911.56 |
| **$1,311,500** | | | | **Total Interest** | **$102,914.63** |

| | |
|---|---|
| **From:** | PV  \|  @vlplawgroup.com] |
| **Sent:** | Friday, November 15, 2013 1:45 PM |
| **To:** | Evans, Lyle C. |
| **Subject:** | FW: Return of Funds |

While there is multiple correspondence to share, here is a promise from Bert's counsel for return of funds

PV  | Partner | VLP Law Group LLP
505 Montgomery Street, 11th floor, San Francisco, CA 94111
Office:

**From:** Barbara Boiko [mailto:barbara@bnoreolaw.com]
**Sent:** Wednesday, November 13, 2013 1:14 PM
**To:** PV
**Subject:** RE: Return of Funds

P

Bert has been liquidating from various accounts. There is some red tape to all of this which has caused delays which trickle down to this transaction. From what we have seen, there is funding to pay off Kathy in groupings. We would not have relayed this information if we didn't think everything was moving forward. I will keep you posted as this transaction is at the top of our priorities.

Thank you,

**Barbara S. Boiko**
**Boiko & Osimani, P.C.**
**Attorneys at Law**
**3447 N. Lincoln Ave.**
**Chicago, IL 60657**


www.BoikoandOsimani.com

**From:** PV [mailto: PV @vlplawgroup.com]
**Sent:** Wednesday, November 13, 2013 2:49 PM
**To:** @bnoreolaw.com
**Subject:** RE: Return of Funds

Barbara, thanks for the update. Ive taken others off the cc for the moment. Can you tell me with any level of certainty this is happening? We've seen promises from Bert before but as you are aware nothing ever happens. I thought we got close a month ago but he doesn't perform. Are there funds to wire?

PV  | Partner | VLP Law Group LLP
505 Montgomery Street, 11th floor, San Francisco, CA 94111
Office:

**From:** Barbara Boiko [mailto:         @bnoreolaw.com]
**Sent:** Wednesday, November 13, 2013 12:59 PM
**To:** Patrick C.     PV     Ron Osimani; bertrossini4@aol.com
**Cc:** 'Kathy      KK     Tarun J. Chandran
**Subject:** RE: Return of Funds

Patrick-

Just wanted to give you an update. Chase was missing information and is in the process of wiring funds to B of A which is where Kathy's funds will be wired from.

Once funds are moved into the B of A account, the wire should go quickly. WE will supply you with the Fed Ref Number. We apologize for any delay but we are working to get those funds to close out those 2 transactions first.

Thank you,

**Barbara S. Boiko**
**Boiko & Osimani, P.C.**
**Attorneys at Law**
**3447 N. Lincoln Ave.**
**Chicago, IL 60657**
**P 773.296.6100  X.202**
**F 773.296.6964**
www.BoikoandOsimani.com

**From:** Patrick C.      PV     [mailto      PV      vlplawgroup.com]
**Sent:** Tuesday, November 12, 2013 2:25 PM
**To:** barbara@bnoreolaw.com; Ron Osimani; bertrossini4@aol.com
**Cc:** 'Kathy     KK    Tarun J. Chandran
**Subject:** RE: Return of Funds

Barbara, can you please send wire confirmation – the fed funds wire # etc? Thank you

**Patrick C.**      PV     | Partner | VLP Law Group LLP
505 Montgomery Street, 11th floor, San Francisco, CA 94111
Office: 415.567.8025 | Fax: 415.261.6180

**From:** Barbara Boiko [mailto:barbara@bnoreolaw.com]
**Sent:** Tuesday, November 12, 2013 11:10 AM
**To:** Patrick C.     PV     Ron Osimani; bertrossini4@aol.com
**Cc:** 'Kathy    KK    Tarun J. Chandran
**Subject:** RE: Return of Funds

Thank you!

**Barbara S. Boiko**
**Boiko & Osimani, P.C.**
**Attorneys at Law**
**3447 N. Lincoln Ave.**
**Chicago, IL 60657**

www.BoikoandOsimani.com

**From:**          PV    [mailto      PV      vlplawgroup.com]
**Sent:** Tuesday, November 12, 2013 12:56 PM
**To:**         @bnoreolaw.com; Ron Osimani (      @bnoreolaw.com); bertrossini4@aol.com
**Cc:**      KK        @aol.com); Tarun J.
**Subject:** FW: Return of Funds
**Importance:** High

Barbara – resending wiring instructions.

Patrick C.    PV     | Partner | VLP Law Group LLP
505 Montgomery Street, 11th floor, San Francisco, CA 94111
Office:

**From:**          PV
**Sent:** Monday, October 28, 2013 9:13 AM
**To:**         @bnoreolaw.com
**Cc:** Ron Osimani; bertrossini4@aol.com;       KK    Tarun J.
**Subject:** RE: Return of Funds
**Importance:** High

Barbara;

Attached are the wiring instructions for the return of funds. Please let us know when the wire of funds has been initiated.

http.//sharepoint.vlp.inc/resources/technology/

Patrick C.    PV     | Partner | VLP Law Group LLP
505 Montgomery Street, 11th floor, San Francisco, CA 94111

www.vlplawgroup.com  Real Estate Practice Group

**From:** Patrick C.    PV
**Sent:** Friday, October 25, 2013 2:05 PM
**To:**      @bnoreolaw.com
**Cc:** Ron Osimani; bertrossini4@aol.com; 'K     K     ; Tarun J.
**Subject:** Return of Funds
**Importance:** High

Barbara and Ron;

Please see attached letter regarding our demand for a return of funds plus interest. It is clear that the transactions are not going to close and Mr. Rossini is and has been in default. The current amount due to be received by October 30th is **$1,271,270.41.** We consider this a settlement

amount and if not paid we will seek the full amount due plus interest, damages, costs, attorney's fees, and any other costs and penalties and court may order Mr. Rossini to pay.

Again, please review the details of the attached. In the meantime, I will forward wire instructions to you early next week.

Regards,


http.//sharepoin
t vlp inc/resour
ces/technology/

PV | Partner | VLP Law Group LLP

505 Montgomery Street, 11th floor, San Francisco, CA 94111

www.vlplawgroup.com  Real Estate Practice Group

This message contains information which may be          and legally privileged  Unless you are the addressee, you may not use  copy or disclose to anyone this message or any information contained in the message  If you have received this message in error  please send me an email and delete this message  Any tax advice provided by VLP is for your use only and cannot be used to avoid tax penalties or for promotional or marketing purposes

This message contains information which may be          and legally privileged  Unless you are the addressee, you may not use, copy or disclose to anyone this message or any information contained in the message  If you have received this message in error  please send me an email and delete this message  Any tax advice provided by VLP is for your use only and cannot be used to avoid tax penalties or for promotional or marketing purposes

This message contains information which may be          and legally privileged  Unless you are the addressee  you may not use  copy or disclose to anyone this message or any information contained in the message  If you have received this message in error  please send me an email and delete this message  Any tax advice provided by VLP is for your use only and cannot be used to avoid tax penalties or for promotional or marketing purposes

This message contains information which may be          and legally privileged  Unless you are the addressee  you may not use  copy or disclose to anyone this message or any information contained in the message  If you have received this message in error  please send me an email and delete this message  Any tax advice provided by VLP is for your use only and cannot be used to avoid tax penalties or for promotional or marketing purposes