UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ALBERT ROSSINI, et al. )<br>)<br>Defendants. )<br>) | Docket No. 15 CR 515<br>Honorable John Z. Lee |

### DEFENDANT ROSSINI'S MOTION
### TO STRIKE SURPLUSAGE

NOW COMES the defendant, ALBERT ROSSINI ("Rossini"), by and through his attorneys, SEIDEN NETZKY LAW GROUP, and respectfully moves this Court, pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure, for entry of an order striking the terms "Victim" and "victims" as surplusage from the indictment and thereby states the following:

### OVERVIEW

On or about August 20, 2015, Rossini was indicted in a twenty-three page indictment charging him with ten (10) counts of Fraud by Wire, in violation of Title 18, United States Code, Section 1343, three (3) count of Frauds and Swindles, in violation of Title 18, United States Code, Sections 1341, along with Co-Defendants Babajan Khoshabe, Anthony Khoshabe, and Thomas Murphy.

### LEGAL STANDARD

On motion of a defendant, the court "may strike surplusage from the indictment." Fed.R.Crim.P. 7(d). A motion to strike should be granted when the allegations are not relevant to the charge, or contain inflammatory and prejudicial matter. *United States v. Miller*, 26 F.Supp.2d 415 (N.D. N.Y.1998); *United States v. Vastola*, 670 F.Supp. 1244, 1254 (D. N.J. 1987). "The

inclusion of clearly unnecessary language in an indictment that could serve only to inflame the jury, confuse the issues, and blur the elements necessary for a conviction under the separate counts involved surely can be prejudicial." *United States v. Climatemp, Inc.*, 482 F.Supp.376, 391 (N.D. Ill. 1979, *aff'd*, 705 F.2d 461 (7th Cir. 1983). "Anything in the indictment that allows the jury to infer involvement with uncharged crimes… is improper." *Vastola*, 670 F.Supp. at 1255.

## ARGUMENT

The instant indictment is replete with references to "Victim" and "victims" (hereafter "terms"). The use of these terms in relation to the charged activities shows a conclusion that a crime was committed as oppose to an allegation. The terms not only conclude that a crime was committed but also evade the providence of the jury. These terms are highly prejudicial and imply guilt, and are irrelevant for purpose of the indictment. More importantly, the terms are unnecessary to establish the government's prima facie case. The use of the terms in the indictment serves no useful purpose and will only allow the jury to draw the inference that the defendant is accused of crimes not charged in the indictment. While the government is not barred from offering any proof relevant to the charges, it may not use the indictment as a vehicle to persuade the jury that the crime alleged has great and hidden implications. *United States v. Brighton Bldg. & Maint. Co.*, 435 F. Supp. 222, 230-31, 1977-2 Trade Cases P 61764 (N.D. Ill. 1977), *aff'd*, 598 F.2d 1101, 1979-1 Trade Cases P 62637, 4 Fed. R. Evid. Serv. 769 (7th Cir. 1979).

WHEREFORE, the Defendant, ALBERT ROSSINI, respectfully requests that this Honorable Court strike the surplusage in the indictment and for any such additional relief as this Court deems fair and just.

Dated: May 19, 2016                                             Respectfully submitted,


                                          /s/ Glenn Seiden
                                          Glenn Seiden
                                          SEIDEN NETZKY LAW GROUP, LLC
                                          Attorneys for the Defendant
                                          333 S. Wabash Avenue, Suite 2700
                                          Chicago, Illinois 60604
                                          Telephone Number: 312-236-3060
                                          Email: gseiden@snlgllc.com

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Docket No. 15 CR 515 |
| | ) Honorable John Z. Lee |
| ALBERT ROSSINI, et al. | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I, Glenn Seiden, an attorney, do hereby certify in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), ***Defendant Rossini's Motion to Strike Surplusage,*** was served pursuant to the district court's ECF system as to ECF filers on May 19, 2016.

Respectfully submitted,

/s/ Glenn Seiden
Glenn Seiden
SEIDEN NETZKY LAW GROUP, LLC
Attorneys for the Defendant
333 S. Wabash Avenue, Suite 2700
Chicago, Illinois 60604
Telephone Number: 312-236-3060
Email: gseiden@snlgllc.com