UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 15 CR 515 |
| v. ) | |
| ) | Judge John Z. Lee |
| ALBERT ROSSINI ) | |
| BABAJAN KHOSHABE ) | |
| ANTHONY KHOSHABE, and ) | |
| THOMAS MURPHY ) | |

**MOTION TO ADMIT**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, having conferred with counsel, respectfully submits this *motion in limine* seeking a pre-trial ruling on the admission of certain evidence and states as follows:

**Factual background**

As detailed in the indictment and in prior filings, the defendants carried out a real estate Ponzi scheme that began no later than September 2011, and continued through on or about August 20, 2015. At trial, the government expects the evidence to show that over the course of the scheme defendants fraudulently obtained millions of dollars from investors for the purchase of fictitious mortgage note investments and property management services through companies operated by defendants Rossini, Babajan Khoshabe, and Anthony Khoshabe, namely Devon Street Investments, Devon Street Management, or Reliant Management. A central feature of the scheme was that investors provided their investment funds to defendant Rossini in the form of cashier's checks payable to defendant Murphy, who they were told was acting as

their attorney. Rossini in turn provided the investor checks to Murphy, who deposited them into Murphy's business bank account ("the Scheme Account"). From there, Murphy generally divvied up most of the investors' funds into cashier's checks payable to defendants Rossini, Babajan Khoshabe, and Anthony Khoshabe, leaving a portion of the investor funds in the Scheme Account to be used for various purposes other than what the investors intended – including making Ponzi payments back to the investors and paying certain expenses necessary to keep the scheme running.

In particular, in late 2011, investors were solicited to invest and on December 28 and 29, 2011, provided approximately four cashier's checks totaling approximately $290,000, which Thomas Murphy deposited into the Scheme Account. On January 17, 2012, an investor provided an additional $160,000 check, which Murphy also deposited into the Scheme Account.

On or about January 10, 2012, a state court arrest warrant was issued charging Rossini with Money Laundering. Rossini was arrested on January 11, 2012, and the office space out which the investment scheme operated was searched by law enforcement. After his arrest, Rossini's bond was set at $300,000 cash or $30,000 bond.[1] On January 12, 2012, Rossini was released after the bond was paid using a $30,000 cashier's check remitted by Anthony Khoshabe. The funds for this cashier's check came from Anthony Khoshabe's personal bank account. Approximately five days after Anthony Khoshabe posted Rossini's bond, Murphy wrote a $30,000 check from the Scheme Account to Anthony Khoshabe, which Anthony deposited into his

---

[1] On March 18, 2016, Rossini pleaded guilty to this charge in state court and entered into a cooperation agreement with the Cook County State's Attorney's Office regarding this crime.

own personal account on January 17, 2012. In the memo line of the check, Murphy wrote "FOR ROSSINI FOR BOND".

Following his release on bond, Rossini lied to investors who had noticed Rossini's absence about his true whereabouts. For example on January 12, 2012 – the day that the bond was posted – Investor RB sent Rossini an email stating "Hope you had/have a great time in Florida, not sure if you are back. I know you are busy but would appreciate the rent deposit." The next day, January 13 – after being bonded out of jail – Rossini responded, "I was terribly sick and we could not go!...I will have the rent deposit to you on Monday afternoon or Tuesday for this month. I lost my phone or would have called." Rossini also sent an email to Investor FK on January 13, stating, "I am back after two days of being really under the weather. It happened immediately just after I got to the office Wednesday[2] and had to leave." A later email that Investor FK forwarded to Rossini, Babajan Khoshabe, and Anthony Khoshabe shows that Investor FK repeated this lie to Investor VM, stating, "Bert was out sick they couldn't get back to you."

### Evidence of Rossini's arrest, and the subsequent bond payment and reimbursement is admissible as direct evidence of the scheme.

Federal Rule of Evidence 401 provides that relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence more or less probable than it would be without the evidence. Here, the proffered evidence helps establish several facts: that Rossini was arrested during the scheme, that co-

---

[2] According to the calendar, January 11, 2012, (the day Rossini was arrested) was a Wednesday.

schemers coordinated to post his substantial bond, that Anthony Khoshabe was reimbursed with investor funds for doing this, and that Rossini subsequently lied to investors about his whereabouts while the other defendants failed to inform investors about Rossini's arrest. Each of these facts is clearly of consequence to this case. The defendants' coordinated effort to bond out Rossini is relevant to show their participation in the scheme and their efforts to keep the scheme going despite Rossini's arrest. The co-schemers knew that if the potential investors learned that Rossini had been arrested on felony charges, they would have been less likely to invest in the scheme. Moreover, quickly bailing Rossini out of jail further ensured that Rossini would not be incommunicado with the victims for a suspiciously long time. Murphy's and Anthony Khoshabe's involvement in bailing Rossini out of jail is further relevant to their knowledge of the illicit nature of Rossini's business activities, and the reimbursement of Anthony Khoshabe is further directly relevant to show defendants' misuse of victim funds. Additionally, evidence that Rossini lied to investors about his arrest, or that his co-schemers failed to inform investors about it, is relevant to proving the defendants' efforts to conceal the scheme and to further its goals.

      Finally, Rule 403 does not provide a basis for excluding the proffered evidence. Under that rule, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Although evidence related to

Rossini's arrest and bond payment have some potential for prejudice, this does not "substantially outweigh" the probative value of the evidence. As discussed above, the proffered evidence goes directly to heart of scheme alleged. It involves events occurring during the scheme and in the midst of multiple investors providing investment monies. It involves a clear instance of misusing investor funds, and it involves misrepresentations to investors. Moreover, any potential prejudice can be mitigated by not introducing any more details than are necessary. For example, the government would not elicit information about the offense for which defendant was arrested or what penalties he was facing, and a limiting instruction could be given to the jury.

## CONCLUSION

For the reasons stated above, the government requests the Court issue a pre-trial ruling finding that evidence of Rossini's 2012 arrest, the co-schemers' payment of his bond and subsequent reimbursement of that payment with victim-investor funds, and Rossini's subsequent false statements to investors is admissible as direct evidence of the charged scheme.

        Respectfully submitted,

        JOHN R. LAUSCH, JR.
        United States Attorney

By:   *s/ William Novak*
       WILLIAM NOVAK
       Special Assistant U.S. Attorney
       ERIK HOGSTROM
       Assistant U.S. Attorney
       219 N. Dearborn Street, 5th Floor
       Chicago, IL 60604
       (312) 697-4073

Dated: March 27, 2018

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was served on March 27, 2018, in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, L.R. 5.5, and the General Order on Electronic Case Filing ("ECF") pursuant to the district court's system as to ECF filers.

      *s/ William Novak*
      WILLIAM NOVAK
      Special Assistant U.S. Attorney
      219 S. Dearborn Street, 5th Floor
      Chicago, IL 60604
      (312) 697-4073