UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALBERT ROSSINI,<br>BABAJAN KHOSHABE,<br>ANTHONY KHOSHABE, and<br>THOMAS MURPHY | No. 15 CR 515<br><br>Judge John Z. Lee |

**GOVERNMENT'S MOTION *IN LIMINE* TO PERMIT IMPEACHMENT BY PRIOR CONVICTIONS UNDER RULE 609 AND OTHER SPECIFIC INSTANCES OF CONDUCT UNDER RULE 608(b)**

Now comes the UNITED STATES OF AMERICA, by and through its attorney, JOHN R. LAUSCH, JR., having consulted with counsel, and respectfully moves i*n limine* under Federal Rule of Evidence 609 to permit impeachment of defendants Albert Rossini and Babajan Khoshabe with evidence of their prior convictions for crimes involving dishonesty and to permit questioning of defendants Rossini and Thomas Murphy under Federal Rule of Evidence 608(b) regarding specific instances of conduct probative of truthfulness

**I.    BACKGROUND**

On August 20, 2015, the grand jury returned an indictment charging defendants Albert Rossini, Babajan Khoshabe, Anthony Khoshabe, and Thomas Murphy with 14 counts of mail and wire fraud. Dkt. No. 1. The indictment alleges that defendants carried out a Ponzi scheme that defrauded investors of at least three million dollars beginning no later than September 2011 and continuing up until the

1

date of the indictment. *Id.* at 2-7. The charged scheme involved defendants obtaining large payments from investors, ostensibly for the purchase of a variety of real estate-related investments that defendants had no actual right to sell or, where they did have such a right, on which they never delivered, and that defendants further made Ponzi-type payments to investors to convince them the scheme was legitimate and to induce further investments. *Id.* The primary vehicle for the fraud involved defendants selling investors bogus interests in mortgage notes held on distressed rent-generating properties. *See id.* at 3-5. The indictment alleges that investors were falsely led to believe that defendants would manage the properties underlying the mortgage notes allegedly sold to investors and collect the rents from these buildings, which would in turn be paid to investors, minus a management fee. *Id.* at 1-3. The indictment further alleges that defendants in fact performed no property management services and collected no rents, and the "rent" payments being paid to investors every month were derived from other investors' payments. *Id.* The indictment also alleges that the money investors paid to invest in the investment program, rather than being used for investment purposes as promised, was instead divvied up amongst the defendants, who used it for their own benefit. *Id.* at 6.

## II. IMPEACHMENT WITH PRIOR CONVICTIONS IS PROPER PURSUANT TO FED. R. EVID. 609

Defendants Albert Rossini and Babajan Khoshabe collectively have five prior convictions for felony offenses, as follows:

2

- On March 18, 2016, defendant Rossini was convicted in the Circuit Court of Cook County of money laundering in violation of 720 ILCS 5/29B-1 and sentenced to two years' probation.

- On August 2, 2010, defendant Babajan Khoshabe was convicted of Mail Fraud in the U.S. District Court for the Northern District of Illinois and, was sentenced to 48 months' probation.

- On September 18, 2003, Rossini was convicted of Wire Fraud in the U.S. District Court for the Northern District of Illinois, and sentenced to 48 months' imprisonment.

- On July 18, 1997, Rossini was convicted in the U.S. District Court for the Northern District of Illinois and sentenced to 10½ months' imprisonment.

- On February 17, 1987, Rossini was convicted of Forgery and sentenced in Johnson County, Kansas, to 12-24 months' imprisonment.

Should either defendant choose to testify, and thereby place his credibility squarely at issue, each of the convictions would be admissible to prove character for untruthfulness. Federal Rule of Evidence 609, which governs impeachment of witnesses by prior conviction, provides, in pertinent part that "evidence [of a felony conviction] … must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs the prejudicial effect to that defendant," Fed. R. Evid. 609(a)(1)(B), and that "for any crime regardless of punishment, the evidence "must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement[,]" Fed. R. Evid. 609(a)(2). Additionally, "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later[] … [e]vidence [of the conviction] is admissible only if … its

3

probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect," and the proponent gives reasonable written notice of its intent to use the conviction. Fed. R. Evid. 609(b).

Rule 609 thus divides admissible convictions into three categories: (1) convictions under 10 years old that involve dishonesty are automatically admissible; (2) felony convictions under 10 years old, other than those involving dishonesty, are admissible subject to a simple balancing of probative value and danger of prejudice; and (3) convictions over 10 years old are also admissible, but only if the balance is substantially in favor of the probative value of the evidence over its prejudicial effect. Rossini and Babajan Khoshabe each have one conviction that is automatically admissible under the first category, and Rossini's remaining three convictions are admissible under the third.

### A.   Convictions Automatically Admissible Under Rule 609(a)(2)

Rossini's 2016 money laundering conviction is admissible under Rule 609(a)(2) because the count to which Rossini pled guilty alleged the transfer of a monetary instrument "designed in whole or in part ***to conceal or disguise*** the nature, the location, the source, the ownership or the control of [] criminally derived property[.]" Ex. A (emphasis added). Additionally, in pleading guilty, defendant was required to make admissions in a signed factual basis in which he admitted that he converted more than $150,000 in what he knew to be drug proceeds into money orders, and also negotiated fictitious checks with a total face value of over $400,000, in order to help create the false appearance of funds being used in a legitimate real estate transaction

4

that would secure the pretrial bond for a drug dealer. Ex. A, Factual Basis, ppg. 2-5. Thus, establishing the elements of the money laundering offense of which Rossini was convicted required proof of, and admission by Rossini to, a dishonest act. As such, under Rule 609(a)(2), Rossini's 2016 money laundering conviction is automatically admissible to impeach his testimony.[1]

Babajan Khoshabe's 2010 mail fraud conviction is likewise automatically admissible. "[There is no doubt that mail fraud involves 'dishonesty or false statement' for rule 609 purposes." *United States v. Kuecker*, 740 F.2d 496, 501 (7th Cir. 1984). The mail fraud statute on its face requires proof of knowing participation in a scheme to fraud, s*ee* 18 U.S.C. § 1343; Seventh Circuit Pattern Criminal Jury Instructions (2012), and in his plea agreement defendant Khoshabe expressly admitted to numerous false statements and dishonest acts, as contemplated in Rule 609(a)(2). *See* Ex. B, pp. 2-5.

### B. Convictions Admissible Under Rule 609(b) As Substantially More Probative Than Prejudicial

Defendant Rossini's series of convictions over 10 years old are admissible under Rule 609(b). The rule, "is not an absolute bar to the admission of a prior

---

[1] It is possible to be convicted under 720 ILCS 5/29B-1 without proving dishonesty – for example, by engaging in financial transactions that promote unlawful activity. As described above, this is not the form of money laundering with which Rossini was charged and to which he plead guilty. Even if defendant's money laundering conviction had been based on a promotion theory, the conviction would still be highly probative of his character for truthfulness, given that it would be a serious and recent felony involving knowing support of criminal conduct. As such, it would be admissible under Rule 609(a)(1)(B)'s simple more-probative-than-prejudicial balancing test.

conviction that is more than ten years old; it is, instead, an asymmetrical balancing test, one that requires the probative value of a prior conviction to *substantially* outweigh the prejudice caused by its admission into evidence." *United States v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008) (emphasis original). Although Rule 609(b) is meant to permit admission of convictions over 10 years old only in "exceptional circumstances," *United States v. Shapiro*, 565 F.2d 479, 481 (7th Cir. 1977), admission under the Rule will be upheld "as long as … the district court thoughtfully analyzed the facts and properly weighed the probative value of the evidence against its prejudicial effect." *United States v. Redditt*, 381 F.3d 597, 601 (7th Cir. 2004).

In carrying out this balancing effect, the Seventh Circuit has set forth five factors district courts should consider: (1) the impeachment value of the prior crime, (2) the point in time of the conviction and the witness's subsequent history, (3) the similarity between the past crime and the charged crime, (4) the importance of the defendant's testimony, and (5) the centrality of the credibility issue. *See United States v. Gant*, 396 F.3d 906, 910 (7th Cir. 2005); *United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004); *United States v. Rein*, 848 F.2d 777, 782 (7th Cir. 1988). Applying these factors to this case, defendant's prior convictions are admissible – with an appropriate limiting instruction – to impeach his testimony.

First, the impeachment value of the convictions could not be higher. There is a direct connection between crimes like wire fraud and forgery and truthfulness. These are prototypical crimes of dishonesty whose essential characteristic is that the

6

defendant, acting in a calculated and deliberate manner, committed acts of falsification or dishonesty for the very purpose of deceiving. Any rational juror attempting to evaluate the truth or falsity of defendant's testimony would consider these convictions highly relevant to that task.

Second, the point in time of defendant's convictions and his subsequent history also counsels in favor of admissibility. The fact that these three convictions are more than 10 years old does not automatically render them "old news" that has no bearing on defendant's current trustworthiness. As noted above, defendant's recent history confirms that defendant has not changed his ways, as demonstrated by his 2016 money laundering conviction, which was based on conduct that occurred in 2011. Impeachment of defendant with these convictions will thus not give the jury a misleading glimpse into the criminal history of an individual who has since cleaned up his act and become an honest and law-abiding person. Indeed, it is noteworthy that defendant was released from custody from his 2003 conviction in October 2007, which means that defendant managed to go at most four years without deliberately deceiving others. And of course, his 2003 conviction was only 6 years after his 1997 conviction, which occurred within 10 years of the 1987 forgery conviction. As such, the full scope of defendant's history shows that defendant's past dishonesty has not been aberrational. Instead, he has lived a consistent pattern of conduct over a period of 30 years that has resulted in multiple convictions for crimes dishonesty, both old and new. This pattern has independent probative value for the jury's evaluation of

7

his credibility. It demonstrates, in the parlance of Rule 609, a "character for untruthfulness." In short, it shows that defendant is reliably unreliable – and the jury is entitled to know that.

In particular, the timing of defendant's 2003 conviction, and his release from custody on it, weigh heavily in favor of admission. Rule 609(b)'s 10-year window begins with the later of the date of conviction or release from custody. Fed. R. Evid. 609(b). At the same time, Rule 609(a)(2) makes crimes of dishonesty automatically admissible if the occurred within that 10-year window. As noted above, defendant was released from incarceration for this conviction on October 11, 2007, which means that under the terms of Rule 609(a)(2) and 609(b), this conviction would have been ***automatically*** admissible if this trial had commenced on or before October11, 2017, as it was twice scheduled to do. (*See* Dkt. 186 [May 1, 2017] and 190 [October 2, 2017].) It is noteworthy that, despite his speedy trial rights, defendant Rossini acquiesced in three delays of the trial date in this case. (*See* Dkt. 190, 257 and 276.) It would be an absurd result if an automatically admissible prior conviction could be converted into a presumptively inadmissible conviction simply by operation of delays in trial court proceedings not sought by the government and not objected to by defendant. Certainly, the delay of the trial has no rational connection to the probative value of this conviction.

Regarding the third factor, the similarity of the prior convictions to the charged offense, two of the convictions here – those for wire fraud – were under one of the very

8

same statutes under which defendant is now charged, which admittedly adds to the potential for prejudice. Nonetheless, under the unique circumstances of this case, the similarity factor is at best neutral regarding the admissibility of the convictions. First, the Seventh Circuit has repeatedly upheld the use of prior convictions similar to the charged offense. *See Smith*, 131 F.3d at 687-88 (allowing the use of the defendants' prior convictions, including for robbery and armed robbery, in a bank robbery trial); *United States v. Causey*, 9 F.3d 1341, 1344 (7th Cir. 1993) (allowing the government to impeach a defendant charged with a firearms offense with the defendant's prior firearms convictions because the defendant's credibility was a central issue at trial); *Hernandez*, 106 F.3d at 740 (use of prior conviction similar to charged offense upheld where court determined that credibility was a central issue).

Second, this case is unique because the similarity of the convictions to the charged offenses lies in the fact that defendant has repeatedly committed the types of crimes that are most probative of his character for truthfulness. As discussed above, all of the prior convictions are for crimes of dishonesty, which are "peculiarly probative of credibility." *Keuker*, 740 F.2d at 502-503 (quoting Rule 609(a) Conference Committee Notes). Here, defendant's prior convictions for fraud and forgery provide the jury critical information, while at the same time, the danger of the jury considering the convictions for an improper purpose is lower than it otherwise might be. This is because by impeaching defendant with these convictions, the government would not be asking the jury to find defendant guilty because he has

9

a character for committing crimes, but rather that they should disbelieve defendant because he has a character for telling lies, which is precisely what Rule 609 contemplates. If defendant was facing robbery charges and his credibility was important to the jury's evaluation of the case, the jury would certainly want to know about his fraud and forgery convictions before deciding the credibility of his testimony. It would be a perverse windfall to the defendant if the mere fact that he is facing fraud charges allowed him to testify without the jury being made aware of his long history of criminal dishonesty.

Furthermore, any prejudice from impeachment through these convictions can be cured through the use of an appropriate limiting instruction. *See Jackson*, 546 F.3d at 819 (the limiting instruction "mitigated the prejudicial impact of the testimony concerning the conviction"); *Montgomery*, 390 F.3d at 1015; *Smith*, 131 F.3d at 687 (noting that the district court gave a limiting instruction that directed the jury to consider the defendant's prior convictions only for impeachment purposes); *Hernandez*, 106 F.3d at 740 (finding that the court did not abuse its discretion in admitting a prior conviction, in part, because "the court's instruction cautioned the jury that the conviction was to be considered solely to assess the credibility of the defendant"); 7th Cir. Crim. Pattern Jury Instruction 3.06 ("You may consider evidence that the defendant was convicted of a crime only in deciding the believability of his testimony. You may not consider it for any other purpose. The other convictions

are not evidence of whether the defendant is guilty of the crime he is charged with in this case.").

Finally, the fourth and fifth factors – the importance of defendant's testimony and the centrality of the credibility issue – weigh strongly in favor of allowing the proposed impeachment. Critically, defendant's subjective intent is an element of the crime that defendant is expected to actively contest. If defendant testifies, the government expects he will tell the jury that he did not know that the investment program he ran was phony and that he did not intend to misappropriate the investors' funds. More specifically, the government anticipates defendant will claim that he solicited investor funds in good faith, believing that he actually had ownership interests in the mortgage notes he was selling and that rents were actually being collected from the properties. It is expected that defendant will claim that because the investor funds were paid to co-defendant Thomas Murphy, who also provided the funds representing the alleged rents being paid to investors, Rossini was himself deceived by Murphy, who was the real villain in the whole scheme. Although the government will present independent documentary evidence bearing on the issue, Rossini's knowledge and state of mind cannot be directly read on a document or viewed on a video recording. Ultimately, the jury will only be able to render a verdict by inferring what it can about the contents of defendant's mind from the totality of the evidence presented. And if the evidence includes defendant's testimony directly on this issue, then the jury's evaluation of defendant's credibility will be one of its

11

most important tasks and it must have access to critical information bearing on his character for truthfulness.

As such, all of defendant's convictions for crimes of dishonesty should be admitted to impeach him if he chooses to testify. Although Rule 609(b) contemplates heightened scrutiny of convictions over 10 years old, the rule on its face also assumes that such convictions should be admitted in the appropriate circumstances. The circumstances of this case are indeed exceptional – the only convictions offered for admission made up a pattern of criminal dishonesty that occurred over a lengthy period of time right up to the 10-year threshold, defendant's subsequent history includes yet another crime of dishonesty, the central issue at trial will be defendant's own state of mind, which he is expected to testify about and thereby place his credibility in the center of the jury's consideration, and any potential prejudice can be cured through a well-recognized limiting instruction. For the reasons stated, the government respectfully requests that the Court, in the interests of justice, admit the defendant's convictions that fall outside the ten-year period of Rule 609(b).[2]

### III.  IMPEACHMENT UNDER RULE 608(B)

Rule 608(b) provides that, apart from convictions admitted under Rule 609, extrinsic evidence of specific instances of a witness's conduct is not admissible regarding truthfulness. Fed. R. Evid. 608(b). Nevertheless, specific instances of

---

[2] Defendant's conduct underlying these convictions is admissible under Rule 608(b), without regard to the fact or age of the convictions, because each instance concerns the defendant's character for untruthfulness.

12

conduct may be inquired into on cross-examination if they are probative of the witness's character for truthfulness or untruthfulness. *Id.* By electing to testify, a defendant opens himself up to such inquiries because he has placed his credibility at issue. *See United States v. Chevalier*, 1 F.3d 581, 583 (7th Cir. 1993) (collecting cases and approving cross examination of defendant about uncharged bank fraud).

Here, in the event that defendant Rossini testifies, the government will seek to cross-examine him regarding at least two specific instances of dishonesty that did not result in a criminal conviction, while the government will seek to question defendant Murphy about one such instance. First, Rossini has lied and misled the Court in this very case. At various points while under this Court's supervision, defendant sought and received permission to travel to California. Defendant represented to the Court that he was traveling to California to be with family members, including to help cousins pack up and move back to Chicago. As the Court is aware, it was discovered that while in California defendant in fact was not staying with family and was not helping anyone move. Instead, defendant was staying nights with a former employee whose car he would borrow during the day to involve himself in still unspecified business dealings that were being concealed from the Court. Evidence that defendant has been dishonest in this very courtroom is highly probative of his credibility, and under Rule 608(b), the government may question him about it if he chooses to testify.

2

Second, between approximately 2008 and 2010, defendant Rossini and defendant Murphy fraudulently obtained several hundred thousand dollars from two sets of would-be real estate buyers. Rossini initially solicited Individual DK to provide defendant and Murphy with approximately $60,000 that Rossini represented would be used to save Individual DK's home from foreclosure. Contrary to this representation, when Individual DK paid the $60,000 into an account held by Murphy, Rossini and Murphy did not hold the money in escrow but instead spent it on their own purposes. Rossini then solicited Individual NJ and Individual BA to provide approximately $325,000 that Rossini represented that he and Murphy would use for earnest money on a commercial real estate purchase in which Individual NJ and Individual BA were interested. Contrary to this representation, when Individual DK paid the money into an account held by Murphy, Rossini and Murphy did not hold the money in escrow but instead spent it on their own purposes. Despite later agreeing to repay the funds to Individual NJ and Individual BA, neither Rossini nor Murphy have done so. If either defendant testifies in this case, evidence that they deliberately deceived these individuals is highly probative of credibility, and Rule 608(b) would permit the proposed questioning.[3]

---

[3] Although Fed. R. Evid. 608(b) does not permit proof of specific instances of conduct by extrinsic evidence, this earlier fraudulent conduct by Rossini and Murphy may be admissible under Fed. R. Evid. 404(b), depending on the contours of a potential defense case. In the event, for example, that Rossini argues at trial that Murphy was solely responsible for the misappropriation of investor funds, or vice versa, the government would likely seek admission of the above evidence under Rule 404(b) in order to show knowledge, intent, an absence of mistake.

## IV. CONCLUSION

WHEREFORE, the government requests that the Court grant the government's motion *in limine* to permit impeachment by evidence of prior convictions.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: *s/ Erik Hogstrom*
ERIK HOGSTROM
Assistant U.S. Attorney
WILLIAM NOVAK
Special Assistant U.S. Attorney
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 353-8709

Dated: March 27, 2018

4

**CERTIFICATE OF SERVICE**

  I hereby certify that the foregoing was served on November 14, 2016, in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, L.R. 5.5, and the General Order on Electronic Case Filing ("ECF") pursuant to the district court's system as to ECF filers.

            By: *s/ Erik Hogstrom*
                ERIK HOGSTROM
                Assistant U.S. Attorney
                WILLIAM NOVAK
                Special Assistant U.S. Attorney
                219 South Dearborn St., Rm. 500
                Chicago, Illinois 60604
                (312) 697-4073