UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 15 CR 515-1 |
| v. | ) | |
| | ) | Judge John Z. Lee |
| ALBERT ROSSINI | ) | |

### RESPONSE TO DEFENSE MOTION *IN LIMINE* TO BAR STATEMENTS PURSUANT TO THE ATTORNEY-CLIENT PRIVILEGE

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, submits this response to Defendant Albert Rossini's Motion *In Limine* to Bar Statements Pursuant to the Attorney-Client Privilege (Dkt. 288), requests that this Court deny that motion, and states as follows:

### FACTUAL BACKGROUND

As detailed in the indictment and in prior filings, defendant Albert Rossini and his co-defendants carried out a real estate Ponzi scheme that began no later than September 2011, and continued through on or about August 20, 2015. At trial, the government expects the evidence to show that over the course of the scheme defendants fraudulently obtained millions of dollars from investors for the purchase of fictitious mortgage note investments and property management services through companies operated by defendants Rossini, Babajan Khoshabe, and Anthony Khoshabe, namely Devon Street Investments, Devon Street Management, or Reliant Management. A central feature of the scheme was that investors provided their

investment funds to defendant Rossini in the form of cashier's checks payable to defendant Murphy, who they were told was acting as their attorney. Rossini in turn provided the investor checks to Murphy, who deposited them into Murphy's business bank account ("the Scheme Account"). From there, Murphy generally divvied up most of the investors' funds into cashier's checks payable to defendants Rossini, Babajan Khoshabe, and Anthony Khoshabe, leaving a portion of the investor funds in the Scheme Account to be used for various purposes other than what the investors intended – including making Ponzi payments back to the investors and paying certain expenses necessary to keep the scheme running. At times Murphy also did pseudo-legal work for Rossini, including drafting documents such as the fraudulent "Guaranty Agreements" Rossini gave to investors to purportedly document the fictitious real estate interests offered by the defendants.

During the investigation, the government obtained, pursuant to a search warrant, emails from two email accounts used by Rossini. During the review process, the government initially followed a protocol to segregate and not review emails between Rossini and any attorneys, such as Murphy, to avoid running afoul of potential claims of attorney-client privilege.

After Rossini and his co-defendants were indicted, the government conferred with Rossini's previous counsel about his email communications with Murphy so that the government could decide to whom the emails should be produced in discovery and whether the government needed to seek a ruling from the Court on the applicability of the privilege. In response to the government's requests, on February 3, 2016,

Rossini's previous counsel expressly waived the attorney-client privilege between Rossini and Murphy, citing an anticipated "advice of counsel" defense. Ex. 1, p. 1 ("We will not be asserting attorney-client privilege with regard to emails between Mr. Murphy and Mr. Rossini. We will be, at least in part, relying on the advice of counsel affirmative defense as you might have predicted."). This waiver was also confirmed in court on February 4, 2016, at a status hearing where Rossini was present. Ex. 2, p. 3. ("I was notified last night by Mr. Rossini's counsel that they will not be asserting attorney-client privilege as to the e-mail between his client and Mr. Murphy, which simplifies matters greatly."). Following Rossini's express waiver, the government proceeded accordingly and not only produced the emails to all parties but also reviewed them.

## LEGAL STANDARD

"Generally, a party that voluntarily discloses part of a conversation covered by the attorney-client privilege waives the privilege as to the portion disclosed and to all other communications relating to the same subject matter." *Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1024 (7th Circ. 2012). *See also*, *Patrick v. City of Chicago*, 154 F.Supp. 3d 705, 711 (N.D. Ill. 2015) ("[I]nformation once disclosed to a party opponent waives the attorney-client privilege as to future proceedings.") (citing United States v. Mass. Inst. of Technology, 129 F.3d 681, 686 (1st Cir.1997)). In addition to express waiver, the privilege may be impliedly waived when the client asserts a defense that requires an examination of attorney-client communications. *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir. 1987).

## ARGUMENT

### Because Rossini Has Previously Waived Attorney-Client Privilege for Communications Between Him and Murphy, his Motion Should be Denied as Moot

As a preliminary matter, Rossini's motion should be denied because he expressly waived the privilege in February 2016. Ex. 1. Further, Rossini was present at the status hearing where this waiver was confirmed, and he raised no objection to it. Ex. 2. Rossini's express waiver on February 3, 2016 had two consequences: 1) the government reviewed the emails Rossini now seeks to exclude, and 2) these emails were disclosed to co-defendants Babajan Khoshabe and Anthony Khoshabe. As the Ninth Circuit held, "[o]nce documents have been turned over to another party voluntarily, the privilege is gone, and the litigant may not thereafter reassert it to block discovery of the information and related communications by his adversaries." *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Circ. 2003). In short, when Rossini expressly waived the privilege, he authorized the release and review of the emails he now seeks to suppress. Because of this express waiver, his motion should be denied.

### Even If Rossini Could Re-Assert This Privilege, He Waived It by Proffering an Advice of Counsel Defense

As reflected in the proposed pre-trial order, one of Rossini's proposed jury instructions relates to an "Advice of Counsel" defense. It is clear that advice that Rossini is relying on for this defense relates to Murphy. Dkt. 288, ¶3. ("The fact that Murphy may have acted illegally, without Mr. Rossini's knowledge does not waive the privilege or permit the government to use privileged communication against Mr. Rossini"). *See also* Ex. 1, p. 1 ("We will be, at least in part, relying on the advice of

counsel affirmative defense as you might have predicted."). The advice of counsel defense is incompatible with attorney-client privilege. As the Seventh Circuit has held, "the attorney-client privilege is generally waived when the client asserts claims or defenses that put his attorney's advice at issue in the litigation." *Garcia v. Zenith Elecs. Corp.*, 58 F.3d 1171, 1175 n.1 (7th Circ. 1995) (citations omitted). *See also United States v. Tedder*, 403 F.3d 836, 839 (7th Circ. 2005) ("Tedder did not propose to present an advice-of-counsel defense based on what other persons told him. Had he done that, he would have been required to waive the attorney-client privilege and allow the prosecutor access to everything he said to his advisers and what they told him in return").

Rossini cannot use the attorney-client privilege as both a sword and a shield. Because he put Murphy's advice at issue in the litigation by proposing to raise an advice of counsel defense, he has waived attorney-client privilege between himself and Murphy. Rossini's motion should be denied.

### Even If Rossini Has Not Previously Waived the Privilege, He Waived It by Attaching a Purportedly Privileged Email to His Motion

Even if Rossini had not expressly waived the privilege in February 2016, or impliedly waived it by asserting an advice-of-counsel defense, he waived the privilege when he attached a purportedly privileged email between himself and Murphy to his motion *in limine*. Dkt. 288-1. The attachment of this email was intentional, not inadvertent. According to defendant, this email was privileged. As stated above, "a party that voluntarily discloses part of a conversation covered by the attorney-client privilege waives the privilege as to the portion disclosed and to all other

communications relating to the same subject matter." *Appleton Papers, Inc.*, 702 F.3d at 1024. Because Rossini voluntarily waived the privilege by attaching a privileged email to his motion, that motion should be denied.

**In Any Event, The Emails Between Rossini and Murphy Are Not Privileged Because They Fall Within the Crime-Fraud Exception**

Finally, as the Seventh Circuit has held, "the [attorney-client] privilege is waived, however, when the client uses the attorney-client relationship to engage in fraudulent or criminal activity rather than merely to defend against charges." *United States v. Davis*, 1 F.3d 606, 611 (7th Circ. 1993). *See also U.S. v. Weger*, 709 F.2d 1151, 1156 (7th Circ. 1983) ("It should be noted that the attorney-client privilege was not created to shield clients from charges for fraudulent conduct, and a client who abuses the attorney-client relationship waives the attorney-client privilege.").

> To establish the crime-fraud exception, and thus defeat the privilege, the government must present prima facie evidence that gives color to the charge by showing some foundation in fact. Such evidence then allows the district court to require the defendant to come forward with an explanation for the evidence offered against the privilege. The district court then exercises its discretion in accepting or rejecting the proffered explanation. The court may, if necessary, examine the privileged communications themselves to determine whether they further a crime or fraud, so long as there is a showing of a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies.

> *United States v. Boender*, 649 F.3d 650, 655–56 (7th Cir. 2011) (citations omitted) (quotations omitted).

Given the conduct charged in the indictment, and in light of the evidence the government will present at trial, it is clear that Rossini's relationship with Murphy was not at its core a legitimate attorney-client relationship but was instead built on

fraud. Rossini relied on Murphy to help him carry out the scheme, including by directing investors to send their payments to Murphy, who then directed the majority of the investor funds back to Rossini and the other co-schemers, and by having Murphy draft pseudo-legal documents for the investors designed to make the scheme appear legitimate. Thus, Rossini waived attorney-client privilege by using his relationship with Murphy as a vehicle for fraud. However, given the intensive factual determinations necessary to establish this exception, along with the fact that the record reflects that Rossini has previously waived the privilege, the government requests the opportunity for supplemental briefing on how the crime-fraud exception applies to the communications between Rossini and Murphy, should the Court find that no waiver exists.

## CONCLUSION

For the reasons stated above, the government requests the Court deny defendant's motion *in limine* to exclude communications between Rossini and Murphy.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:     *s/ William Novak*
        WILLIAM NOVAK
        Special Assistant U.S. Attorney
        ERIK HOGSTROM
        Assistant U.S. Attorney
        219 N. Dearborn Street, 5th Floor
        Chicago, IL 60604
        (312) 697-4073

Dated: April 10, 2018

7

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on April 10, 2018, in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, L.R. 5.5, and the General Order on Electronic Case Filing ("ECF") pursuant to the district court's system as to ECF filers.

s/ William Novak
WILLIAM NOVAK
Special Assistant U.S. Attorney
219 S. Dearborn Street, 5th Floor
Chicago, IL 60604
(312) 697-4073