IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | 15 CR 515-1 |
| ALBERT ROSSINI, | ) | Judge John Z. Lee |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ALBERT ROSSINI'S RESPONSE TO THE GOVERNMENT'S
MOTION TO ADMIT EVIDENCE OF STATE CASE**

NOW COMES Defendant, ALBERT ROSSINI, through his attorneys, JOSHUA B. ADAMS and SCOTT FRANKEL, and files his response to the government's motion in limine to admit proof of Mr. Rossini's arrest and subsequent bond payment in its case in chief. In support of his response, Mr. Rossini states the following.

**I. Background**

The government makes the bold and unusual claim that evidence of Mr. Rossini' state court arrest is relevant to prove the existence of the alleged scheme in this case. Its main argument focuses on the fact that Mr. Rossini's arrest somehow shows the co-defendants' participation in this alleged scheme. Gov. Mot. at 4. The government goes on to argue that because the co-defendants posted his bail, this allowed the scheme to continue.

Moreover, the government seeks to introduce emails sent from co-defendants to investors at the time of Mr. Rossini's arrest. According to the government, these emails were sent to investors in order to continue the scheme, and show the effort to hide Mr. Rossini's

arrest. As detailed below, there are several constitutional, evidentiary and logical problems with the government's motion. Therefore, Mr. Rossini respectfully requests that this honorable court bar the government from introducing any evidence in its case in chief related to Mr. Rossini's state court case, and specifically, his arrest.

**II.     The state case is irrelevant to prove the elements of fraud**

Mr. Rossini is charged with fraud. More specifically, he is charged with making material false statements to prospective investors in order to obtain money for alleged investments in real estate. It strains credulity that the government could use evidence of an arrest, and not a conviction, made in a separate jurisdiction, to prove the existence of this alleged scheme. The fact that Mr. Rossini was merely arrested does not make the existence of the charged conduct more or less probable. Neither does the fact concerning who or how his bond was posted. Nothing the government argues is relevant under FRE 401 to the elements of the charged conduct.

In reality, the government's main purpose is to use this fact as propensity evidence against Mr. Rossini. More glaring is the fact that the government attempts to introduce this evidence in its case in chief, before Mr. Rossini introduces even a scintilla of evidence. The effect on the jury will be disastrous. Judging by the 129 count witness list, the government has a plethora of options to prove its case in chief, rather than introduce propensity evidence against Mr. Rossini. It is also important to note that the government seeks to introduce this evidence before Mr. Rossini is able to put on his own case in chief. This evidence in no way makes any element of the charged conduct more probable than not. They serve as tangential facts, offering more heat than light.

**III. The proposed emails would only be rebuttal evidence**

The government also seeks to introduce emails sent by co-defendants to the investors which hide the fact that Mr. Rossini had been arrested. Again, this evidence does not make any material fact in this case more or less true. At best, it may be used as impeachment evidence by the individuals who sent it, if they testify about whether they knew Mr. Rossini had been arrested and in Cook County Jail. To introduce this evidence at trial not only confuses the jury, it will force Mr. Rossini to have a virtual "trial within a trial" regarding the state claims. To compound matters, the state charge is for money laundering, a charge not included in the instant case. If the jury learns that Mr. Rossini had been charged, and ultimately pled guilty to money laundering in the state court, it will have a tremendous prejudicial effect on his presumption of evidence in this case.

**IV. A limiting instruction cannot overcome the prejudice to Mr. Rossini**

The government proses a limiting instruction to cure any potential prejudice to Mr. Rossini. However, this is meaningless. Once the jury learns that the state prosecutors charged and arrested Mr. Rossini, they will assume that the charges are related to this case. No instruction can cure this defect.

## CONCLUSION

Therefore, Mr. Rossini respectfully requests this honorable court bar the government from introducing evidence related to the state case and Mr. Rossini's bond in that matter.

Respectfully submitted,

/s/Joshua B. Adams
Joshua B. Adams
Scott J. Frankel
Counsel for Albert Rossini

Joshua B. Adams
LAW OFFICES OF JOSHUA B. ADAMS, P.C.
53 W. Jackson Blvd., Suite 1515
Chicago, IL 60604
(312) 566-9173