**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15 CR 515 |
| | ) | |
| ALBERT ROSSINI, BABAJAN | ) | Judge John Z. Lee |
| KHOSHABE, and ANTHONY KHOSHABE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court held a final pretrial conference hearing on May 10, 2018. This order sets forth in writing the rulings made by the Court at the hearing with regard to Babajan Khoshabe's motion to sever and the parties' motions *in limine*. A status hearing is set for May 29, 2018, at 10:00 a.m.

### I. Babajan Khoshabe's Motion to Sever

Babajan Khoshabe moved to sever his trial from that of his codefendants on the basis that he would not be physically fit to provide meaningful assistance during his trial as currently scheduled. Moreover, Khoshabe decided in recent weeks to terminate his counsel, and he retained new counsel.

Federal Rule of Criminal Procedure 14 grants a district court discretion to sever a defendant's trial if a consolidated trial would "appear[ ] to prejudice a defendant or the government." *See U.S. v. Morales*, 655 F.3d 608, 624 (7th Cir. 2011) ("[T]he decision whether to grant a defendant's severance motion under Rule 14 is discretionary . . . .").

As stated on the record, given the complexities in this case and Khoshabe's right to effective counsel, Babajan Khoshabe's motion [290] is granted insofar as he is not required to appear for trial on June 4, 2018, with regard to the charges against him. To the extent that the June 4 trial date may change, the Court may revisit this issue. The Government's motion [306] to hold a bond hearing with regard to issues surrounding Babajan Khoshabe's representations as to his physical fitness is denied without prejudice.

### II. Motions *in Limine*

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Rulings *in limine* avoid delay and allow the parties the opportunity to prepare themselves and witnesses for the introduction or

exclusion of the applicable evidence.  *See Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999).  Trial courts have broad discretion in ruling on evidentiary issues before trial.  *See United States v. Chambers*, 642 F.3d 588, 594 (7th Cir. 2011); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 426 (7th Cir. 2000).

The Court will grant a motion *in limine* seeking to bar evidence only when the evidence is clearly inadmissible for any purpose.  *See Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997); *Betts v. City of Chi., Ill.*, 784 F. Supp. 2d 1020, 1023 (N.D. Ill. 2011).  Moreover, rulings on motions *in limine* are "subject to change when the case unfolds[.]"  *Luce*, 469 U.S. at 41; *see also Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 565 (7th Cir. 2006).  Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."  *Luce*, 469 U.S. at 41–42.

### A. Government's Motions *in Limine*

As stated on the record, the Government's motion *in limine* #1 [284] is granted in part and denied in part. The Government may introduce evidence that Albert Rossini was arrested and that Rossini's codefendants coordinated and agreed with one another to post Rossini's bond with knowledge that the bond money was to come out of investor funds.  The Government may not make reference to the charges underlying the arrest, and the Court will instruct the jury that the arrest was for events unrelated to the charges in this case and that the jury should not consider the fact of Rossini's arrest in reaching their verdict in this case.  In all other regards, the motion is denied.

The Court also grants in part and denies in part the Government's motion *in limine* #2 [289].  First, as to Albert Rossini's 2016 money laundering conviction, the Government may raise only the fact that Rossini was convicted of an unspecified felony charge and the date Rossini was convicted.  Next, the Government may not introduce any evidence of Albert Rossini's wire fraud conviction, the period of incarceration for which ended in October, 2007.  And the Government may not, based on the current record, introduce evidence of an unspecified crime for which Rossini was convicted in 1997.

In addition, for the reasons stated on the record, the Government may not introduce under Federal Rule of Evidence 608(b) evidence of Albert Rossini's purportedly dishonest statements to the Court regarding his trip to California.  And, lastly, the Court defers ruling as to whether the Government may introduce evidence that Rossini obtained several hundred thousand dollars from would-be real estate buyers in 2008 and 2010 until trial.

### B. Defendants' Motions *in Limine*

Defendant Albert Rossini has filed three motions *in limine*.  The Court defers ruling on Rossini's motion *in limine* #1 [286] pending receipt of Anthony Khoshabe's response brief as to the tax returns issue, which is due May 17, 2018.  Next, Rossini's motion *in limine* #2 [287] seeking to bar evidence of Rossini's travel to California is granted for the same reasons that the Government's motion *in limine* to admit this evidence is denied.  Lastly, Rossini's motion *in*

*limine* #3 [288] to bar evidence of certain email communications between Rossini and Thomas Murphy is denied because, as stated on the record, Rossini has already expressly waived any attorney-client privilege as to these communications.

### III.     Additional Issues

Anthony Khoshabe indicated that he may seek to introduce into evidence a complaint filed with the SEC. Should Khoshabe seek to do so, he is directed to file by May 24, 2018, a motion *in limine* requesting a declaration of validity with regard to the document.

In addition, the Government is directed to file any *Santiago* proffer by May 17, 2018. Should Defendants wish to file responses, they must do so by May 24, 2018.

Date: 5/24/18                                                                                                    /s/ John Z. Lee