

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.

ALBERT ROSSINI,
    Defendant.

Case No. 15 CR 515-1

HON. JOHN Z. LEE

RENEWED MOTION FOR STAY OF SENTENCING
PENDING U.S. TAX COURT CASE AND FOR DISCOVERY REQUEST

    NOW COMES DEFENDANT Albert Rossini ("Rossini") pro se, and requests the scheduled May 21, 2020 sentencing hearing be continued for the following reasons: (i) pending United States Tax Court case 3714-20, and (ii) need for discovery not received from case 15 CR 515-1. In support thereof, Defendant states as follows.

    (1) Defendant was not and has not been provided any discovery material in 15 CR 515-1 by his appointed Public Defenders Joshua Adams and Scott Frankel who represented him from April 2017 through trial in June 2018, or by Richard Kling, Esq., since September 2018 to present.

    (2) The discovery material in 15 CR 515-1 was never produced, received, nor prepared as Exhibits for trial. These include: bank statements of the Defendant and his related companies, money orders and cashier check payments and investments. They are essential to the issue of loss, i.e. Defendant's non-contributory, non-intentional and non-motivated conduct in business transactions; and to the issue

-1-

of "victims", since Defendant has consistently disputed the Government's erroneous, misrepresentation, of business savvy investors as victims (see Defendant's motions re lulling, re transactions filed, but ignored by the Government and the Court, Exhibit A, attached and incorporated herein).

(3) On February 24, 2020, the United States Tax Court filed a petition by Defendant entitled, Albert Rossini, Petitioner v. Commissioner of the Internal Revenue, Respondent, No. 3714-20. The Tax Court designated Chicago, Illinois as the place of trial (see Exhibit B, attached and incorporated herein).

(4) Further, and critically important for Defendant's case 15 CR 515-1, is that the Tax Court proceedings will reveal a legitimate series of transactions leaving the Government's case to its reality, that co-Defendant Thomas Murphy, over a period of months, wiped out $5,044,000 of an escrow held by him alone, while a partner at Pedersen & Houpt and Berger Newmark, and that his financial records and serial fraudulent bankruptcies support this event indelibly. The Government refused to steer off its course -- that Defendant directed this knowledgeable attorney with a hidden history of escrow plundering -- into a contemporaneous spending spree with his friend Tamera Brown, and as of his bail bond hearing, Murphy still held on to $465,000.

(5) Based on the Government's false allegations in Defendant's revocation hearing of August 2, 2017, following serial FBI missions to reduce Defendant and his wife to penury and homelessness, Defendant has been detained and prevented, intentionally, by the Government from

accessing, and reviewing his financial records in preparation for trial. Defendant's Public Defenders Adams and Frankel were oblivious and inactive.

(6) Not only was Defendant prejudiced by his Public Defenders at trial without presentation of such relevant testimony and critical financial documents, the Defendant cannot adequately prepare for a fair and equitable sentencing hearing without these discovery documents.

(7) The aforementioned tax case was petitioned by Defendant due to payments having been made by him to investors from various related corporate entities. The Defendant has not been accurately credited with the deductions for tax purposes due to the different entities making payments, although Defendant was the sole shareholder and President of each company. The crux of the tax case is the amount of rental and interest payments made by Defendant to investors; the amount of renovation expenses for properties transferred to investors and whether those expenses are deductible as an ordinary expense or must be capitalized; the value of properties transferred to investors; and the amount of Defendant's deductible business expenses. These property transfers include those made to Kathy Khodi, Robert Badalian, Vladimir Moghaddasi, the Assyrian Evangelical Church.

(8) Defendant dealt with the investors in arms-length business transactions, some represented by lawyers, and with prior investment experience. Attorneys Adams and Frankel failed to present this significant variation to the Government. If the Government was sincere in its concern for victims, rather than its obduracy in targeting Defendant as Thomas Murphy's enabler (sans expert witnesses to this allegation of Macchiavellian powers over a timorous yet

high-powered attorney), it would have informed the investor/victims of Thomas Murphy's spending sprees with Tamera Brown post his bond hearing and disability protestations.

(9)   Due to defense counsels inadequate trial performance, this documentation was not presented to the Court or the trial jury. However, it is integral to a fair and equitable sentencing hearing in determining the amount of loss, if any, for which Defendant should be accountable. Due process demands that Defendant be allowed a complete presentation of this accounting and tax material and not just that presented by FBI Forensic Accountant Sandie Prescott. The determination of income and allocation of expenses that will be decided in U.S. Tax Court case 3714-20 is central to any sentencing calculation of the Defendant.

(10)   The Defendant's request for a stay of sentencing hearing pending the U.S. Tax Court case, is not made for purposes of delay or confusion, but to enable him to best present crtical evidence as to loss in his sentencing calculation.

WHEREFORE, Defendant Albert Rossini requests the Court (i) stay his sentencing hearing during the pendency of U.S. Tax Court case 3714, and (ii) order both attorney Richard Kling and the U.S. Attorney's Office provide Defendant the discovery in 15 CR 515-1.

Respectfully submitted,

*[signature: Albert Rossini]*

Albert Rossini
Defendant, Pro Se
#08043-424
Metropolitan Correctional Center
71 W. Van Buren St.
Chicago, IL 60605

## EXHIBIT A

### MOTIONS FILED BY DEFENDANT

Please see Exhibits filed with Defendant's Pro Se Motion for New Trial pursuant to Rule 33, filed both in August 2018 and December 2019 with Defendant's Reply to Government's Response to His Motion For New Trial.

Motion to Dismiss Indictment for Prosecutorial Misconduct

Motion to Strike Government's Allegation of Lulling Payments

Motion to Strike Government's Allegations of Selling Non-Existent Properties

Motion to Admit Documents

Motion Explaining Guarantees and Chart Detailing Accounting

EXHIBIT B

UNITED STATES TAX COURT CASE

AB

# UNITED STATES TAX COURT
WASHINGTON, DC 20217

ALBERT ROSSINI, )
)
    Petitioner(s), )
)
v. ) Docket No. 3714-20.
)
COMMISSIONER OF INTERNAL REVENUE, )
)
    Respondent )

## ORDER

    The Court filed on February 24, 2020, a document as a petition for petitioner to commence the above-referenced case. Because the Request for Place of Trial was not submitted with the Petition, the Court will designate the place of trial for this case. If petitioner wishes to designate a place of trial other than the place of trial designated by the Court below, petitioner may file a Motion to Change Place of Trial and designate therein a place of trial at which this Court tries small tax cases (cities without an asterisk on the Request for Place of Trial form, which was included with your Notification of Receipt of Petition or is also available under the "Forms" tab on the Court's website, www.ustaxcourt.gov). Accordingly, it is

    ORDERED that Chicago, IL is designated as the place of trial in this case.

**(Signed) Maurice B. Foley**
**Chief Judge**

Maurice B. Foley
Chief Judge

Dated: Washington, D.C.
       March 5, 2020

SERVED Mar 05 2020

CERTIFICATE OF SERVICE

I certify that on March 17, 2020, I deposited the attached Renewed Motion for Stay of Sentence in the MCC Chicago Legal Mail System, first class postage prepaid and addressed as follows.

Clerk, United States District Court
For the Northern District of Illinois
219 S. Dearborn Street
Chicago, IL 60604

U.S. Attorney
Northern District of Illinois
219 S. Dearborn St.
Chicago, IL 60604

Richard Kling, Esq.
Chicago IIT Law Office
565 W. Adams St., Rm 613
Chicago, IL 60661

Respectfully submitted,

*[signature]*

Albert Rossini
Defendant Pro Se

Albert Rossini
Fed. Reg. No. 08043-424
Metropolitan Correctional Center
71 W. Van Buren St.
Chicago, IL 60605

LEGAL MAIL
PRISONER CORRESPONDENCE

Clerk of the District Court
U.S. District Court
Northern District of Illinois
219 S. Dearborn Street
Chicago, IL 60604