UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALBERT ROSSINI | No. 15 CR 515<br><br>Judge John Z. Lee |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO STAY SENTENCING**

The United States of America, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby submits this response to defendant's motion to stay sentencing, Dkt. No. 588.

**Background**

The grand jury originally returned the indictment in this case on August 20, 2015. Dkt. No. 1. Defendant's trial began on June 4, 2018. Dkt. No. 334. On that same day, the Court held an *ex parte* hearing to address new complaints by defendant that his attorneys were not prepared for trial. 6/4/2011 Tr. at 4-12. The Court dismissed defendant's complaints, and the trial proceeded. *Id.* at 11-12. After a lengthy trial, the jury returned guilty verdicts on all counts on June 14, 2018, Dkt. No. 345.

Following his conviction, on July 12, 2018, the defendant submitted to the Court a letter asking that the Court "please refrain from accepting any motions from my attorneys, Joshua Adams and Scott Frankel, as of this date excepting a motion to withdraw from representation in my case. Dkt. 361, at 1. On July 23, 2018, Adams

1

and Frankel filed a motion to withdraw as counsel referencing the defendant's July 12 letter, as well as an additional statement by the defendant on July 22, 2018, that he wanted new counsel. Dkt. 362, at 1. On August 23, 2018, the Court granted Adams' and Frankel's motion to withdraw. Dkt. 372.

On September 12, 2018, the Court appointed attorney Richard Kling to represent defendant. Dkt. 380. On May 17, 2019, the defendant filed a motion for a new trial through counsel seeking a new trial based on a claim that Adams and Frankel provided him ineffective assistance. Dkt. 448. On July 12, 2019, Kling moved to withdraw as counsel. Dkt. No. 468. On July 17, 2019, the Court granted Kling's motion in part, ordering that Kling remain as stand-by counsel and granting defendant leave to file a *pro se* reply in support of his motion for a new trial. Dkt. No. 471.

On January 28, 2020, the Court denied defendant's motion for a new trial. Dkt. No. 555. On January 30, 2020, the Court held a status hearing at which defendant requested new counsel for his sentencing hearing, and the Court granted defendant and Kling additional time to discuss the Court's previous ruling and the sentencing hearing. Dkt. No. 557. On February 14, 2020, defendant filed a *pro se* notice of appeal, Dkt. No. 562, as well as a motion to stay sentencing pending his interlocutory appeal, Dkt. No. 564. On February 19, 2020, the Court held a status hearing at which defendant again sought appointment of new counsel, which the Court denied. Dkt. No. 558. The Court also denied defendant's motion to stay sentencing, and set a sentencing hearing for May 21, 2020. *Id.*

On March 18, 2020, defendant filed the instant "Renewed Motion for Stay of Sentencing." Dkt. No. 588.

On April 29, 2020, pursuant to the General Orders related to the COVID-19 pandemic, this Court struck defendant's May 21, 2020, sentencing hearing, pending rescheduling for a later date. Dkt. No. 593.

On April 17, 2020, the Seventh Circuit Court of Appeals dismissed defendant's interlocutory appeal for lack of jurisdiction. Dkt. No. 595.

On June 3, 2020, this Court ordered the government to respond by June 17, 2020, to the instant motion to stay sentencing. Dkt. No. 606.

## Argument

The Court should reject defendant's transparent attempt to further delay justice in this five year old case that has now been pending sentencing for over two years. Defendant has provided no legal support for his motion, and his factual claims strain reason.

It is soundly within this Court's discretion whether to grant a criminal defendant's request to delay sentencing. *United States v. Rinaldi*, 461 F.3d 922, 928 (7th Cir. 2006). A refusal to do so will be upheld unless the defendant can show he was actually prejudiced. *United States v. Rodgers*, 755 F.2d 533, 539–40 (7th Cir.1985). All due process requires is that the Court impose sentence based on reasonably reliable information. *United States v. Earnest*, 129 F.3d 906, 913 (7th Cir. 1997). Defendant has provided no basis to believe that this standard will not be met unless the Court accedes to his demand to delay his sentencing indefinitely.

3

Although defendant's precise reasoning is obscure, he appears to be arguing that the Court should wait to sentence him until after the resolution of a petition he recently filed in the United States Tax Court. Mot. at 2, 4. Curiously, defendant attached to his motion a routine order from this new tax case but failed to provide this Court with a copy of his actual petition, which is not available on the Tax Court's public docket. According to defendant's recitation of his Tax Court petition, however, "[t]he crux of the tax case is the amount of rental and interest payments made by Defendant to investors; the amount of renovation expenses for properties transferred to investors and whether those expenses are deductible as ordinary expenses or must be capitalized; the value of properties transferred to investors; and the amount of Defendant's deductible business expenses." Mot. at 3.

Based on this description, defendant's tax court petition appears to be an attempt to perpetrate another version of the same fraud he was convicted of in this case, this time on the IRS. As the Court is aware, the evidence presented at trial upon which the jury based its across-the-board guilty verdict established that defendant's "real estate investment" business was a sham in which all the "rental" or "interest" payments were just small portions of the investors' own money being paid back to them. Defendant has offered no explanation as to why this Court ought to delay sentencing so that a different body can evaluate the same bogus claims defendant has made to this Court and the jury at his trial. If defendant wishes to present these claims once again at his sentencing, he may do so – but it is no basis to further delay his sentencing. *See Earnest*, 129 F.3d at 913 (denial of a delay in

4

sentencing was proper where the defendant sought to present "useless and duplicative" information).

Further, it would be entirely appropriate for the Court to recognize that defendant's request does not occur in a vacuum. Apart from having previously lied to this Court, defendant also engaged in bad faith efforts to delay his trial by seeking to dismiss trial counsel on the eve of jury selection. 6/4/2011 Tr. at 4-12. Additionally, as recounted above, since his conviction, defendant has fired one set of attorneys, has sought to fire the attorney who replaced them, has attempted to undo his conviction through ill-founded complaints about trial counsel, and has filed a *pro se* notice of appeal with no jurisdictional basis to do so. The Court should view with skepticism the fact that only a few months ago (and nearly two years after his conviction), defendant instituted a separate proceeding in another court that he claims must be resolved before he can be sentenced.

In sum, the Court should reject defendant's effort to indefinitely delay his sentencing hearing and should schedule this matter for sentencing at the earliest practicable time for the Court, Probation, and the parties.

## CONCLUSION

WHEREFORE, the government respectfully requests that the Court deny the motion.

                                                    Respectfully Submitted,

                                                    JOHN R. LAUSCH, JR.
                                                    United States Attorney

                            By:    <u>/s/ Erik Hogstrom</u>
                                                    ERIK A. HOGSTROM
                                                    Assistant U.S. Attorneys
                                                    219 South Dearborn, Rm. 500
                                                    Chicago, Illinois 60604
                                                    (312) 353-5300