FILED
JUL 07 2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

v.     Case No. 15 CR 515-1

Hon. John Z. Lee

ALBERT ROSSINI,
           Defendant

### DEFENDANT ROSSINI'S MOTION FOR PRODUCTION OF WITNESS STATEMENT FROM DETENTION HEARING

Defendant Albert Rossini (Rossini), pro se, respectfully requests this Honorable Court order the government produce to Rossini any and all witness statements used by the government in the August 2, 2017 bond revocation hearing before this Court.

Specifically, the government presented a synopsis of a statement allegedly made by Danielle Gabi to FBI agent(s) concerning Court approved trips Rossini made to Los Angeles, California in October 2016, December 2016, January 2017, March 2017, May 2017, and June 2017. Rossini requests the Court order the government to turn over a copy of the statement Ms. Gabi made to FBI agent(s) in their entirety to him.

Prior statements of witnesses who testify or who's statements, in any form, are used at a detention hearing must be disclosed pursuant to Fed.R.Crim.P. 26.2(g)(3).

In addition, Rule 46(i) and (j) entitled "Release From Custody" provides for production of witness statements at a detention hearing

-1-

held under 18 U.S.C §3142. There is no rational reason not to allow a copy of this witness statement to be forwarded to Rossini at MCC Chicago.

The Advisory Committee Notes to subdivision (i) makes plain that Congress intended that the section would apply to defendants seeking information. The Notes provide, for example, that "[t]he need for reliable information is no less crucial in a proceeding to determine whether a defendant should be released from custody. The issues decided at pretrial detention hearings are important to both a defendant and the community. It also has relevance to any future bond hearings the Defendant may seek.

The Court in a February 2020 hearing, denying Rossini's motion for new trial or, in the alternative, evidentiary hearing, stated essentially that Defendant Rossini had very little credibility with the Court. Rossini was prevented by his attorneys from testifying at his trial, nor did he testify at the bond revocation hearing. Therefore, the statement of Ms. Gabi is important and relevant to the Court's determination of Rossini's credibility. Unless, the Court has other extrajudicial reasons for its animus toward the Defendant.

Rossini's previous attorneys have refused to turn over any documents related to this hearing, including Ms. Gabi's statement, if they even had a copy of the statement. In fact, none of Rossini's Court appointed attorneys have turned over any discovery to him in either case 15 CR 515-1 or 17 CR 522, excepting Attorney Kling's sending of Pacer.gov documents. Therefore, Rossini has not seen FBI 302 summaries of witness interviews, and any exhibits or documents

including emails, and recordings from either case.  Rossini consistently requested such from his Court appointed attorneys months before the June 4, 2018 trial, to no avail.

Rossini needs and is entitled to this discovery for sentencing and appellate purposes.  See U.S. Const. Amend. V and VI.

WHEREFORE, Defendant Albert Rossini requests the Court order the government to immediately forward him a copy of Ms. Danielle Gabi's statement to FBI agent(s), and any and all discovery in 15 CR 515-1.


Respectfully submitted,

*/s/ Albert Rossini*

Albert Rossini
#08043-424
Defendant Pro Se
Metropolitan Correctional Center
71 W. Van Buren St.
Chicago, IL 60605

CERTIFICATE OF SERVICE

    I, Albert Rossini, certify that on June 29, 2020, I deposited copies of Defendant Rossini's Motion For Production of Witness Statement at Detention Hearing with the MCC Chicago Legal Mail System, first class postage prepaid and addressed as follows:

Clerk
United States District Court
Northern District of Illinois
219 S. Dearborn St.
Chicago, IL 60604

Hon. John Z. Lee
United States District Court Judge
Northern District of Illinois
219 S. Dearborn St.
Chicgao, IL 60604

U.S. Attorney
Northern District of Illinois
219 S. Dearborn St.
Chicago, IL 60604

Respectfully submitted,

*/s/ Albert Rossini*
Albert Rossini
Defendant Pro Se

ALBERT ROSSINI
#08043-424
METROPOLITAN CORRECTIONAL CENTER
71 W. VAN BUREN ST.
CHICAGO, IL. 60605

2020 JUL -7 AM 11:30

Legal Mail
Prisoner Correspondence

07/07/2020-29

Clerk of U.S. District Court
Northern District of Illinois
219 S. Dearborn Street
Chicago, IL. 60604

METROPOLITAN CORRECTIONAL CENTER
71 W. VAN BUREN STREET
CHICAGO, IL 60605

The enclosed letter was processed through special mailing procedures for forwarding to you. This letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the materiel for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.

07-01-2020