

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

JUL 10 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA,

v.

Case No. 15 CR 515-1

Hon. John Z. Lee
District Judge

ALBERT ROSSINI,
      Defendant.

DEFENDANT'S STATUS STATEMENT

AND DEMAND FOR RETRACTION OF GOVERNMENT'S

STATUS STATEMENT

On June 2, 2020, the government filed a status report with the Court pursuant to the Court's May 26, 2020 order, which the Defendsnt once again was not provided. Dkt. No. 599.1. In its status report the government stated as follows:

> 1. "All discovery has been tendered. Defendant has been tried and convicted and is awaiting sentencing...Although defendant was originally scheduled for sentencing on May 21, 2020, the Court struck that date following the district court's Third Amended General Order, Dkt. No. 593. A new sentencing date has not been set."
>
> 2. "There is one outstanding motion, namely defendant's April 9, 2020 motion to stay sentencing. Dkt. No. 589. Although the Court has scheduled this motion for hearing on May 13, 2020, Dkt. No. 590, the Court struck that hearing.
>
> Although the Court's Order contemplated a joint status report, as the Court is aware, defendant is proceeding pro se and is detained at the Metropolitan Correctional Center, where he has claimed, he is being held in quarantine. As a result, this status report is submitted only on behalf of the government."
>
> "....In light of the ongoing Court closure and the issues arising from the COVID-19 pandemic, the government proposes that the Court schedule a status and motion hearing in this case on a date convenient for the Court approximately 60 days from today's date."

Defendant responds as follows.

(1) Defendant has received only one Court order or statement in this case since early March 2020. The Defendant is unaware whether he is currently pro se, as no order has been tendered him as to the status of Attorney Kling's motion to withdraw. Nor is Defendant aware whether the Court has appointed him a new attorney for sentencing or if it insists upon his pro se representation. The Court refuses to direct the Clerk to send information concerning his case to Defendant at the MCC Chicago.

(2) Although the government tendered discovery to Court appointed counsels, Defendant, whom the government states is pro se, has not received FBI 302 statements or other discovery, including bank statements, recordings, emails, etc. in this case.

(3) In its status report the government states that the Defendant "claimed he is being held in quarantine," implying that the Defendant was lying about his confinement.

(4) In fact, on April 17, 2020, at approximately 4 p.m., delaying the MCC count, nine inmates, including the Defendant, were transferred from the 23rd Floor Unit Dormitory to Unit 15 cells as "at risk inmates." On April 28, 2020, the Defendant was tested for COVID-19 and his cell was isolated. On April 29, 2020, Defendant was transferred to Unit 15, Section 1, cell 25, a single inmate quarantine cell.

(5) Although the Defendant has tested negative for COVID-19 on three occasions, he was experiencing pneumonia-like symptoms and Dr. Mohan believed it wise for Defendant to stay in quarantine until May 21, 2020. At that point he was transferred to Unit 23.

(6) On May 30, 2020, Defendant was transferred to Unit 21 for inmates that had tested only negative for the virus. For verification, Defendant directs the Court to Health Service Administrator Ndife, Dr. Mohan, Unit Managers Ewell and Taylor, Captain McDonald, and Warden Assistant Bowers as well as Warden Heisner.

(7) Defendant demands the date of government's inquiry to the MCC as to Rossini's condition, quarantine status, together with the corroborating documentation that led the government to its statement "where he has claimed he is being held in quarantine."

(8) On June 22, 2020, seven (7) inmates on the Defendant's Unit 21, which had previously tested negative for the virus, and which Unit only houses inmates that have not tested positive, in fact tested positive and were sent to single cell quarantine cells. The Unit 21 was then declared a full PPE Unit and quarantined on the "deck" for 14 days.

(9) The government's indefensible falsehoods must be excised from the Court's records.

WHEREFORE, Defendant Rossini requests the Court either excise the government's statement from the record or order it stricken. In addition, the Defendant requests the Court hold its status and motion hearing on a date convenient to it in September 2020 so that the Defendant will have time to review discovery that it also requests the Court to order the government or his previous Court appointed attorneys to provide him. Lastly, Defendant requests the Court order the Clerk to provide him all future orders, motions memorandums in a timely manner.

Respectfully submitted,

*/s/ Albert Rossini*

Albert Rossini
Defendant
#08043-424
Metropolitan Correctional Center
71 W. Van Buren St.
Chicago, IL 60605

## CERTIFICATION OF SERVICE

On July 6, 2020, I deposited the attached motion in the MCC Chicago Legal Mail System, first class postage prepaid and addressed as follows:

Clerk of the U.S. District Court
Northern District of Illinois
219 S. Dearborn St.
Chicago, IL 60604

Hon. John Z. Lee
District Court Judge
Northern District of Illinois
219 S. Dearborn St.
Chicago, IL 60604

U.S. Attorney
Northern District of Illinois
219 S. Dearborn St.
Chicago, IL 60604


Respectfully,

*/s/ Albert Rossini*

Albert Rossini
#08043-424
Metropolitan Correctional Center
71 W. Van Buren St.
Chicago, IL 60605

ALBERT ROSSINI
#08043-424
METROPOLITAN CORRECTIONAL CENTER
71 W. VAN BUREN ST.
Chicago, IL 60605

Legal Mail
Attorney Correspondence

Clerk U.S. District Court
Northern District of Illinois
219 S. Dearborn Street
Chicago, IL 60604

METROPOLITAN CORRECTIONAL CENTER
71 W. VAN BUREN STREET
CHICAGO, IL 60605

The enclosed letter was processed through special mailing procedures for forwarding to you. This letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the materal for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.

07-07-2020