UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
AUG 2 4 2020
THOMAS G. BRUTON
CLERK, U.S DISTRICT COURT

UNITED STATES OF AMERICA,

v.

Case No. 15 CR 515-1
HON. JOHN Z. LEE

ALBERT ROSSINI,
        Defendant.

## DEFENDANT ROSSINI'S REQUEST AS TO SENTENCING PROCEDURE AND DISCOVERY

Defendant Albert Rossini, pro se (Rossini), responds to the Court's order setting a sentencing date and denying discovery.

(1) Defendant reiterates that he does not waive any of his rights in this proceedings, including right to counsel, and specifically asserts his right to be present in Court and participate in his sentencing hearing.

(2) Defendant requests the Court allow him to examine government witnesses either in Court or by video conference if they are unable to appear in Court at the sentencing hearing.

(3) Defendant requests that in order to present his version and amount of loss, restitution, number of victims and Defendant's sentencing defenses thereto, he be allowed to present witnesses and exhibits at sentencing (See Exhibit A, witnesses and exhibit list, attached and incoporated herein).

-1-

(4) In a prior motion, Defendant requested the Court order either the government or his former trial and post trial attorneys provide him discovery so he may adequately prepare for the sentencing hearing. Defendant has to date received no discovery from the government, although his former attorneys may, and his former trial attorneys have provided him with <u>no discovery</u>, and his post trial attorney with only that contained in Pacer.gov and the testimony of Thomas W. Murphy in U.S. v. Babajan and Anthony Khoshabe, the co-defendants.

(5) In its order denying discovery to the Defendant, the Court stated: "[w]hile Rossini claims that he lacks certain 'discovery materials' that were never 'produced or received' in this case but are nonetheless 'essential' to his arguments at sentencing, he only describes those materials and their purported value in exceedingly vague terms." However, the Court does not define its view of "vague."

(6) Defendant presumes the Court does not mean that Defendant is not entitled to certain discovery in order to prepare and defend his position at sentencing in regard to victims and victim losses, since that would seemingly be tantamount to the Court denying Defendant the right to counter the government's arguments. Therefore, Defendant will endeavor to be more specific in his discovery request.

(7) The Court's sentencing order states "[p]ursuant to 18 U.S.C. §3664(d)(1), if restitution is being sought in this case, the government shall provide the Probation Office and the courtroom deputy an electronic standardized spread sheet....current contact

information....The list should include any amounts subject to restitution and should be provided 60 days prior to the sentencing date." Defendant requests that this (i) information should also be provided to him by the government, and (ii) Defendant should have the right to present his spreadsheet and charts to the Probation Office and the Court 60 days prior to sentencing.

(8)  Defendant's request for discovery evidence and materials concerns his right to present his version of loss and victims in a cogent and correct presentation.  In order to do so, and not to be vauge, Defendant requests:

>(a)  Bank Statements, including checks, money orders, cashier checks and receipts of Devon Street Investments Ltd., in the government's possession, from 2011 through 2015;
>(b)  Bank Statements including checks, money orders, cashier checks and receipts of Devon Street Management, Ltd., in the government's possession, from 2011 through 2015;
>(c)  Bank Statements including checks, money orders, cashier checks and receipts of BRBK Investments and AD Investments, in the government's possession, from 2011 through 2015;
>(d)  Bank Statements of Reliant Management Inc. (or Ltd.) including checks, money orders, cashier checks and receipts in the government's possession, from 2011 through 2015;
>(e)  Bank Statements of Thomas W. Murphy including checks, money orders, cashier checks and receipts from 2011 through 2015;

    (f) insurance policies, list of insured properties and payments purchased by Devon Street Investments, Ltd. and Rockford Commercial Mortgage Co., Ltd. from 2011 through 2015 including, but not limited to, policies purchased from Mount Vernon Insurance Company, Seattle Specialty Insurance Company and State Farm Insurance Company. In September 2014, Attorney Glenn Seiden delivered this information to the government, without subpoena.

 (9) Also, in September 2014, attorney Seiden turned over files on each investor-victim to the government, without subpoena, and these files contained investor investment and payments, including property turnover. The Defendant is detained and does not have access to these files which the government is holding. Defendant needs these files and the documents in paragraph 8 above inorder to compare and contrast the government's expected chart of victim and victim losses including restitution.

 (10) It is only reasonable for the Court to order a turnover of the above requested material to the Defendant so that he can properly prepare for his sentencing hearing.

 (11) A defendant has a constitutional right to be sentenced on the basis of accurate information. <u>United States v. Rollins,</u> 544 F.3d 820, 838 (7th Cir. 2008); <u>United States v. Townsend</u>, 73 F.3d 747, 751 (7th Cir. 1996). The Court should not rely solely upon information presented to it by the government at sentencing when the Defendant requests to present his version of victims, loss, and restitution. Information presented by the government must have

sufficient indicia of reliability, however, it is unreasonable to believe the information reliable without the Defendant in this case having a right to contradict or explain said information. Hearsay is admissible at sentencing hearing, but contested hearsay must be reliable and the Defendant must be afforded a reasonable opportunity to rebut. United States v. Edwards, 115 F.3d 1322, 1326 (7th Cir.1997). It is unreasonable to deprive the Defendant of the discovery material above requested and allow the government solely to present its information at sentencing.

(12) Defendant realizes that the Confrontation Clause does not give defendants a constitutional right to cross examine sentencing witnesses, United States v. Rocke, 415 F.3d 614, 618 (7th Cir. 2005). However, reliance on government information including spreadsheets and witnesses in determining loss and number of victims, and the Defendant's responsibility, implicates the Due Process Clause. In determining what evidence is reliable, the Court has considerable discretion to "conduct an inquiry broad in scope, largely unlimited either as to information [the judge] may consider, or the source from where it may come." United States v. Adams, 879 F.3d 826 (7th Cir.2018).

(13) The Defendant needs the discovery sought in this motion to furnish evidence that calls the government and/or PSR's correctness into question. At that point, the burden shifts to the government to demonstrate the accuracy of the information. United States v. Mays, 593 F.3d 603, 608 (7th Cir. 2010).

(14)   The Court may rely on evidence taken at a co-defendant's trial, but the judge should warn the defendant and provide him the opportunity for him to review the trial transcript to respond. United States v. Are, 590 F.3d 499, 524 (7th Cir. 2009). Defendant requests the Court accord Defendant the information on whether the government intends to use any information from the trial of co-defendants Babajan and Anthony Khoshabe at Rossini's sentencin hearing. If so, Rossini requests transcripts and exhibits from the Khoshabe trial to prepare for Defendant's sentencing hearing. See also, United States v. Pulley, 601 F.3d 660, 665 (7th Cir. 2010).

(15)   Whether the Court uses actual loss (see United States Hollusa, 13 F.3d 1043 (7th Cir. 1994) or intended loss (see United States v. Lane, 323 F.3d 568 (7th Cir. 2003), the Defendant needs the above stated discovery documents in order to mitigate his sentencing exposure.

THEREFORE, Defendant Albert Rossini requests the Court order the aforementioned discovery be turned over to him immediately but not less than a time which allows him sixty (60) days to prepare for sentencing hearing. In addition, Defendant requests the Court order the government to inform Rossini whether it intends to use any testimony or documentation inlcuding exhibits of the Khoshabe trial in Defendant's sentencing hearing or in calculating number of victims and loss in Defendant's sentencing hearing.

Respectfully submitted,

*/s/ Albert Rossini*
Albert Rossini

## EXHIBIT A

### Defendant Rossini's Preliminary List of Witnesses

Glen Seiden, Esq.

Richard Kruse, Esq.

Meir Rotstein

Denise Azizian

Fereidoon Khoshabe

Anthony Klytta, Esq.

Saul Eisenstein

Janet Khoshaba

Havanna Moshi

Brian Tracy, Esq.

### Defendant Rossini's Preliminary List of Exhibits

Spread Sheet of Investor Investment and Payment to Investors

Property turned over to Investors

Value of Properties (Comparative Market Analysis Statements)

Rossini Income and Expenses (including companies owned by Rossini)

Mortgage Notes and Cashier Checks

CERTIFICATE OF SERVICE

I certify that on August 10, 2020, I deposited this Motion "Defendant Rossini's Request As To Sentencing Procedure And Discovery" with the Chicago MCC Legal Mail System, first class postage prepaid, and addressed to the following:

Clerk of the Circuit Court
U.S. District Court
Northern District of Illinois
219 S. Dearborn St.
Chicago, IL 60604

Hon. John Z. Lee
U.S. District Court Judge
Northern District of Illinois
219 S. Dearborn St.
Chicago, IL 60604

United States Attorney
Northern District of Illinois
219 S. Dearborn St.
Chicago, IL 60604

Respectfully submitted,

*/s/ Albert Rossini*

Albert Rossini
Defendant Pro Se
#08043-424
Metropolitan Correctional Center
71 W. Van Buren St.
Chicago, IL 60605



ALBERT ROSSINI
#08043-424
Metropolitan Correctional Center
71 W. Van Buren St.
Chicago, IL 60605

Hon. John Z. Lee
United States District Court
219 S. Dearborn St.
Chicago, IL 60604

Legal Mail
Courtesy Copy

METROPOLITAN CORRECTIONAL CENTER
71 W. VAN BUREN STREET
CHICAGO, IL 60605

The enclosed letter was processed through special mailing procedures for forwarding to you. This letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.

08-18-2020