SH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

SEP 0 4 2020

**THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT**

UNITED STATES OF AMERICA,

                   v.

Case No. 15 CR 515-1
HON. JOHN Z. LEE

ALBERT ROSSINI,
               Defendant.

## DEFENDANT ROSSINI'S RENEWED REQUEST
## FOR APPOINTMENT OF COUNSEL

NOW COMES Defendant Albert Rossini pro se ("Rossini") and renews his request of February 19, 2020 that this Honorable Court appoint an attorney to represent him at sentencing. In support of this request, Rossini states as follows.

(1)    Defendant's retained attorney, Glen Seiden was, over Defendant's objection, disqualified as counsel in this case (dates are uncertain as Defendant has been detained since July 28, 2017 and unable to access his files or discovery in this case).

(2)    The Court appointed Keri Ambrosio to defend Rossini. In March 2017, attorney Ambrosio withdrew from representation when, after discussion, Rossini refused to plead guilty to the indictment.

(3)    Court appointed attorneys Joshua Adams and Scott Frankel represented Defendant from approximately April 2017 through trial in June 2018. On June 4, 2018, prior to trial, Rossini requested the Court continue the trial and appoint alternative counsel(s) arguing

-1-

that attorneys Adams and Frankel were both unprepared for trial
and did not understand even the rudimentary aspects of the case.
At the time, Rossini did not know that Adams and Frankel had not
filed one of the six motions presented to them for filing nor had
they investigated one of the more than ten witnesses provided them
by the Defendant. Rossini was unaware that Adams and Frankel did
not intend to present a defense, as they had not informed him of such.
(Rossini was then detained at the Chicago MCC and neither Frankel nor
Adams had visited with him in the month prior to trial). The Court
denied Rossini's request for a continuance and alternate counsels.

(4)   In September 2018, attorney Richard Kling was appointed
to file a motion for new trial on behalf of Defendant after Rossini
complained of ineffective assistance of counsel at trial by his
previous court appointed attorneys. Attorney Kling withdrew on or
around November 2019 when Rossini insisted on filing a Reply brief
disputing the government's assertion in its Response to the Motion
for New Trial that defense counsels Adams and Frankel did not need to
investigate defense witnesses since they had already been interviewed
by FBI Agents. Defendant then filed a pro se Reply unsupported by
attorney Kling, although in his motion for new trial, Kling had
stated that attorneys Adams and Frankel had admitted to him that they
did not question one of Rossini's witnesses although their names
had been provided to them in support of his assertion of innocence.

(5)   On or about February 19, 2020, in a Court appearance,
Rossini was informed that his motion for new trial was denied by
this Court and a sentencing date was set for May 21, 2020.

-2-

(6)    Defendant requested that the Court appoint a new counsel to assist him at sentencing since attorney Kling had not supported Rossini's Reply to the government and therefore was conflicted in his representation.  Over Defendant's objection, the Court reappointed attorney Kling to represent Rossini at sentencing.

(7)    At a subsequent MCC attorney visit and prior to the BOP COVID-19 lockdown, Defendant and attorney Kling disagreed as to Rossini's desire to contest loss, victims, restitution, and other sentencing matters.  The parties agreed that attorney Kling should withdraw.

(8)    Thereafter, the MCC was placed on the nationwide BOP lockdown and then modified lockdown, which it has remained since approximately March 15, 2020 until present.  Rossini was quarantined from April 28 until May 21, 2020 (although the government seems to dispute this fact [quarantine Unit 15, Section 1, cell 25]), and received no correspondence from the Court or attorney Kling during or after that period.  Defendant assumes that attorney Kling's motion for withdrawal was granted as he is referred to as pro se in later Court orders graciously provided him by attorney Glen Seiden. Based upon these orders Defendant presumes the Court will not appoint him an alternative counsel for representation at sentencing.

(9)    The Supreme Court extended the right to counsel to various "critical" stages of the prosecution and held that sentencing is one such "critical" stage.  Thus, whenever a defendant is denied counsel during sentencing, the Supreme Court has uniformly found constitutional error without any showing of prejudice needed. See United States v. Cronic, 466 U.S. 648 (1984).

-3-

(10)   The Court has refused to appoint Defendant alternative counsel to represent him and instead insisted on Defendant accepting attorney Kling's conflicted representation or he must proceed pro se. Forcing a criminal defendant to surrender one constitutional right "in order to assert another" is "intolerable." Simmons v. United States, 390 U.S. 377, 394 (1968).

(11)   A defendant in a criminal proceeding is entitled to certain rights and protections which derive from a variety of sources. He is entitled to all of them, he cannot be forced to barter one for another. When the exercise of one right is made contingent upon the forbearance of another, both rights are corrupted. United States ex rel. Wilcox v. Johnson, 555 F.2d 115, 120 (3rd Cir. 1977).

(12)   Similarly, the government has refused to turn over discovery needed by Defendant to contest the prosecution's sentencing requests. The Court has not ordered a turnover of this material to the Defendant further restricting Rossini's ability to present his objections at sentencing. See United States v. Ryan, 810 F.2d 650, 656 (7th Cir. 1987)(recognizing the government is precluded from "coercing the waiver of a constitutional right either by conditioning the exercise of one constitutional right on the waiver of another....or by attacking the conditions that penalize the exercise of a constitutional right.").

Defendant Rossini renews his request that this Honorable Court appoint him alternative counsel to represent him at sentencing.

Respectfully submitted,

Albert Rossini
Defendant Pro Se
#08043-424

-4-

CERTIFICATE OF SERVICE

I, Albert Rossini, certify that on August 31, 2020, I deposited the above Defendant Rossini's Renewed Request For Appointment Of Counsel, with the MCC Chicago Legal Mail System, first class postage prepaid and addressed to the Clerk of the United States District Court, 219 S. Dearborn St, Chicago, IL 60604; the United States Attorney, 219 S. Dearborn St, Chicago, IL 60604; and the Honorable John Z. Lee, 219 S. Dearborn St, Chicago, IL 60604.

Respectfully submitted,

Albert Rossini
Defendant

RECEIVED

SEP 04 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT



09/04/2020-26

ALBERT ROSSINI
#08043-424
METROPOLITAN CORRECTIONAL CENTER
71 W. VAN BUREN ST.
Chicago, IL 60605

Legal Mail
Prisoner Correspondence

Clerk of the US District Court
Northern District of Illinois
219 S. Dearborn St.
Chicago, IL. 60604

Date: 09-01-2020

return the enclosure to the above address.≡

...ffiter encloses correspondence for forwarding to another addressee, please

...may wish to return the material for further information or clarification.   If the

...ffiter raises a question or problem over which this facility has jurisdiction, you

...forwarding to you.  This letter has neither been opened nor inspected.   If the

The enclosed letter was processed through special mailing procedures for

CHICAGO, IL 60605

71 W. VAN BUREN STREET

METROPOLITAN CORRECTIONAL CENTER