UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALBERT ROSSINI | No. 15 CR 515-1<br><br>Judge John Z. Lee |

**GOVERNMENT'S RESPONSE TO DEFENDANT ROSSINI'S REQUEST
AS TO SENTENCING PROCEDURE AND DISCOVERY**

Now comes the UNITED STATES OF AMERICA, by and through its attorney, JOHN R. LAUSCH, JR., and respectfully submits this response to defendant ALBERT ROSSINI's Request as to Sentencing Procedure and Discovery [Dkt. 628], and states the following:

1. <u>Sentencing Procedure</u>: The government does not object to defendant's request to appear in person at his sentencing hearing on October 13, 2020, and in fact the Court has already ordered the U.S. Marshals to transport the defendant to appear at the sentencing hearing on that date. Dkt. 627.

2. <u>Examination of Witnesses and Victims</u>: Defendant requests that the Court allow him to examine government witnesses. After reviewing the defendant's sentencing memoranda, the government will determine what witnesses, if any, it intends to present to prove by preponderance of the evidence any disputed Guidelines calculations or enhancements. If the government presents any such witnesses during the sentencing hearing, it has no objection to defendant cross-examining those witnesses.

3. While the government does not object to defendant cross-examining witnesses (if any) who testify regarding Guidelines enhancements, the same is not true for victims who may provide victim impact statements during the sentencing hearing. Indeed, it is well-established that the Confrontation Clause does not apply at sentencing hearings (*United States v. Harmon*, 721 F.3d 877, 888 (7th Cir. 2013), and defendants have no right to cross-examine victims during sentencing hearings. *United States v. Green*, 718 Fed. Appx. 141 (3rd Cir. 2018); *United States v. Castillo*, 476 F. App'x 774, 775 (5th Cir. 2012). Accordingly, the government objects to defendant's request to cross-examine victims who provide victim impact statements at the sentencing hearing on October 13, 2020.

4. <u>Defendants' Witnesses</u>: In theory, the government does not object to the defendant presenting witnesses with information that is pertinent to the Court's assessment of the applicable Guidelines range, 3553(a) sentencing factors, and restitution amount. However, the government respectfully requests that the Court direct defendant to proffer, either in a court filing or during a telephonic hearing, the expected testimony of each witness listed on Exhibit A to his motion. To the extent that the defendant is offering the testimony of witnesses regarding his guilt or innocence, the government objects to the witness testimony as irrelevant.

5. <u>Discovery:</u> The defendant asserts that "his former trial attorneys have provided him with <u>no discovery</u>." Dkt. At 635 at ¶ 4. That is false. First, the undersigned counsel has confirmed that the government produced discovery to

2

defendant's attorneys on September 22, 2015, September 30, 2015, October 28, 2015, November 10, 2015, January 15, 2016, July 7, 2016, July 18, 2016, September 20, 2016, September 15, 2017, January 2, 2018, and October 17, 2018. Second, the undersigned counsel for the government has personally spoken with three of the five counsel who represented defendant in this case, and each confirmed that they provided discovery to the defendant and discussed discovery with the defendant. Finally, the government confirms that the discovery previously produced—on multiple occasions, to five prior defense counsel—includes the materials defendant now seeks, including the materials referenced in paragraph 9, which defendant initially produced to the government and the government reproduced to defendant during discovery. The Court recently rejected defendant's assertion that his five prior counsel failed to provide him with discovery produced by the government, and the Court should once again reject that preposterous allegation.

      6.    <u>Restitution Calculation</u>: Defendant also requests a copy of the restitution spreadsheet that was submitted by the government to the Probation Department. The list of victims and other restitution information from that spreadsheet is included in paragraph 155 of the Presentence Investigation Report,

which was completed on September 3, 2020 and a copy of which Probation provided to defendant.

                    Respectfully submitted,

                    JOHN R. LAUSCH, JR.
                    United States Attorney

By:  *s/ John D. Mitchell*
        JOHN D. MITCHELL
        Assistant U.S. Attorney
        219 South Dearborn St., Rm. 500
        Chicago, Illinois 60604
        (312) 353-5159

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was served on September 9, 2020, in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, L.R. 5.5, and the General Order on Electronic Case Filing ("ECF") pursuant to the district court's system as to ECF filers.

      *s/ John D. Mitchell*
      JOHN D. MITCHELL
      Assistant U.S. Attorney
      219 South Dearborn St., Rm. 500
      Chicago, Illinois 60604
      (312) 353-5159