FILED

SEP 28 2020 SH

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

v.                                      Case No. 15 CR 515-1
                                        HON. JOHN Z. LEE

ALBERT ROSSINI,
                Defendant.

### DEFENDANT ROSSINI'S REQUEST FOR POSTPONEMENT
### AND RESET OF SENTENCING HEARING

Now comes Defendant Albert Rossini pro se ("Rossini") and requests
a 90-day postponement of his October 13, 2020 sentencing date.  This
request is based upon Fed.R.Crim.P. Rule 32, U.S. Const. Amend. V and
VI.  In support thereof, Rossini states as follows.

(1).  Rule 32(e)(2) contains Disclosing the Report and Recommendation
with Minimum Required Notice of the Presentence Investigation Report.
The probation officer must give the presentence report to the defendant,
the defendant's attorney, and an attorney for the government at least 35
days before sentencing unless the defendant waives this minimum period.[*]
Defendant has been corresponding with Mr. Zakary Freeze, U.S. Probation
but as of this date, September 21, 2020, Defendant has not received the
Presentence Report, and therefore cannot decide whether objections are
necessary.  Rossini is not represented by counsel, although he has
requested the Court appointment him alternative counsel to Richard Kling.
Mr. Kling has either withdrawn as counsel or effectively absented himself
from Defendant's representation.  The Court has not sent Defendant an
order clarifying this representation or lack thereof.  Rossini has not
received the government's chart of victims, loss and restitution.  The
Court ordered the government to present this information 60-days prior to

-1-

* Defendant does not waive the right to a minimum period of 35 days.

sentencing or seek a continuance of the sentencing hearing (order graciously provided Rossini by former counsel Glen Seiden).

(2).  The lack of correspondence by the Court is unreasonable especially with a sentencing date of October 13, 2020.

(3).  Rossini was detained on July 28, 2017 and placed at JCDC, Kankakee, Illinois.  On May 10, 2018, he was transferred to MCC Chical. Defendant has effectively been without representation for much of this period and definitely lacking any contact with counsel since March 2020.

(4).  MCC Chicago has been on lockdown or modified lockdown since mid-March 2020 due to the COVID-19 pandemic.  As such, the detainee has been unable to use the law library and legal mail has been sporadic. Rossini has attempted to correspond with defense witnesses via postal mail.  Prior to lockdown, SIA Director (Internal Affairs) Selby informed Defendant that at the government's insistence, defense witness Meir Rotstein's email domain had been blocked by the BOP.  Consequently, Defendant is unable to obtain Comparative Market Analysis of properties he purchased and transferred to investors.  Such blatant witness tampering would have certainly brought Defendant an additional charge had he attempted such outrageous conduct.  See Arthur Andersen LLP v. United States, 544 U.S. 696 (2005).

(5).  An ordinary man needs a lawyer to assure himself a fair trial (or sentencing hearing).  This empirical proposition transformed into legal maxim forms the basis for many seminal Supreme Court decisions. See Mayberry v. Pennsylvania, 400 U.S. 455, 462 (1971); Argersinger v. Hamlin, 407 U.S. 25, 33 (1978); Gideon v. Wainwright, 372 U.S. 335, 344 (1963); Johnson v. Zerbst, 304 U.S. 458, 462-63 (1938); Powell v. Alabama, 287 U.S. 45, 68-69 (1932); Faretta v. California, 422 U.S. 806 (1975).

-2-

(6).    In United States v. Cronic, the Supreme Court extended
the right to counsel to various "critical" stages of the prosecution
and held that sentencing is one such "crtical" stage.  Thus,
whenever a defendant is denied counsel during sentencing, the
Supreme Court has uniformly found constitutional error without
any showing of prejudice needed.  See Cronic, 466 U.S. 648 (1984).

(7).    Defendant Rossini has not voluntarily elected to
represent himself at sentencing.  On  February 19, 2020 (approximately)
Defendant requested the Court appoint a new counsel to represent
him at sentencing since attorney Richard Kling had not supported
his Reply to the government in Rossini's motion for new trial pursuant
to Rule 33, and, therefore, Defendant believed Kling was conflicted
in his representation.  The Court refused and reappointed Kling
to  represent the Defendant.

(8).    At a subsequent MCC attorney/client visit, and prior
to the BOP COVID-19 lockdown, Defendant and attorney Kling disagreed
as to Rossini's anticipated arguments to loss, victims, and other
potential sentencing enhancements.  Again, attorney Kling adopted
the government's anticipated position.  The parties agreed that
Kling  should withdraw.  Defendant presumes that attorney Kling's
motion to withdraw was granted as Defendant has not heard from
him concerning representation in 15 CR 515-1, and Defendant is
referred to as "pro se" (when referred to) thereafter.  As previously
stated, former Rossini attorney Glen Seiden has graciously provided
 court information to Rossini, although unlike the Court, he
is not required to do so.

(9).    The Court has refused to appoint Defendant alternative
counsel to represent him and instead insisted on Defendant accepting
attorney Kling's representation or proceed pro se.  Forcing a
criminal defendant to surrender one constitutional right "in
order to assert another" is "intolerable."  Simmons v. United
States, 390 U.S. 377, 394 (1968).  A defendant in a criminal
proceeding is entitled to certain rights and protections which
derive from a variety of sources.  He is entitled to all of them,
he cannot be forced to barter one for another.  When the exercise
of one right is made contingent upon the forbearance of another,
both rights are corrupted.  United States ex rel. Wilcox v. Johnson,
555 F.2d 115, 120 (3rd Cir. 1977).  The Court has placed Defendant
in the position that if he wishes a court appointed counsel for
sentencing, he must forego presenting both a complete defense
and adequate representation with the result that he must succumb
to the maximum penalty without objection.

(10).    A jailed pro se defendant will almost certainly present
an inadequate defense because incarceration prevents him from
preparing any meaningful defense.  The Chicago MCC, as well as
other jails and detainment centers, does not provide the detainee
either adequate access to legal research materials or the means
to investigate factual aspects of the case.  This Court also
denied the Defendant the right to work directly with a court
apppointed investigator, John Rea, inorder to obtain defense
witness affidavits in his bid for a new trial.

-4-

(11).    The Defendant argues that since the Court has forced
him into a pro se defense, he has the right to an adequate opportunity
to prepare for the sentencing hearing.  When a defendant is either
forced to represent himself, or if he elects to do so, the Defendant
does not waive his right to prepare.  Faretta, 422 U.S. 806 (1975).
Thus, if the prosecution restricts a pro se defendant's preparation
by jailing him, it must provide an alternative means of preparing
a defense.

(12).    A pretrial alternative means of preparing a defense,
a means both benefiting the defendant and increasing the efficiency
of the judicial process is the appointment of standby counsel
to aid the detainee in his trial or sentencing preparation.
Professor Kling was Defendant's appointed standby counsel during
the Defendant's Reply stage of his motion for new trial.  Although
Kling did provide Rossini with transcripts of Thomas Murphy's
testimony in the Khosabes' trial, there was very little contact
between attorney Kling and Defendant during this period.  Therefore,
the process was useless.  This case presents the possibility
of a pro se representation due to detainment and pandemic difficulties
that is shockingly inferior to what may be expected of the prosecution.
See Faretta v. California, 422 U.S. 806 (1975).

(13).    The most startling disadvantage is that a pro se
defendant may be prevented from making preparation for either
trial, post-trial motions, or sentencing.  The opportunity to
perform the pretrial legal and factual research necessary for
the presentation of a defense either at trial or sentencing hearing

-5-

is seen as concomitant of the right to counsel which does not survive the waiver of that right. Such decisions amount to a rule that a pro se defendant has no right to an adequate opportunity to prepare his defense. It is understandable that the right to an adequate opportunity to prepare should have become bound up in the Sixth Amendment's guarantee of a right to counsel, if only because so many adjudications have involved attorneys who, through inadequate preparation, have deprived their clients to the effective assistance of counsel. Yet, a waiver of the right to adequate preparation by counsel is not a waiver of the right to an adequate opportunity for the Defendant to prepare.

(14). At MCC Chicago, the library is woefully inadequate and the computer library that is accessible in the housing units must be used by between 88-110 inmates. It is not physically possible to spend "meaningful" time in research. Defendant's detention presents a difficult obstacle to the preparation of a defense.

(15). Where Defense Counsel is unable to adequately prepare a defense because only the defendant, himself, is able to identify exculpatory witnesses, it has been held that the defendant must be freed from pretrial custody, since otherwise, his due process rights would be violated. In the due process clause of the Fifth and Fourteenth Amendments, there rests a guarantee that the defendant in a criminal prosecution will be granted adequate opportunity to prepare his defense, including sentencing hearing.

-6-

See Faretta v. California, 422 U.S. 806 (1975).

(16).    The government and the Court have jailed a pro se
defendant, refused to provide him access to legal research materials,
prevented him from contacting witnesses essential to his defense
(see SIA Selby, supra paragraph 4), and prohibited him from conducting
necessary investigation.  The Defendant has a right to complain
that the government and the Court have denied him an adequate
opportunity to prepare and they have compromised his due process
right to a fair post trial process and sentencing hearing.  "Any
experienced trial lawyer knows that a purported trial [and sentencing
hearing] without adequate preparation amounts to no trial at
all."  See United States v. Pomeroy, 185 F.2d 272, 274 (9th Cir.
1973), cert. denied, 415 U.S. 921 (1974)(detainee released without
bail at close of Government's case for purpose of contacting
witnesses).

(17).    A defendant should have the opportunity to present
his best defense.  The process must be a fair one.  The government,
with its obvious advantages over the accused, must at least act
in a responsible manner so that the public faith in the criminal
process is not imperiled.  Few pro se defendants succeed because
of these impediments; yet, the Defendant believes certain crucial
evidence must be admitted on his behalf for a fair process at
sentencing.  Therefore, he requested an alternative counsel to
attorney Kling so that this evidence and defense arguments can
be presented at sentencing.

-7-

## CONCLUSION

Defendant Rossini recognizes that the issue of guilt is now a subject for the Seventh Circuit Court of Appeals and a new trial. However, the issues and arguments of sentencing demand the Defendant is accorded due process by this Court based upon the Fifth Amendment and right to counsel based upon the Sixth Amendment to the U.S. Constitution.

Therefore, Defendant again requests this Court appoint him a new attorney to prepare for sentencing and postpone the October 13, 2020 Sentencing Hearing accordingly.


Respectfully submitted,

Albert Rossini
Defendant Pro Se
USM #08043-424
Metropolitan Correctional Center
71 W. Van Buren St.
Chicago, IL 60605

## CERTIFICATE OF SERVICE

I, Albert Rossini, certify that on September 21, 2020,

I deposited the Defendant's Request For Postponement of Sentencing

Hearing and Reset of Sentencing Hearing, first class postage

prepaid and addressed as follows.


Clerk of the United States District Court
Northern District of Illinois
219 S. Dearborn St.
Chicago, IL 60604


U.S. Attorney
For the Northern District of Illinois
219 S. Dearborn St.
Chicago, IL 60604


Hon. John Z. Lee
United States District Court
219 S. Dearborn St.
Chicago, IL 60604


Respectfully submitted,

Albert Rossini #08043-424
Defendant Pro Se
Metropolitan Correctional Center
71 W. Van Buren St.
Chicago, IL 60605

ALBERT ROSSINI
#08043-424
Metropolitan Correctional Center
71 W. VAN BUREN St.
Chicago, Il. 60605

2020 SEP 28 AM 10: 52



09/28/2020-19

Clerk, U.S. DISTRICT COURT
Northern District of Illinois
219 S. Dearborn Street
Chicago, IL. 60604

Legal Mail
Prisoner Correspondence

METROPOLITAN CORRECTIONAL CENTER
71 W. VAN BUREN STREET
CHICAGO, IL 60605

The enclosed letter was processed through special mailing procedures for
forwarding to you.  This letter has neither been opened nor inspected.  If the
writer raises a question or problem over which this facility has jurisdiction, you
may wish to return the materiel for further information or clarification.  If the
writer encloses correspondence for forwarding to another addressee, please
return the enclosure to the above address.≅

Date: 09-23-2020