UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVSION

**FILED**

OCT 06 2020 

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA,

v.

Case No. 15 CR 515-1
Hon. John Z. Lee

ALBERT ROSSINI,
       Defendant.

### DEFENDANT ROSSINI'S PRELIMINARY OBJECTIONS TO SENTENCING PROCEDURES AND INFORMATION

Now comes Defendant Albert Rossini ("Rossini") and objects to the Court's procedure and lack of responses to his motions as unreasonable in light of the sentencing date of October 13, 2020. In support thereof, Defendant states as follows.

(1). On July 22, 2020, the Court ordered a sentencing hearing for October 13, 3030 at 10:15 a.m.

    (a). The cause was referred to the probation office for the preparation of a presentence investigation report. The probation office was directed to provide the parties with a copy of its sentencing recommendation.

    (b). Defendant's sentencing memorandum and objections to the report were to be filed by 9/28/20, and the government's response filed by 10/5/20.

    (c). If the government is seeking an order of forfeiture a motion for entry of a preliminary order of forfeiture should be filed by 9/21/20. Any objections or responses to the motion should be filed by 10/5/20; if no objection

-1-

is filed, any objections will be deemed waived and the motion will be granted.

(d). Pursuant to 18 U.S.C. §3664(d)(1), if restitution is being sought in this case, the government shall provide the probation office and the courtroom deputy an electronic standardized spread sheet with a list of victims and their full current contact information. This list should include any amounts subject to restitution and should be provided 60-days prior to the sentencing date. If the government is not able to provide a full list of victims 60-days prior to sentencing hearing, it should file a motion to request an exten= sion of time to compile the information, to the extent per permitted by 18 U.S.C. §3554(d)(5).

(2). On August 4, 2020, Defendant filed a status report as to appearance at sentencing in court rather than by video. Defendant now will accept video sentencing since the Court has not allowed him adequate time to prepare for sentencing. The government's information as to forfeiture, loss, victims (Defendant realizes he will not receive current information as victim contact information, and does not need or wish such), and restitution have not been received by the Defendant. Therefore, it is impossible to rebut something he has not been provided. On or about August 25, 2020, Defendant received a telephone call from Senior Probation Officer Zakary Freeze who then forwarded to Defendant documents to be prepared by Rossini and authorization forms for Defendant to sign allowing probation to receive privileged information. Rossini returned the

-2-

signed authorization forms to Mr. Freeze. As of October 1, 2020, Defendant has not received the presentence investigation report and he assumes probation is awaiting government calculations as to forfeiture, loss and restitution as is the Defendant.

(3). Since Defendant is to object to loss, forfeiture, victims and restitution by October 5, 2020, Rossini objects to each of the above: number of victims, loss, forfeiture and restitution in order to preserve his rights.

(4). On August 12, 2020, Defendant requested sentencing procedure and discovery to be prepared for sentencing. The Court had stated that Rossini's request for discovery was "vague." Therefore, not to be vague, Defendant filed an additional request for sentence procedure and discovery with specific discovery items stated and requested so that Rossini could prepare adequately for his sentencing hearing. On September 2, the Court ordered the government to respond to Rossini's motion for sentencing procedure and discovery. The government did not mail its response to Defendant, however, former counsel Glen Seiden graciously paraphrased the response in a short Corrlinks email to the Defendant. Rossini then replied to the government's assertions that all discovery had been turned over. Defendant does not dispute that the government turned over the specific items he was seeking, to his former trial and post-trial counsel; however, those attorneys never supplied them to Rossini. Defendant requested the Court also order those attorneys to transfer the items to Rossini.

(5). Rossini has also renewed his request for alternative counsel to represent him at sentencing.

(6).   Lastly, Defendant Rossini has filed a motion requesting that since none of the Court requirements have been received by him, the Court postpone and reset the sentencing hearing.

(7).   To date, the Court has answered none of Rossini's sentencing filings, excepting the "vague" request for discovery.

Wherefore, Defendant Rossini files his preliminary objection to any forfeiture, loss, restitution and number of victims, relevant conduct and leadership role.  It is not possible for the Defendant to be more specific since the government and the Court has not provided him with the specifics that the Court ordered on July 22, 2020.

Respectfully submitted,

Albert Rossini
Defendant Pro Se
USM # 08043-424
Metropolitan Correctional Center
71 W. Van Buren St.
Chicago, IL. 60605

-4-

CERTIFICATE OF SERVICE

I, Albert Rossini, certify that on October 1, 2020, I deposited Defendant Rossini's Preliminary Objections To Sentencing Procedures And Information, in the Chicago MCC Legal Mail System and addressed as follows.  First class postage prepaid.

Clerk of the U.S. District Court
Northern District of Illinois
219 S. Dearborn St.
Chicago, IL 60604


Hon. John Z. Lee
U.S. District Judge
219 S. Dearborn St.
Chicago, IL. 60604

U.S. Attorney
Northern District of Illinois
219 S. Dearborn St.
Chicago, Il. 60604


Respectfully submitted,

Albert Rossini

Albert Rossini
#08043-424
Metropolitan Correctional Center
71 W. Van Buren St.
Chicago, IL 60605

RECEIVED
2020 OCT -6 AM 11:04 W

LEGAL MAIL

PRISONER CORRESPONDENCE

10/06/2020-19

Hon. John Z. Lee
U.S. District Court Judge
Northern District of Illinois
219 S. Dearborn St.
Chicago, IL 60604

S SUBURBAN IL 604

2 OCT 2020

60604-180099

METROPOLITAN CORRECTIONAL CENTER
71 W. VAN BUREN STREET
CHICAGO, IL 60605

A The enclosed letter was processed through special mailing procedures fc forwarding to you. This letter has neither been opened nor inspected. If th forwarding raises a question or problem for further information or jurisdiction, yo writer raises a question or material for forwarding to another addressee. If th may wish to return the correspondence above addressee, pleas writer encloses correspondence to the above address.≡ return the enclosure to the above address.

Date: 10-02-2020