UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff, ) | |
| ) | No. 15 CR 515 |
| ) | |
| ) | |
| | Honorable John Z. Lee |
| ALBERT ROSSINI | |
| Defendant. | |

**MOTION FOR COUNSEL'S WITHDRAWAL AND THE APPOINTMENT OF NEW COUNSEL FOR ROSSINI'S BASED ON ROSSINI FILED MAY/JUNE 2021 LETTERS**

NOW COMES, ATTORNEY CLARENCE BUTLER JR., OF THE LAW OFFICE OF CLARENCE BUTLER JR., DEFENSE COUNSEL FOR ALBERT ROSSINI respectfully hereby submits to this HONORABLE COURT, *Motion For Counsel's Withdrawal And The Appointment Of New Counsel For Rossini's Based On Rossini Filed May/June 2021 Letters*.

Defendant Rossini has adopted an antagonistic and adversarial relationship with counsel that has created an irreconcilable conflict rendering the attorney-client relationship irretrievably

1

severed and incapable of reconciliation and rehabilitation. Rossini's latest letter submissions to the court in May and June 2021 are neither complete or correct. Counsel has attempted to avoid responding to Rossini's submissions to the court, but has no alternative and is compelled to do so on a limited basis considering the totality of circumstances. Counsel has contemplated case factual, legal, strategical, and tactical issues, given Rossini mandates and directives in light of the totality of circumstances. Specifically, considering counsel's post trial/pre-sentence appointment, and balancing client Rossini mandates, with efficacy and ethical considerations, counsel has concluded that counsel is compelled to withdraw.

 In an effort of last resort, as well as a final attempt to reconcile and rehabilitate the attorney client relationship, counsel had independent counsel meet with Rossini on Friday, May 14, 2021. It should be noted that this arrangement was scheduled prior to counsel being made aware of Rossini's filed letter with this court in May 2021. Independent counsel was engaged by counsel to assess contradictory mandates, ethical and efficacy considerations relative to proceeding in accordance with professional responsibility obligations, in light of the ongoing vicissitudes of Rossini demands.

  First, counsel will address Rossini's letters, by noting that if there have been any delays relative to this matter, it is significantly attributable to counsel's review and consideration of the efficacy of Rossini's demand submissions. Consideration of Rossini's demands, and discussions with the government relative to their positions as it relates to said demands inter alia,, is not dilatory or an abdication of counsel's professional responsibility. In fact, Rossini has never wanted counsel to represent him and has maintained that posture throughout. Furthermore, Rossini has advised the court in his letters that he does not want to be represented by counsel or anyone associated with counsel's firm.

Rossini stated in both his May and June letters to the court that counsel made reference to his tenure as a former Assistant United States Attorney for 15 years, as an attempt to endear Rossini. The only reason counsel raised the reference was in response to unwarranted competency questions and challenges concerning counsel. Counsel does not need to responsively dignify, nor is there a need for Rossini's endearment, however to place Rossini's letters in the proper perspective, counsel's experience in summary is as follows:

Counsel has over 34 years of trial litigation experience. Counsel's practice involves trial representation in all phases of trial litigation, focusing on federal, state, civil, criminal and trial litigation. Counsel served as a Federal Prosecutor for 15 years, as an Assistant United States Attorney with the United States Department of Justice. During counsel's tenure, he served as both Organized Crime Drug Enforcement Task Force and Triggerlock Coordinators. Additionally, counsel has experience in a wide range of criminal prosecutions and federal litigation experience in United States District Courts throughout the nation. The United States Attorney General presented counsel with the Executive Office United States Attorneys Director's Award (Exhibit A) and throughout counsel's career he has been the recipient of numerous other awards.

The Executive Office for the United States Attorneys appointed counsel Special Attorney to the United States Attorney General on three separate occasions involving the Northern District of Illinois, the Eastern District of Wisconsin and the District of Arizona. Counsel is an active and inactive members of the Illinois, District of Columbia, Georgia and United States Supreme Court Bar Associations. Counsel has also been admitted to the United States District Courts for the Northern District of Illinois, Northern District of Indiana, and the Eastern District of Wisconsin. Counsel's defense litigation experience includes private practice, as well as prior

positions as a Public Defender in the Felony Trial Division of the Chicago Office of the Cook County Public Defender and as private counsel in Washington.

Rossini does not want counsel to represent him in this matter and counsel believes no amount of experience or qualifications would inspire Rossini's confidence. The above submission demonstrates the irretrievable nature of the attorney client relationship, as there is no amount of experience counsel could further possess that would inspire Rossini's confidence. Counsel had repeated discussions with Assistant United States Attorney John Mitchell in pursuit and consideration regarding Rossini objectives, contemplated assessments and proposals. Upon counsel's appointment counsel had discussions with his predecessor counsel in this case, preeminent attorney professor Richard Kling regarding Rossini's case. Professor Kling has over 40 years of experience and is an esteemed member of the profession. It should be noted that Rossini in his May and June letters to the court, attempted to disparage and impugn the integrity of his prior counsels.

Accordingly, counsel hereby moves that Rossini's request for counsel's withdrawal be granted. Rossini has adamantly expressed and manifested an unwillingness to cooperate with counsel. Furthermore, compelling counsel to continue as Rossini's attorney will exacerbate the present situation, effectuate and orchestrate further delays, unfortunately consistently emblematic with the procession of attorneys, despite counsel's good faith efforts. The attorney client relationship between counsel and Rozzini has irretrievably broken down and counsel hereby request that new counsel be appointed for Rossini. Counsel incorporates his prior motion in response to a previous incomplete and incorrect submission by Rossini.

I

DEFENSE COUNSEL'S RESPONSE TO ROSSINI'S FILED March 15, 2021 LETTER

Counsel was appointed pursuant to the CJA/Panel provisions on October 9, 2020. Counsel previously advised This Honorable Court that counsel reviewed four boxes of discovery in this case as documented in the attached Exhibit 1 photograph. Counsel traveled to Professor Attorney Richard Kling's office and obtained the 4 boxes of material and subsequently engaged in conversations with Professor Kling relative to issues in this case. Counsel sent a United States Certified Mail Letter #7018 1830 0000 0348 9855 to Rossini that was signed documenting delivery on November 27, 2020. Counsel has had subsequent conversation with Professor Kling relative to the Rossini case. In addition, counsel has had ongoing discussions with Assistant United States Attorney John Mitchell relative to this matter throughout his appointment. In fact, counsel had discussions with AUSA Mitchell as recent as Friday, March 11, 2021 relative to the Rossini case. All aforementioned discussions were in furtherance of achieving Rossini's objectives.

It should be noted that after the extensive process of reviewing the four boxes of tendered discovery in the Rossini case, counsel received subsequent communications from Rossini in December 2020, January 2021 and March 2021 all instructing counsel relative to courses of action and objectives Rossini wanted relative to this case. (Exhibit 2, 3) The December correspondence was approximately 90 pages. The January 2021 correspondence was over 100 pages. These considerations took additional time relative to their efficacy, consistent with protective order considerations and re-examination of the materials associated with the previous

tendered four boxes of discovery. Rossini requesting additional objectives and instructions requiring defense counsel's consideration, in reviewing its efficacy, as well as determinations in counsel's experience, as to whether government counsel in light of reasonable prosecutorial discretion and accountability to supervisory chain autonomy, would be amenable to acceptance of Rossini objectives, in light of guideline relevant conduct, role, and other considerations took considerable time. Rossini cannot issue new request and additional objectives and then expect an expedited responsive resolution. Counsel further advised this Honorable Court during the January13, 2021, Status Hearing, Docket Number 669, attached herein as Exhibit 4, wherein said Minute entry before this Honorable Court reflects the following:

*"Defense counsel reports that he has reviewed the discovery provided by the government and that Mr. Rossini had provided him with additional documents that need to be reviewed. The sentencing hearing is set forth April 16, 2021 at 11:00 AM. Defendant's sentencing memorandum and objections to the report are to be filed by April 2, 2021."*

Accordingly based on the totality of circumstances, both the sentencing hearing scheduled for April 16, 2021 and Rossini's sentencing memorandum and objections should be continued for a period of at least 90 days, as subsequent to the January 13, 2021 Status Hearing, counsel received additional correspondence from Rossini in March 2021.

Counsel reached out to AUSA Mitchell, attempting to explore and exhaust possible concessions, agreements, resolution and other alternative proposed remedies to preclude litigating contested sentencing issues, that may possibly have adverse litigating consequences. Counsel having been a former 15- year veteran Assistant United States Attorney, believed that strategically, it would be advantageous for Rossini to limit his potential sentencing exposure, as counsel was appointed at the sentencing stage for sentencing purposes. The government and

defense counsel engaged in good faith discussion and counsel has advocated for Rossini's objectives and considerations, tactically and preliminarily with the government. However, said discussions in light of respective adversarial positions, have not resulted in the fulfillment of Rossini's objectives, although the government and defense respectfully engaged in considered discussions.

The government in exercising their good faith prerogative rejected defense counsel's proposals. In short, the government is not going to agree to defense objectives. Given the prior procession of defense counsels and resulting ineffective assistance allegations, counsel in a good faith effort attempted to ethically tactically exhaust efforts to effectuate agreement or modifications relative to guideline sentencing issues, rather than to focus on issues inconsistent with the canons of professional responsibility. Reaching an accord on sentencing guideline exposure is more advantageous and efficacious, than rather opening a Pandora's Box, relative to exacerbating issues that may evolve into unnecessary issues, at this stage and result in heavily contested sentencing issues that possibly will be more adversely impactful to Rossini. Counsel has scheduled and received confirmation of a requested telephone interview with Rossini on Thursday, March 17, 2021.( Exhibit 5)

In Rossini's letter dated March 1, 2020, received March 8, 2021, he requested that counsel request a continuance of the sentencing. Consistent with that objective counsel discussed the matter with the government to determine if the government would agree with the continuance before submitting the request to this Honorable Court. AUSA Mitchell and counsel discussed the issue regarding a continuance among others, recently on Friday, March 12, 2021, prior to counsel receiving either knowledge or notification of Rossini's Monday, March 15, 2021 filed letter submission to this Honorable Court. Separate and apart from the grounds under which

Rossini desires a continuance, alleging a lack of preparedness, there are separate grounds that counsel discussed with AUSA Mitchell on Friday, March 12, 2021. Counsel has a 2016 multi-defendant RICO conspiracy case that is firmly set to proceed on April 5, 2021 before the Honorable Chief Judge Pallmeyer, <u>USA v. Pierre Paolo Gennell 16 CR 462-1.</u> Gennell is the lead and remaining defendant, as the case is firmly set for trial, and is scheduled to take 6 to 8 weeks. A realistic perspective is that counsel believes that the case will proceed for approximately eight weeks given the voluminous discovery in this multi-defendant RICO case.

Counsel was added as additional appointed CJA/Panel counsel in the Gennell case in September 2020, due to continuity of counsel concerns evolving from the global Covid-19 pandemic. AUSA Mitchell advised that he could not agree to a continuance, but recognized Rossini's Sixth Amendment right to effective assistance of counsel and acknowledged his awareness of the pending Gennell trial, but as an advocate for the victims and the age of the Rossini case, indicated that he would defer to this Honorable Court.

Given that the Rossini sentencing case conflicts with the Gennell trial, counsel consistent with Rossini's request, seeks a continuance. Given the complexity of the Gennell RICO case and the complexity of Rossini's Sentencing Hearing, including the voluminous material involved in both case, counsel request that the sentencing hearing be continued for a period of 90 days. This will provide Rossini and counsel an opportunity to resolve any issues going forward. Accordingly, counsel has a telephone conference legal call scheduled with Rossini on Wednesday, March 17, 2021 (Exhibit 5) that should further help alleviate any issues going forward, as continuance of this matter will not result in prejudice to either the government or Rossini and is consistent with the best interest of justice.

_____

8

WHEREFORE Based On The Foregoing given the totality of circumstances, defense counsel hereby request Rossini's motion seeking counsel's withdrawal be hereby granted.

Respectfully submitted,

s/Clarence Butler Jr.

Clarence Butler Jr.

Attorney-at-Law