IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>             )<br>    Plaintiff,   )<br>             )   Case No. 15 CR 515-1<br>  v.          )<br>             )   Judge John Z. Lee<br> ALBERT ROSSINI,   )<br>             )<br>    Defendant.   ) | |

## ORDER

A jury convicted Albert Rossini of multiple counts of mail fraud and wire fraud on June 14, 2018. After delays occasioned by Rossini's post-trial motions and the COVID-19 pandemic, Rossini is currently set to be sentenced on July 1, 2021—over three years after the conclusion of his trial. On May 11, 2020, Rossini submitted a letter complaining about his current appointed counsel, which the Court construes as a motion for the appointment of new counsel. *See* ECF No. 691. And on June 8, 2021, Rossini filed a motion to continue the sentencing in light of his dissatisfaction with his attorney. *See* ECF No. 693. For the following reasons, Rossini's motions are denied.

## STATEMENT

In August 2015, a grand jury returned an indictment against Rossini and others alleging the operation of a Ponzi scheme that defrauded investors of millions of dollars and charging numerous counts of mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. *See* ECF No. 1. Rossini's initial retained

attorneys filed a motion to withdraw due to "irreconcilable differences" and "an unreasonable financial burden." *See* ECF No. 125. Ultimately, those attorneys were disqualified by the Court due to a conflict of interest, and the Court appointed new counsel *See* ECF No. 160.

Rossini was then represented by a series of four court-appointed attorneys, all of whom moved to withdraw due to difficulties they had in their relationship with Rossini. *See* ECF Nos. 163, 227, 246, 268, 362, 386, 573, 655. Attorney Keri Ambrosio was appointed on May 24, 2016, and she moved to withdraw on March 9, 2017, because their "attorney client relationship . . . deteriorated, and there [was] profound disagreement regarding the means to resolution of the case." *See* Mot. Withdraw, ECF No. 227. Attorney Joshua B. Adams was appointed next, and Attorney Scott Frankel was appointed as his co-counsel shortly thereafter. *See* ECF Nos. 246, 268. Although Rossini filed a letter dated May 31, 2018, complaining about his attorneys, the Court found no legitimate basis to appoint new attorneys for him, and Rossini's trial began as scheduled on June 4, 2018, with Adams and Frankel continuing their representation. *See* ECF Nos. 334, 337.

After Rossini was convicted on June 14, 2018, Adams and Frankel moved to withdraw in light of Rossini's renewed complaints and his desire to raise an ineffective-assistance-of-counsel argument in his post-trial motions. *See* ECF No. 362. The Court granted the motion given the apparent conflict and appointed Attorney Richard Kling to represent Rossini for post-trial motions and sentencing on September 12, 2018. *See* ECF No. 386. The Court considered Rossini's post-

trial motion alleging ineffective assistance of counsel and found that Rossini's arguments lacked merit. *See* 1/28/20 Mem. Op. & Order at 8–16, ECF No. 556.

In February 2020, Rossini sought to replace Kling after his motion for a new trial was denied, asserting that he disagreed with Attorney Kling about which arguments to raise in his reply. Kling likewise informed the Court that "there is an irreconcilable conflict" between him and his client, and "Rossini indicated in no uncertain terms that he no longer wants me to continue to represent him." *See* Mot. Withdraw, ECF No. 468 (filed July 12, 2019); *see also* Mot. Withdraw, ECF No. 573 (filed March 4, 2020) (same).

The Court initially denied Rossini's request after making several findings, including that it was primarily motivated by an intent to delay the proceedings. The Court based that finding in part on Rossini's pattern of conduct in the case; for example, as noted above, Rossini previously sought new counsel on the eve of trial. And, as the Court found when revoking Rossini's pretrial release and noted again when considering Rossini's credibility in seeking new counsel, Rossini baldly lied to the Court about travel that he undertook while on pretrial release. Rossini represented to the Court that he was visiting family in California, but he was traveling there to engage in the sale of real estate—conduct that formed the basis for his later fraud convictions and was expressly prohibited by the conditions of his release.

After the Court denied his motion for new counsel in February 2020, Rossini began representing himself *pro se* in preparation for sentencing. However, after

3

the advent of the COVID-19 pandemic, the Metropolitan Correctional Center where Rossini is detained imposed significant restrictions on inmates' access to the law library. When Rossini renewed his motion for new counsel, the request was granted in light of the changed conditions. The Court recruited Rossini's fifth court-appointed attorney, Clarence Butler, Jr., in October of 2020. *See* 10/7/20 Order, ECF No. 650. When doing so, the Court advised Rossini that this would be the final attorney that the Court would appoint. The Court also admonished Rossini that he must do his best to work with Butler. Now, despite the Court's explicit directions, Rossini seeks yet another attorney.

The law is clear that, while indigent criminal defendants are entitled to competent representation by counsel, they "do[] not have the right to choose [their] appointed counsel." *United States v. Sinclair*, 770 F.3d 1148, 1153 (7th Cir. 2014). "The Sixth Amendment does not guarantee a friendly and happy attorney-client relationship." *United States v. Mutuc*, 349 F.3d 930, 934 (7th Cir. 2003) (citing *Morris v. Slappy*, 461 U.S. 1, 14 (1983)). And the mere dissatisfaction of a client does not require the appointment of new counsel. *See United States v. Cronic*, 466 U.S. 648, 657 n.21 (1984) ("[T]he appropriate inquiry" into whether counsel was effective for purposes of the Sixth Amendment "focuses on the adversarial process, not on the accused's relationship with his lawyer as such. If counsel is a reasonably effective advocate, he meets constitutional standards irrespective of his client's evaluation of his performance."). The Court has found Attorney Butler

4

to be a very capable criminal defense attorney in prior cases. Furthermore, the Court finds no legitimate basis to appoint another attorney in this case.

And there is likewise no legitimate basis to postpone the sentencing date. After the Court ruled on Rossini's post-trial motions in January 2020, his sentencing was originally set for May 21, 2020. *See* ECF No. 568. Due to the COVID-19 pandemic and Rossini's *pro se* motion to stay sentencing (which the Court denied), that date was pushed back to October 13, 2020. *See* 7/22/20 Minute Entry, ECF No. 623. After Attorney Butler was appointed in October 2020, the Court held status hearings in November 2020 and January 2021 to allow Butler time to review the extensive discovery in this case. *See* ECF Nos. 660, 669. In January 2021, after Butler reported that he had reviewed the discovery provided to him by prior counsel, as well as additional documents provided by Rossini, the Court scheduled Rossini's sentencing for April 16, 2021. In March 2020, Attorney Butler filed a motion for an extension of time in light of his trial schedule and to give him time to accommodate Rossini's strategic demands. *See* ECF No. 679. The Court granted that motion on March 24, 2021, but it also advised Rossini and his attorney that this would be the final extension of time to prepare for sentencing. *See* ECF No. 683. The Court set the sentencing to occur in July 2021. *See* ECF No. 683.[1]

---

[1] Although the sentencing was originally set for July 6, 2021, the parties agreed to reset it to July 1, 2021. *See* ECF No. 689.

The laundry list of purported sentencing issues that Rossini outlines in his motion to continue the sentencing does not support his request when considering the history of this case. First of all, "[t]he right to effective counsel does not include the right to compel counsel to raise frivolous arguments or to follow every directive made by the defendant." *United States v. Boling*, No. 08-CR-30004-MJR, 2008 WL 5101994, at *2 (S.D. Ill. Nov. 26, 2008) (citing *United States v. Boyd,* 86 F.3d 719, 723 (7th Cir.1996) (certain key decisions remain with the defendant, but the majority of strategic choices are counsel's to make), *cert. denied,* 520 U.S. 1231 (1997)). Moreover, the Court finds that Rossini has repeatedly acted for the purpose of delaying the progress of his case. This case was charged six years ago. Rossini was convicted three years ago. Attorney Butler was appointed eight months ago. And this sentencing has been scheduled to occur in July for nearly three months. The sentencing shall proceed as scheduled on July 1, 2021.

For the foregoing reasons, Rossini's motions are denied.

**IT IS SO ORDERED.**    **ENTERED: 6/11/21**

*/s/ John Z. Lee*

  **JOHN Z. LEE**
  **United States District Judge**