SM

Albert Rossini
#08043-424
Metropolitan Correctional Center
71 W. Van Buren St.
Chicago, IL 60605

FILED

AUG 09 2021 *pp*

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

August 2, 2021

Hon. John Z. Lee
District Court Judge
U.S. District Court
219 S. Dearborn St.
Chicago, IL 60604

                              Re:  U.S. v. Rossini, 15 CR 515-1

Dear Judge Lee:

   This letter seeks to draw your Honor's attention to the notice, production, and review of trial transcripts to be afforded a Defendant.

   It is understood that the Court may rely on evidence from a co-defendant's trial, but the judge must first warn the defendant and provide him the opportunity to review the trial transcript in order to respond.  See U.S. v. Are, 590 F.3d 499, 524 (7 Cir. 2009).  In U.S. v. Miller, 450 F.3d 270, 273 (7 Cir. 2006)[overruled in part by Kimbrough v. U.S. 552 U.S. 85 (2007)], the judge relied on testimony given in another case that linked the defendant to a murder.  Upholding the use of this evidence, the Miller court noted that testimony at a trial that was subject to cross-examination is among the most reliable forms of hearsay and that the defendant could have called a witness to rebut the evidence if he chose.

   Here, separate trials were held for Defendant Rossini and his co-defendants. He was denied the right to call witnesses or to cross-examine witnesses in the Babajan and Anthony Khoshabe trial.

   The Court has a duty, prior to sentencing, to inform the undersigned Albert Rossini, whether the Court intends to include testimony or evidence presented in the Khoshabe trial, and whether the Court intends to rely on same in its determination of his sentence.

   Further, the Court has the obligation to provide Defendant Rossini with the transcripts and exhibits from the Khoshabe trial and allow time within which to prepare his sentencing defenses.

   Since the Defendant has been held in indeterminate detention at the Chicago MCC before and during the COVID epidemic, during which there have been serial institution lockdowns, limited recourse to a typewriter and law library, and negligible opportunity to prepare his case, Defendant Rossini should be provided the requested transcripts and time within which to review.

                                                      Respectfully submitted,
                                                    *Albert Rossini*
                                                    Albert Rossini

ALBERT ROSSINI
08043-424
CHICAGO MCC
71 W. VAN BUREN
CHICAGO IL 60605

2021 AUG -9 AM 9:23

MO

CLERK
CRIMINAL DIVISION
U.S. DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
219 S. Dearborn St.
Chicago IL 60604

CAROL STREAM IL 601
2 AUG 2021 PM 10 L

Herry Monster
Grover
forever USA



08/09/2021-22