UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
|     Plaintiff, ) | |
| ) | No. 15 CR 515 |
| ) | |
| ) | |
| | Honorable John Z. Lee |
| ALBERT ROSSINI | |
|     Defendant. | |

**ROSSINI MOTION FOR STATUS CLARIFICATION TO PREVENT, POTENTIALLY PREJUDICIAL, CONFLICTING SENTENCING MEMORANDUM SUBMISSIONS**

NOW COMES, ATTORNEY CLARENCE BUTLER JR., OF THE LAW OFFICE OF CLARENCE BUTLER JR., Defense Counsel For Albert Rossini, And Respectfully Hereby Submits To This Honorable Court, *Defendant Albert Rossini's Motion Rossini Motion For Status Clarification To Prevent, Potentially Prejudicial, Conflicting Sentencing Memorandum Submissions*

PREAMBLE

1

First counsel hereby request permission to file Rossini's Sentencing Memorandum, *(if applicable based of the following infra)* which is in excess of 15 pages, based on the totality of circumstances, complexity of the issues and chronicled history of this matter, as well as the documents and submissions Rossini has insisted be included with this submission,

Counsel has received conflicting information from Rossini with regard to the course of this proceeding and it does not wish to file any documents that are inconsistent and in conflict with Rossini's unilateral 47 page submission.

Please be advise that after meeting with Mr. Rossini in-person at the MCC on two recent occasions engaging in extensive discussions relative to finalization of defense counsel's essentially prepared /drafted sentencing memo submission, Mr. Rossini advised that he was satisfied and ratified the course of action he directed that counsel take relative to the submission. Subsequently, essentially on the eve of the extended filing due date, Rossini unilaterally and without advanced notice, adopted a contrary conflicting position, and directions relative to the sentencing memorandum, issuing contradictory, conflicting, directives, at essentially the 11th hour via letters and communications to counsel, not providing counsel an opportunity to consider said within the extended filing deadline. Furthermore without counsel's notice, approval or acquiescence, Rossini filed pro se letters directly to the court.

In the event counsel had filed the sentencing memorandum with contrary instructions, objectives, and arguments, not only would the matter have been delayed, but Rossini would have disavowed the memorandum asserting irreconcilable conflict, ineffective assistance, and that there was notice of his prose status, thus prejudicing Rossini by filing arguments contrary to his

purported/unilateral pro se status. Consequently counsel had no other alternative than to scrub counsel's contemplated extended timely submission based on Rossini's noticed conflicting pro se filings based on the totality of circumstances.

Counsel extended a courtesy voicemail notification to AUSA John Mitchell seeking to discuss the matter with him as a courtesy for scheduling, logistical, as well as time efficiency considerations. Counsel spoke with AUSA Mitchell on Friday. August 13, 2021. Counsel also received a letter in his office late Friday from Rossini. The court is well aware of Rossini previously filed conflicting procedural request, first, asking to have counsel withdraw, so that he could proceed prose, and then unilaterally and voluntarily, reversing his position, stating that he was satisfied with counsel and wanted to proceed with counsel's representation. Rossini also indicated on the record that his criticism of counsel was essentially unwarranted.

Based on information and belief, given the totality of circumstances, it appears Rossini has been receiving legal advice beyond that of counsel, as Rossini sentencing memorandum in part, appears to demonstrate said. Again, counsel was forced to purge his submission, in order to prevent conflicting submissions. Specifically, as long as counsel is Rossini's attorney of record, Rossini should confer and consult with counsel, as counsel is not Rossini's co-counsel or his law clerk. Rossini should consult with counsel for his advice prior to the submission of any documents to the court or government. prejudice Rossini. Counsel is in no way being dilatory in this matter, as this is a situation that has not been caused, created, or exacerbated by counsel. Counsel presumably believes he has reviewed all of the pro se filings and communications

submitted by Rossini. Counsel neither acquiesces or ratifies any of those submissions, as counsel was not provided notice of Rossini's intention relative to Rossini filing said.

### *Timeliness Of Submission*

The court is well aware of the history and chronology of his case, as there have been several retained and appointed counsel that have preceded present counsel's participation/appointment in this matter. Specifically counsel was appointed after this court conducted a highly contested trial involving voluminous exhibits, documentation, witnesses and financial data involving a level of complexity which culminated in Rossini's conviction on multiple counts. The case involved a plethora of exhibits and witnesses whose testimony have been summarized in the PSR and comprehensively trial transcriptions. Throughout these proceedings both prior to and during counsel's appointed tenure, Rossini has been an aggressive advocate submitting pro se documents while he has been represented by counsel. This unfortunate practice has continued throughout counsel's appointment, as Rossini has demonstrated an unwavering propensity and commitment to file court submissions without the knowledge, advice and consent of counsel.

Furthermore, strategy, procedures and submissions have been unilaterally, executed on a pro se basis, contrary to the advice of counsel. Rossini has tendered letter communications to the court, including attorney-client letter communications counsels sent to Rossini involving this case. Previously, Rossini requested to proceed pro se based on his alleged disapproval and satisfaction with counsel. Counsel accordingly requested the court allow counsel to withdraw based on

Rossini's request that counsel be discharged. Rossini later voluntarily retracted these representations in open court via telephone proceedings on the record, whereupon Rossini indicated that he did not wish to proceed pro se and desired to be represented by counsel. Rossini subsequently retracted his request and advised the court that his statements and request relative to counsel had been premature and unwarranted. Counsel at all times maintained his position of advocacy for Rossini, despite any submissions Rossini filed with the court.

Rossini expressed and maintained his desired to no longer proceed pro se and to continue being represented by counsel. Accordingly, counsel visited Rossini on at the MCC and had conversations regarding sentencing strategy, as well as the course and of the scope of the proceedings. Rossini issued a number of directives and objectives to counsel relative to Rossini sentencing hearing. Counsel advised Rossini regarding the perils failure to consider counsel's advice and the precarious nature of unilateral submissions to the court or government Rossini requested counsel to request a brief extension of time to August 6, 2021 based on Rossini's directives. Counsel submitted the extension request and the court granted said.

Subsequently after counsel had prepared the sentencing memorandum for timely submission, counsel was surprised to discover that Rossini had filed two letters with the court requesting certain directives relative to sentencing. In order to prevent further dilatory, unilateral and conflicting submission to the court by Rossini and in an attempt to address these issues, counsel had to examine the court submitted request of Rossini. This cause counsel to hold in abeyance, the submission to that counsel had prepared, as counsel did not wish to jeopardize the interests of Rossini by filing anything in conflict. Rossini's unilateral filing placed counsel in a difficult

position, as counsel was given one set of instructions in-person at the MCC by Rossini, and then a contrary of action was adopted and executed by Rossini at the last-minute.

In essence, counsel was given one set of directives at one stage, and in counsel's opinion, contrary deleterious directions i at another stage. Considering, Rossini pro se filing, counsel was concerned that if counsel proceeded as Rossini directed and that a contrary submission was filed it would not be in Rossini's best interests. Thus, if counsel did not take the time to consider and examine Rossini's request and unilateral filings, the circumstances would result in further jeopardy during the sentencing hearing, as both the court and government would have conflicting material submission for their consideration. Counsel has contemplated and considered the submissions of Rossini and based on discussions with Rossini and counsel's responsibility and the best interests of Rossini, counsel has not filed his submission until a determination is made relative to Rossini's 47 page submission.

More importantly it should be noted that several witnesses have been requested to appear at sentencing and certain information relative to Rossini's contentions have been made aware and contemplated by counsel. Based on the totality of circumstances and the fact that counsel was appointed after the trial, counsel would like the record to reflect that any potential witnesses and purported information has been considered and not ignored. However, based on counsel's view of the case, experience, and judgment, counsel strategically considers adopting a balancing approach relative to the efficacy of adopting and producing evidence, as beneficial testimonial and informational aspects can be eviscerated during cross-examination, rebuttal and the introduction of inculpatory contrary evidence offered during the trial, and now sentencing.

There are also balancing issues regarding obstruction, enhancements and other deleterious factors. Furthermore exacerbating the situation is the fact that the admissibility standards post

trial are more expansive than trial submission. Counsel has also considered that autonomous, independent or oriented witnesses have been considered on balance herein, relative to their strategic consequential potential harm. Regretfully unbeknownst to counsel, Rossini submitted pro se motions and pro se filings to this court and government making reference to co-defendant cases and transcript requests, that have no and are not at this juncture being acquiesced or adopted by counsel. During counsel's last to in- person visits with Rossini there was no indication that Rossini would be filing any pro se submissions to the court or government. as Rossini indicated that he was completely satisfied with the representations of counsel. Accordingly counsel awaits a ruling from the court before counsel files any submission to this court, that may be in conflict with Rossini's pro se submissions, as well as resolution as to whether Rossini intends to proceed pro se.


Respectfully submitted,
*s/Clarence Butler Jr.*
Clarence Butler Jr.
Attorney-at-Law