SM

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVSION

# FILED

**OCT 07 2021** 

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

UNITED STATES OF AMERICA,       )
                                )
                                )
                                )
                                )
                                )
            v.                  )       Case No.   15 CR 515-1
                                )       HON. JOHN Z. LEE
                                )       District Court Judge
                                )
                                )
                                )
                                )
ALBERT ROSSINI,                 )
            Defendant.          )

## DEFENDANT ROSSINI'S REQUEST TO BE
## RELEASED FROM RESTITUTION

Defendant Albert Rossini ("Defendant" or "Rossini") requests
this Honorable Court release him from restitution in this case and
deny any government motions or requests that he pay restitution
in case 15 CR 515-1.  In support thereof, Defendant states as follows.

(1).  There exists two essentially synthesized issues of
resolution based on the totality of circumstances that permeates
this case that being the government has failed to either prove the
reasonable scope of Rossini's conspiratorial foreseeability, and/or
established a specific sufficient attributable nexus to hold Rossini
culpable for alleged inherent financially speculative and conjectural
losses.

(2).  Alternatively, based upon the attached chart of Rossini
payments, he does not owe restitution in this case.

-1-

1.    According to the Mandatory Victim Restitution Act of 1996 ("MVRA"), 18 U.S.C. §3663A, restitution must be linked to the actual losses caused by the specific conduct underlying the offense and, like the loss amount, the government must establish that by the preponderance of the evidence.  Evidentiary support for the restitution order must be found in the record.  United States v. White, 883 F.3d 983 (7th Cir. 2018)(vacating restitution where court failed to explain how it reached restitution amount and there was no evidentiary support in the record).

2.    Because the Seventh Circuit does not consider restitution an ordinary part of a criminal sentence, however, any orders of restitution must comply strictly with the language of the applicable restitution statute: there is no inherent authority to order restitution in a criminal case.  See, e.g., United States v. Lampien, 89 F.3d 1316, 1322 (7th Cir. 1996).  Burden of proof is preponderance of the evidence standard.  Restitution is not mandated under the Guidelines.  United States v. Pree, 408 F.3d 855, 876, n. 20 (7th Cir. 2005).

3.    Victims are persons directly and proximately harmed as a result of the commission of the crime.  18 U.S.C. §3663A(a)(2).

4.    In United States v. Farano, 749 F.3d 658 (7th Cir. 2014), defendants were convicted of mortgage fraud.  As a result of the fraud, a bank issued a mortgage in the amount of $100,000 on a property really worth only $80,000.  A later bank refinanced the property with a loan amount of $110,000.  The homeowners eventually

defaulted on the loan.  The government argued, and the court agreed, that the restitution in the case came to $20,000, the difference between the original loan and the real value of the property.  With respect to the additional $10,000, the court held that such refinancing banks were "coauthors of their loss, since had they required proof of financial soundness from the borrowers they would not have refinanced the properties in question." Farano, 749 F.3d at 666.

5.    The statute states that in no case shall a participant in the offense be considered a victim of the offense.  18 U.S.C. §3663(a)(1)(A); United States v. Price, 906 F.3d 685 (7th Cir. 2018).

6.    The MVRA provides that if the victims' losses are not ascertainable by the date that is 10-days prior to sentencing, the government or probation officer shall inform the court and the court shall extend the date for a final determination not to exceed 90-days after sentencing.  18 U.S.C. §3664(d)(5).  See Dolon v. United States, 130 S.Ct. 2533 (2010).  Note, to date, Defendant has not received a detailed, specific listing of victims or losses actually suffered by the victims in this case.  Therefore, a final determination of restitution, loss or forfeiture, should not be decided at this sentencing hearing.

7.    The amount of restitution cannot exceed the amount of loss actually caused.  United States v. Martin, 195 F.3d 961 (7th Cir. 1999).  See also United States v. Rhodes, 330 F.3d 949, 953 (7th Cir. 2003)("While for sentencing purposes "loss is defined as the

-3-

greater of either the 'actual' or the 'intended' amount lost due
to the fraud....' for restitution purposes this statute implicitly
requires that the restitution award be based on the amount of loss
actually caused by the defendant's offense."). The court analogizes
restitution under the MVRA to civil restitution; "the existence of
a causal connection between the defendant's conduct and the loss
that the Act requires him to restore is essential." Martin, 195 F.3d
at 968. The amount of loss can arguably exceed the amount of
restitution; indeed there can be a loss without restitution. United
States v. Swanson, 394 F.3d 520, 527 (7th Cir. 2005). This can
occur because loss is often based on the amount a defendant had
placed at risk, while restitution compensates only for losses actually
incurred. Swanson, 394 F.3d 527.

8. At the same time, the Defendant is entitled to offset the
restitution based on value returned. In United States v. Sheperd,
269 F.3d 884, 887-88 (7th Cir. 2001), this meant that when the
defendant obtained money from the victim's bank account as part of
a home improvement scheme, the money drained could be offset by the
amount the improvements enhanced the market value of the house.
Accord, United States v. Allen, 529 F.3d 390, 396 (7th Cir. 2008)
(government must deduct any value fraudulent scheme imparted to the
victim). Defendant returned between $4,700,000 and $5,100,000
to investors during and after the activity was detected.

9. The notion that restitution may be imposed for "direct"
but not "consequential" damages (such as those requested by Ms. Kling
or actual victims) is not allowed in most circumstances. It is not

-4-

always easy to compartmentalize. "If A tortiously damages B's
factory, the cost of repairing the factory i sdirect damage;
B's loss of business while the factory is shut down awaiting repairs
is consequential damages." The Seventh Circuit says the former
would be reasonable as restitution becaues it impaired the value
of B's property; the latter would not because it injured B.
United States v. Scott, 405 F.3d 615, 619-20 (7th Cir. 2005).
Attorneys fees are consequential damages and therefore not part
of the fraudulent scheme. Scott, 405 F.3d at 620, unless expressly
contemplated as part of the scheme. See, e.g., Defendant's
payment of attorney fees to Klytta Law Offices, Pallidinetti Law
Offices and Richard Kruse Esq. are part of restitution paid by
Rossini since they were payments to recover victim losses.
However, victim attorney fees were not part of the fraudulent
scheme.

10. In United States v. Haven, 424 F.3d 535 (7th Cir. 2005),
the defendant used the victim's identity, leading to damage to her
credit history. Ultimately, the victim was never required to pay
for any debts charged to her, and she was able to obtain a state
court judgment consisting of the amount of her stolen credit,
attorney's fees, and the value of her time in investigating the
fraud and correcting her credit history. The trial court ordered
restitution based on the amount of the judgment not yet recovered.
The Seventh Circuit remanded. It noted that the MVRA requires
the defendant to repay an amount equal to the property taken
(assuming the property itself could not be returned). Criminal

-5-

restitution is limited to what the defendant took from the plaintiff, including a profit. Havens, 424 F.3d at 537. Thus, the trial judge erred to the extent he ordered restitution on amounts included in the state court judgment that may not have been recoverable under the MVRA.

11.   The Seventh Circuit has said that the schedule of payments must be determined in the first instance by the trial court. United States v. Wells , 177 F.3d 603, 612 (7th Cir. 1999), citing United States v. Yahne, 64 F.3d 1091, 1097 (7th Cir. 1995). It has also said that the determination cannot be delegated to the probation office. Also see United States v. Polichemi, 219 F.3d 698, 714 (7th Cir. 2000).

12.   When a defendant does not have the ability to pay upon release from prison, not setting a schedule for payments was an error by the court. United States v. Day 418 F.3d 746, 761 (7th Cir. 2005). Not doing so is plain error. Slow payment does not return him to jail unless it is deliberate failure during supervised release; shortfall at most could require an appearance before the court to reset the payment schedule. Sawyer, 521 F.3d at 798. "All that a 'due immediately' statment in a judgment does is command the defendant to discharge his obligation as quickly as possible." Sawyer, 521 F.3d at 796.

13.   The burden is upon the defendant to show that he does not have the financial wherewithal to pay restitution. United States v. Arvanitis, 902 F.2d 489, 496 (7th Cir. 1990). Inability to pay includes the unlikelihood that the defendant will acquire finances

in order to pay restitution in the future.  United States v. Ahmad, 2 F.3d 245, 247 (7th Cir. 1993)(the defendant's poor health, though not an identified mandatory factor, is a factor that bears on the defendant's ability to repay.  Wells, 177 F.3d at 611. Defendant Rossini's wife has suffered severe financial difficulty and together with her medical problems, see Exhibit, attached and incorporated herein, makes the likelihood of repayment by Defendant almost impossible and a true hardship on his family.

With one exception.    When released on bond in August 2015, a condition of his release was that Defendant could not sell, mortgage, defease, or otherwise transfer any property he acquired prior to August 25, 2015.  He could also not operate those properties as he was on home detention.  This led to many of the properties being demolished by both the City of Chicago and the Village of Riverdale.  The various properties are named in the Charts filed with Defendant  and Attorney Butler's memorandums.  The ability to hold on to these properties is unlikely should Defendant's sentence be extended further than what he has already been detained. Should this Court grant him time served or returned to home detention, Defendant would attempt to build affordable housing on the vacant lots and transfer the properties to an investor fund for further payment to the victims.  This is similar to the proposal that Rossini presented Babajan Khoshabe, Fred Khoshabe and Richard Kruse, Esq. in 2013.  However, Babajan refused to "put up one dollar" to reimburse the investor/victims.  In fact it is indisputed that the only defendant to reimburse victims any money is Defendant Rossini.

-7-

14.     As stated by Attorney Butler in Defendant's Sentencing
Memorandum and Objection to Presentence Report, although the jury
found Rossini guilty, it did not resolve predicate issues for
prerequisite imposition of relevant conduct and enhancement applica-
tion.  The jury never determined leadership role, relevant conduct,
or enhancement application based on the totality of the circumstances.
Specifically and more importantly, the jury never resolved whether
the government established and proved that the criminal fraudulent
conduct perpetrated and executed by disbarred attorney Thomas Murphy
et al, was within the reasonable scope of Rossini's conspiratorial
foreseeability; and whether the government established a reasonable
specific, sufficient, attributable nexus to hold Rossini culpable
for alleged inherent financially speculative and conjectural losses.

15.     In United States v. Murry, 395 F.3d 712 (7th Cir. 2005),
the trial court ordered the defendant to pay restitution on both
convicted and relevant conduct.  The Seventh Circuit vacated the
order.  "Restitution may not be ordered for relevant conduct."
Murry, 395 F.3d at 721.  See also Rand, 403 F.3d at 494 (consideration
of relevant conduct for sentencing purposes may not serve as a basis
for restitution unless it is also charged conduct or covered in a
plea agreement).  Otherwise the MVRA has a proximate cause requirement
and defines a person who must be paid as someone "directly and
proximately  harmed as a result of the commission of the offense
for which restitution is ordered..." United States v. Burns, 843
F.3d 679, 689 (7th Cir. 2016), citing, e.g., 18 U.S.C. §3663A(a)(2)
and Robers v. United States, 134 S.Ct. 1854, 1859 (2014).

THEREFORE, Defendant Rossini requests the Court not order him to pay restitution in this case.

Respectfully submitted,

Albert Rossini
Defendant
#08043-424
Metropolitan Correctional Center
71 W. Van Buren St.
Chicago, IL 60605

Albert Rossini
#08043-424
Metropolitan Correctional Center
71 W. Van Buren St.
Chicago, Il. 60605-

2021 OCT -7  AM 8:44

Legal Mail

Clerk of District Court
Northern District Illinois
219 S. Dearborn St.
Chicago, Il. 60604



10/07/2021-29



METROPOLITAN CORRECTIONAL CENTER
71 W. VAN BUREN ST., CHICAGO, IL 60605
The enclosed letter was processed through special mailing procedures for forwarding to you.
This letter has neither been opened nor inspected.

SEP 24 2021

If the writer raises a question or problem over which this facility has jurisdiction,
you may wish to return the material for further information or clarification.
If the writer encloses correspondence for forwarding to another addressee,
please return the enclosure to the above address.