

```
             UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

UNITED STATES OF AMERICA,   )
        PLAINTIFF,   )
                  )
                  )
                  )
        v.           )   Case No. 15-CR-515-1
                  )
                  )   Case No. 17-CR-522
                  )
ALBERT ROSSINI,   )
        DEFENDANT.   )

**FILED MAY 09 2022 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT**

**FILED MAY 06 2022 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT**

### MOTION TO GRANT COMPASSIONATE RELEASE

Coming before this Honorable Court is the Defendant in the above captioned case, Albert Rossini, by and through his Counsel, Clarence Butler, Jr., and moves this Court to grant him a compassionate release. Defendant Rossini is currently detained at MCC Chicago as a federal pretrial detainee (17 CR-522) and a post conviction detainee (15 CR-515-1). Rossini intends to utilize the First Step Act of 2018 and revisions thereafter, specifically 18 United States Code §3582(c)(1)(A) with consideration given to Title 28 U.S.C. §994(t) to justify the granting of a compassionate release (United States **v.** Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020).

-1-

## JURISDICTION

Defendant Rossini has multiple circumstances concerning jurisdiction which could obstruct the authority of the District Court to grant a compassionate release.

(1). Currently, Rossini is a post-sentenced detainee at MCC Chicago (15 CR-515-1) and is actually appealing this conviction (21-3115), United States Court of Appeals for the Seventh Circuit. The defendant who moves for relief in a District Court may find that the District Court lacks authority to grant relief becauwe of the pending appeal. (Federal Rules of Criminal Procedure, Rule 37(a); see United States v. Taylor, 769 F.3d 788, 792 (7th Cir. 2016)). Federal Rule of Criminal Procedure 37(a) provides the District Court with three options, the Court may (1) defer considering the motion, (2) deny the motion, (3) state either "that it would grant the motion if the Court of Appeals remands for that purpose," or "that the motion raises a substantial issue" (United States v. Barrett, 834 F. App'x 264; 2021 U.S. App LEXIS 1774, No. 20-2130, January 20, 2021 decided, N.D. Ind; citing United States v. Taylor, id, "Reminding litigants to keep in mond Fed. R. Crim. P. 37(a) which governs timely motions for relief that the District Court lacks authority to grant relief because of a pending appeal").

With respect to United States v. Barrett, id., the District Court had authority because the relief requested was outside the direct appeal (United States v. Pawlowski, 967 F.3d 327, 329 n.4

-2-

(3rd Cir. 2020). Defendant Rossini's direct appeal concentrates on the conviction and does not appeal the sentence, which a compassionate reelase does request release. Thus, the appeal does not divest the District Court of its ability to award reductions. (United States v. Harrison, 823 F.App'x 430: 2020U.S. App LEXIS 26009, No. 19-2680, August 24, 2020, Decided W.D.WI. (provided restitution orders would not be void because the Court of Appeals had jurisdiction, the Court of Appeals affirmed the order, as it was outside the scope of the Direct Appeal and were separate appealable judgments, Manrique v. United States, 137 S.Ct. 1266, 197 L.Ed.2d 599 (2017); see Dolan v. United States, 560 U.S. 605, 130 S.Ct. 2533, 177 L.Ed.2d 108 (2010)). A compassionate release lies within the authority of the District Court.

(2). Additionally, Rossini is a pretrial detainee at MCC Chicago. The alleged violation is fraud involving a financial institution (18 U.S.C. §1344)(17 CR-522). This act was allegedly committed while Defendant was on Pretrial Release from the Court in 15 CR-515-1. The complaint is currently assigned to the Honorable John Tharp. Despite the allegation, Defendant Rossini does maintain his plea of not guilty to the charge of Bank Fraud. The complaint is founded as a loss to a financial institution, which in summary is false. The single transaction was between two private parties. Since the the arraignment in 2017, the government has failed to produce discovery despite multiple requests from the Defendant (Counsel Adams, Counsel Frankel, Counsel Kling, have made requests), and Counsel Rediger). Counsel Butler has been made aware of this problem by

Defendant Rossini and has promised to rectify such. The Discovery will more likely than not prove that the Defendant is not guilty. However, "evidence for Brady purposes is deemed 'suppressed' if the prosecution failed to disclose the evidence before it was too late for the Defendant to make use of the guidance." (Boss v. Pierce, 263 F.3d 732, 739 (7th Cir. 2001) cert. denied, 535 U.S. 1078, 152 L.Ed.2d. 1022 (2002). The complaint now 5-years old and without pending issues beyond the Defendant. The financial loss was less than $7,000, and the Defendant, with respect to this compassionate release intends to serve upon the District Court, Honorable John Tharp, a motion to dismiss. In the unlikely event that Rossini would be found guilty, the Guideline sentencing range would be 24 months or less. In accordance with Title 18 U.S.C. §3582(c)(1)(A), the Court may reduce a term of imprisonment and may impose a term of supervised release with or without conditions that does not exceed the unserved protion of the original term of imprisonment after considering the factors set forth in Title 18 U.S.C. §3553(a), as the extent that a compassionate release could be granted. (United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020) citing updated policy statement of the First Step Act.

(3). The law and specifically title 18 U.S.C. §3582, provides a sentencing Judge consider a defense motion for reduction of sentence or compassionate release, based on "extraordinary" or compelling reasons whenvever "the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons

to bring a motion on the Defendant's behalf "or the lapse of 30 days from the receipt of such request by the Warden of the Defendant's facility, whichever is earlier." United States v. Hoskins, No. 2:99 CR 117, 2020 WL 7640408 at *2 (N.D. Ind. Dec. 23, 2020)(citing Gunn, 938 F.3d at 1180). Defendant Rossini has initiated and submitted a compassionate release request to the Warden at MCC Chicago on November 24, 2021 (Exhibit A, attached and incorporated herein). A verbal denial was received by Mr. T. Canada, Case Manager, for the Warden and told to Rossini on December 31, 2021. No other action has been taken at MCC Chicago leaving the Defendant to file with this Court a Motion for Compassionate Release (See United States v. Sanford, 986 F.3d 779, 782 (7th Cir. 2021).

(4). Additionally, Title 18 U.S.C. §3582(c)(2) contains a provision that the Defendant must prove that he is "not a danger to the safety of any other person or to the community, as provided in title 18 U.S.C. §3142(g). The section takes into account (i) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of §1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (ii) the weight of the evidence against the defendant, (iii) the history and characteristics of the person, including physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relative to drug or alcohol abuse,

criminal history, and his record of appearances at court proceedings... the nature and seriousness of danger to any person or the community that would be posed by a person's release. The Defendant's conviction and other complaint are non-violent and are not inclusive to violent behavior. The Defendant has no record of alcohol or drug abuse nor does he have a history of destructive behavior. It is noted that the Defendant is charged with a complaint while he was on pretrial release in 2017. The Court is reminded that the Defendant has pled not guilty to the charge in 17 CR-522. The Defendant is filing with the Court a Motion to Dismiss (Exhibit B, attached and incorporated herein).

While the charge in 17 CR-522 is problematic and may demonstrate that the Defendant had limited respect for the law, the government has not proceeded in good faith to the requests of discovery.

Both parties could agree that Defendant Rossini could pose a form of threat to the continuation of additional crimes, on this point the Seventh Circuit has adopted the thorough reasoning of the Court in United States v. Jessup, 757 F.2d 378, 381 (1st Cir. 1985). See United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986) and United States v. Diaz, 777 F.2d 1286 (7th Cir. 1985)(that rebuttable presumptions disappear when any evidence is presented by the opponent of a presumption, the rebuttable presumption of §3142(e) are not such "bursting bubbles." See Jessup, 757 F.2d at 383. In exercising discretion on the issue of compassionate release, a judge must bear in mind that conditions may exist to assure the Defendant's lawful behavior. (Dominguez, 783 F.2d at 706-07). Defendant Rossini poses minimal threat

to the community (citing United States v. Portes, 760 F.2d 758, 764 n.7 (7th Cir. 1985)(reporting that few defendants could ever rebut the presumption of dangerousness).

## BACKGROUND OF DEFENDANT ROSSINI

Defendant Rossini has been convicted of Title 18 U.S.C. §1343 wire or communication fraud, and mail fraud pursuant to §1341, on June 13, 2018 and was sentenced on october October 12, 2021 to 132 months imprisonment. Rossini has been detained since August 25, 2015. Defendant Rossini has been detained 56 months of detention and 23 months of pretrial home detention (Sentencing Guideline Manual 2018-2019 §5C1.1 defines one day of home confinement/detention as one day of imprisonment). Thus, the sum of Defendant Rossini's imprisonment is 79 months as of March 28, 2022.

The United States Sentencing Commission provided in Title 28 U.S.C. §994(t) with respect to 18 U.S.C. §3582(c)(1)(B) as outlined in the Extraordinary Conditions exist when the "Age of the Defendant (i) is at least 65 years old, (ii) is experiencing a serious deterioration in physical or mental health because of the aging process, and (iii) has served at least 10 years or 75% of his or her term, whichever is less.

Considering that Defendant Rossini is 73 years old and with respect to the CARES Act, the elderly statute grants the defendant to be eligible after serving 66% of the sentence of imprisonment. Providing that the elderly statute would now equal 87.12 months,

to the community (citing United States v. Portes, 760 F.2d 758, 764 n.7 (7th Cir. 1985)(reporting that few defendants could ever rebut the presumption of dangerousness).

## BACKGROUND OF DEFENDANT ROSSINI

Defendant Rossini has been convicted of Title 18 U.S.C. §1343 wire or communication fraud, and mail fraud pursuant to §1341, on June 13, 2018 and was sentenced on october October 12, 2021 to 132 months imprisonment. Rossini has been detained since August 25, 2015. Defendant Rossini has been detained 56 months of detention and 23 months of pretrial home detention (Sentencing Guideline Manual 2018-2019 §5C1.1 defines one day of home confinement/detention as one day of imprisonment). Thus, the sum of Defendant Rossini's imprisonment is 79 months as of March 28, 2022.

The United States Sentencing Commission provided in Title 28 U.S.C. §994(t) with respect to 18 U.S.C. §3582(c)(1)(B) as outlined in the Extraordinary Conditions exist when the "Age of the Defendant (i) is at least 65 years old, (ii) is experiencing a serious deterioration in physical or mental health because of the aging process, and (iii) has served at least 10 years or 75% of his or her term, whichever is less.

Considering that Defendant Rossini is 73 years old and with respect to the CARES Act, the elderly statute grants the defendant to be eligible after serving 66% of the sentence of imprisonment. Providing that the elderly statute would now equal 87.12 months,

the Defendant has been imprisoned for more than 75% of his sentence.

Defendant Rossini is categorized by the United States Bureau of Prisons as a Level III Chronic Care inmate, in accordance with the Care Level Classification for Medical and Mental Health Conditions or disabilities, by the FBOP, May 2019(https://www.bop.gov/resources/pdfs/care_level_classfication_guide.pdf2). Rossini utilizes a pacemaker and his lower heart is 89% pacemaker dependent.

Since his exposure to COVID at MCC Chicago, and after over 4-years of detainment, Defendant Rossini has developed sleep apnea, profound dizziness, dizziness. (Exhibit C, attached and incorporated herein). Rossini's medical conditions were greatly elevated due to the COVID-19 pandemic which put the Detainment Facility of MCC Chicago in a locdown mode for over 18 months. The COVID-19 pandemic is ecumenically devasting to the world and continues its wrath with variances today. Rossini is a member of the populace whose medical conditions make him far more susceptible to severe complications and death. (People With Certain Medical Conditions, Center For Disease Control And Prevention, April 29, 2021; https://www.cdc.gov/coronaviruses/2019-ncov/need-extra-precautions/people-with-medical-conditions.html)

The MCC Chicago became a hospital building on several occasions as the Defendant witnesses floors 15 and 17, utilizing 88 cells became isolation and quarantine units and virtually all inmates contracted COVID on some occasion. The medical unit was not allowed to expand services or add personel despite the conditions, leaving the special care needed by inmates to handled by an overworked medical staff.

-8-

The Defendant has been married to Brenda Rossini for 36-years and despite his multiple incarcerations, she has stayed with him. Brenda Rossini maintains the family home which is where the Defendant will reside upon his release. Mrs. Rossini believes that Defendant Rossini will be able to return to the home and function in a law abiding manner.

## COMPASSIONATE RELEASE

Under the compassionate release statute, the Court may "reduce the term of imprisonment and impose a term of probation or supervised release with or without conditions that do not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. §3582(c)(1)(A); United States v. Seggebruch, No. 15-cr-20034, ECF Doc. 113 2020 U.S. Dist. LEXIS 90781 (C.D.Ill. May 15, 2020; United States v. Brooks, No. 07-20047, ECF Doc. 67, 2020 U.S. LEXIS 85671 (C.D.Ill. May 15, 2020).

With respect to 18 U.S.C. §3582(c)(1)(A) and specifically §3582(c)(ii), the incapacitation of the Defendant's spouse or registered partner when the Defendant would be the only Caregiver for the spouse or registered partner is a reason for compassionate release. Defendant Rossini now reports that Mrs. Brenda Rossini, an active athletic senior woman, has been incapacitated.

Mrs. Rossini was diagnosed with osteoporosis in 2015 (Exhibit D, attached and incorporated herein), which more likely than not is a result of aging and compounded by nuclear medicine from her recent breast cancer. Mrs. Rossini's lungs have scars from the nuclear treatment and has advanced to pulmonary fibrosis (Exhibit E, attached and incorporated herein). Mrs. Rossini was diagnosed with diabetes in 2016 (Exhibit D, attached and incorporated herein) and then with Kertocoajunctivitis in 2021 (Exhibit D) in her cornea which is not unique to diabetes.

In 2020 , Mrs. Rossini contracted Dysura (Exhibit D) a urinary track malady which is painful. Mrs. Rossini was also diagnosed with anxiety adn depression (Exhibit D). Mrs. Rossini is fully immunized against the COVID infections.

These circumstances were exasperated by a yet undiagnosed condition in which Mrs. Rossini falls flat on her face without notice and without reason. These falls which leave bruises and lacerations begaN IN February 2021 and continue. At present her doctors believe it may be the after effects of a mild stroke she suffered in January 2021. Mrs. Rossini was an active runner and ambitioius driven person, now degenerated to a person who must often sit in a chair to be able to catch her breath. Her normal walking stride is not a shuffle (Exhibit F, attached and incorporated herein).

Defendant Rossini is the only Caregiver available to Mrs. Rossini. Mrs. Rossini's mother, Monica Szeja, has no other

relatives or persons to care for her. She now lives in a dementia ward, the Generations at Regency.

Mrs. Rossini requires additional tests at medical facilities and is unable to obtain transportation.

The Courts agree that the burden placed on a Defendant's family by a Defendant's incarcerqation is not a reason to justify release (see, e.g., United States v. Nazor, 458 F.Supp. 3d 967, 973 (N.D.Ill. 2020)). However, the First Step Act freed district courts to exercise their discretion in determining what are extraordinary circumstances (see, United States v. Brooker, 976 F.3d 228, 234 (2nd Cir. 2020)).

There is also a financial circumstance which limits Mrs. Rossini from home health care, but upon a compassionate release of the Defendant, additional pension or retirement benefits will be furnished the household.

SUMMARY

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. (see 18 U.S.C. §3582(c)). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met (see 18 U.S.C. §3582(c)(1)(A)).

Section 603(b)(1) of the First Step Act was amended by the

United States Congress and the statutory language of 18 U.S.C. §3582 (c)(1)(A) was revised to ensure expediency of compassionate release requests (See 2020 U.S. Dist. LEXIS 67912, 2020 WL 1905323 at *5) and according to the House Report, to "enhance public safety" and make....changes to Bureau of Prisons policies and procedures to ensure prisoner and guard sfety and security." H.R. Rep. 115-699 at *22 (see also, Scparta, 2020 U.S. Dist. LEXIS 68935, 2020 WL 1910481 at *7.

The statute now provides as follows:

"The Court upon motion of the Director of the Bureau of Prisons, or upon motion of the Defendant after the Defendant has fully exhausted rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or 30 days from the receipt of such a request by the Warden of the Defendant's facility, whichever is earlier, may reduce the term of imprisonment and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion the original term of imprisonment, after considering the factors set forth in §3553(a) to the ;extent that they are applicable if it finds that ---

   (i) extraordinary and compelling reasons warrant such as a
       reduction...and that such a reduction is consistent with
       applicable policy statements issued by the Sentencing
       Commission, 18 U.S.C. §3582(c)(1)(A)."

Congress sets the rules; the Supreme Court has observed that "judge made exhaustion doctrines, even if flatly stated at first, remain amenable to judge made exceptions." Ross v. Blake___ U.S.___, 136 S.Ct. 1850, 1857, 195 L.Ed. 2d 117 (2016). While Congress created an exception to the exhaustion of Administrative Appeal and does make the definition of "extraordinary and compelling reasons to be defined by title 28 U.S.C. §994(t), the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned or detained person might bring before them in motions for compassionate release.

-12-

It is important to note that "[n]either application note 1(D), nor anything else in the now-outdated version of guideline §1B1.1 limits the district court's discretion." United States v. Brooker, 976 F.3d 228, 2020 W.L. 5739712 at *7 (2nd Cir. 2020). This Court adopted this view of §3582(c)(1)(A)(i)(which is the majority view of this district) in United States v. Cardena, 461 F.Supp.3d 798, Slip op. at 6 (N.D.Ill. 2020)(Motion of Robert Cardena), and this Court views the Second Circuit decision in Brooker as persuasive. The Brooker Court elaborated as follows:

> "Compassionate release is a misnomer. 18 U.S.C. §3582(c)(1)(A) in fact speaks of sentence reductions. A district court could, for instance, reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in it's place (id.). Beyond this, a district court's discretion in this area, as in all sentencing matters, is broad. The only statutory limit on what a court may consider to be extraordinary and compelling is that "rehabilitation...alone shall not be considered an extraordianry and compelling reasons." 28 U.S.C. §994(t); Brooker, 976 F.3d 228, id. at *8 (some internal citations and emphasis omitted).

Congress at the adoption of the First Step Act of 2018, clearly created a less difficult path to gain a compassionate release based on circumstances outline in 18 U.S.C. §3582(c)(1)(A).

Defendant Rossini has introduced himself as an inmate in custody at MCC Chicago, a Federal Bureau of Prisons facility. Rossini has demonstrated that the District Court has jurisdiction to consider this compassionate release motion. Rossini has also filed with the pretrial court in 17 CR-522, a motion to dismiss. Defendant Rossini has shown that he is eligible for a compassionate release relying on 18 U.S.C. §3582(B).

-14-

Defendant Rossini has specifically outlined extraordinary circumstances which have incapacitated his wife and has proven that he is the only available Caregiver for his spouse. §3582(c)(ii).

If a defendant, such as Rossini, is eligible for a sentence reduction, "a district court may consider all relevant factors when determining whether an eligible defendant merits relief under the First Step Act" (see United States v. Hudson, 967 F.3d 605, 611 (7th Cir. 2020). "These factors include different statutory penalties including current guidelines, post-sentencing conduct, and other relevant information about a defendant's history and characteristics" (Id., at 612). While Hudson was decided in the First Step Act §404(b) context, §603(b) is also part of the First Step Act and allows for motions for sentence modification under 18 U.S.C. §3582(c)(1)(A).

While the compassionate release extraordinary circumstances are addressed in this motion, there is an unusual circumstance which does make the extraordinary circumstance far more than a minimal example. That circumstance is that both the inmate and his wife have extraordinary circumstances.

Where the court often relies on the examples laid out by the First Step Act, there is an additional provision, the catch-all provision which does generally go beyond the definition of extraordinary conditions as defined by 28 U.S.C. §994(t)(see, e.g, United States v. Walker, 2019 U.S. Dist. LEXIS 180084, 2019 W.L. 5268752, at *2-3 (N.D. Ohio, Oct. 17, 2019)(acknowledging that the inmate's "circumstance do not involve any of the specific reasons

-15-

described....in §1B1.13, Application Note 1(A)-(C)." But holding that the inmate was entitled to a reduction in sentence "under subsection (D) of the Note "based on other 'extraordinary and compelling reasons' not specifically articulated"(United States v. Bucci, 409 F.Supp. 3d 1,2 (D.Mass 2019).

The extraordinary conditions exist in two indivicual parties that are directly affected by the compassionate release statute and cannot be divided as the Spouse of a Defendant is a legally bound partnership.

Defendant Rossini has proven that the Court may consider extraordinary circumstances exist far beyond the normal hardships which may be created by the imprisonment of a family member. For the reasons founded and proven, Defendant Rossini requests this Court is compelled to grant a compassionate release with or without conditions.


Respectfully submitted,

*/s/ Albert Rossini*

Albert Rossini
#08043-424
Metropolitan Correctional Center
71 W. Van Buren St.
Chicago, IL 60605

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Case No. 15 CR 515-1 |
| ) | HON. JOHN Z. LEE |
| ALBERT ROSSINI, ) | |
| Defendant. ) | |

NOTICE OF FILING

PLEASE TAKE NOTICE that on May 2, 2022, Defendant Albert Rossini filed the attached Supplement to Motion For Compassionate Release or Reduction In Sentence pursuant to 18 U.S.C. §3582(c), by depositing it in the Metropolitan Correctional Center Legal Mail System, first class postage prepaid and addressed to the Clerk of the Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604.

Respectfully submitted,

*/s/ Albert Rossini*

Albert Rossini
Defendant
#08043-424
Metropolitan Correctional Center
71 W. Van Buren St.
Chicago, IL 60605

ALBERT ROSSINI
#08043-424
Metropolitan Correctional Center
71 W. Van Buren St.
Chicago, IL. 60605


05/06/2022-3



Legal Mail

Hon. Thomas Brutton
Clerk, U.S. District Court
For Northern District of Illinois
219 S. Dearborn St.
Chicago, IL. 60604

RECEIVED
2022 MAY -6 AM 9:04

**METROPOLITAN CORRECTIONAL CENTER**
**71 W VAN BUREN ST, CHICAGO IL 606005**

The enclosed letter was processed through special mailing procedures for forwarding to you. This letter has neither been opened nor inspected.

**MAY 0 3 2022**

If the sender raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the sender encloses correspondence for forwarding to another addressee, please return to the enclosure to the above address.