## UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
## Eastern Division

UNITED STATES OF AMERICA

                      Plaintiff,

v.                                                      Case No.: 1:15−cr−00515

                                                                         Honorable John Z. Lee

, et al.

                      Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, May 24, 2022:

      MINUTE entry before the Honorable John Z. Lee:As to Albert Rossini. Defendant Albert Rossini has filed for compassionate release [796], and additionally has filed a supplemental motion urging the court to grant that motion [854]. Mr. Rossini argues that both the recent rise in COVID−19 cases resulting from the Omicron variant, see ECF No. 796, and his wife's serious health issues, see ECF No. 854, constitute extraordinary and compelling circumstances, which warrant a reduction in his sentence. Because Rossini's conviction is currently on appeal, this Court would not have the authority to grant the motion. However, Federal Rule of Criminal Procedure 37 makes clear that where a Court lacks authority to grant a motion due to an appeal, the court does still have the authority to deny the motion. Fed. R. Crim. P. 37(a)(2). Accordingly, the Court proceeds to the merits of Rossini's motions to determine the appropriate course of action. First, it is not clear that either of Mr. Rossini's proposed circumstances constitute "extraordinary and compelling reasons" within the meaning of 18 U.S.C. § 3582. See, e.g., United States v. Barbee, 25 F.4th 531, 533 (7th Cir. 2022) (reaffirming that COVID−19 alone does not constitute an extraordinary and compelling reason to reconsider the sentences of vaccinated inmates who have "not presented any evidence establishing that [they are] more at risk for an adverse outcome in prison than [they] would be if released," even after the Omicron surge on which Mr. Rossini rests his argument); see also United States v. Curtis, 846 F. App'x 411, 413 (7th Cir. 2021) (affirming the finding that a defendant's mother's health issues did not constitute extraordinary and compelling reasons where the defendant did not claim that no other family members could serve as her caregiver). The Court notes in particular that Mr. Rossini does not make a showing as to why other family members, such as an adult child, cannot care for his wife. He merely asserts, without evidence or explanation, that he is her only potential caregiver. But even if Mr. Rossini's proffered reasons constituted extraordinary and compelling reasons to reconsider his sentence, this Court would still have to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable" 18 U.S.C. § 3582(c)(2). Neither Mr. Rossini's initial motion [796], nor his supplemental motion [854], address the 3553(a) factors beyond pointing to the support system he would have if released. And so the Court sees no information that would alter the 3553(a) analysis performed at Mr. Rossini's October 12, 2021 sentencing. Accordingly, his motions for compassionate release are denied. (ca, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.