UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
    Plaintiff/Appellee, )
)
)
)
)
v. )    Case No.: 1:15-cr-00515
)    Hon. John Z. Lee
)    District Court Judge
)
)
ALBERT ROSSINI, )
    Defendant/Appellant. )

**FILED JUN 10 2022**
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## NOTICE OF APPEAL

Notice is hereby given that Defendant Albert Rossini appeals to the United States Court of Appeals for the Seventh Circuit from the District Court's denial of Defendant's motion pursuant to 18 U.S.C. §3582(c), compassionate release.

The order of denial was entered on May 24, 2022 and is attached hereto. The Court of Appeals for the Seventh Circuit has jurisdiction pursuant to 28 U.S.C. §1291.

Respectfully submitted,

*/s/ Albert Rossini*

Albert Rossini
Defendant/Appellant
#08043-424
Metropolitan Correctional Center
71 W. Van Buren St.
Chicago, IL 60605

## CERTIFICATE OF SERVICE

    I, Albert Rossini, certify that on June 6, 2022, I deposited the enclosed Notice of Appeal from the District Court's denial of my motion pursuant to 18 U.S.C. §3582(c), in the MCC Chicago Legal Mail System, first class postage prepaid and addressed to the Hon. Thomas Brutton, Clerk of the United States District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604.


Respectfully submitted,

*/s/ Albert Rossini*

Albert Rossini
Defendant/Appellant
#08043-424
Metropolitan Correctional Center
71 W. Van Buren St.
Chicago, IL 60605

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.6.3**
**Eastern Division**

UNITED STATES OF AMERICA

Plaintiff,

v.

Case No.: 1:15−cr−00515
Honorable John Z. Lee

, et al.

Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, May 24, 2022:

MINUTE entry before the Honorable John Z. Lee:As to Albert Rossini. Defendant Albert Rossini has filed for compassionate release [796], and additionally has filed a supplemental motion urging the court to grant that motion [854]. Mr. Rossini argues that both the recent rise in COVID−19 cases resulting from the Omicron variant, see ECF No. 796, and his wife's serious health issues, see ECF No. 854, constitute extraordinary and compelling circumstances, which warrant a reduction in his sentence. Because Rossini's conviction is currently on appeal, this Court would not have the authority to grant the motion. However, Federal Rule of Criminal Procedure 37 makes clear that where a Court lacks authority to grant a motion due to an appeal, the court does still have the authority to deny the motion. Fed. R. Crim. P. 37(a)(2). Accordingly, the Court proceeds to the merits of Rossini's motions to determine the appropriate course of action. First, it is not clear that either of Mr. Rossini's proposed circumstances constitute "extraordinary and compelling reasons" within the meaning of 18 U.S.C. § 3582. See, e.g., United States v. Barbee, 25 F.4th 531, 533 (7th Cir. 2022) (reaffirming that COVID−19 alone does not constitute an extraordinary and compelling reason to reconsider the sentences of vaccinated inmates who have "not presented any evidence establishing that [they are] more at risk for an adverse outcome in prison than [they] would be if released," even after the Omicron surge on which Mr. Rossini rests his argument); see also United States v. Curtis, 846 F. App'x 411, 413 (7th Cir. 2021) (affirming the finding that a defendant's mother's health issues did not constitute extraordinary and compelling reasons where the defendant did not claim that no other family members could serve as her caregiver). The Court notes in particular that Mr. Rossini does not make a showing as to why other family members, such as an adult child, cannot care for his wife. He merely asserts, without evidence or explanation, that he is her only potential caregiver. But even if Mr. Rossini's proffered reasons constituted extraordinary and compelling reasons to reconsider his sentence, this Court would still have to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable" 18 U.S.C. § 3582(c)(2). Neither Mr. Rossini's initial motion [796], nor his supplemental motion [854], address the 3553(a) factors beyond pointing to the support system he would have if released. And so the Court sees no information that would alter the 3553(a) analysis performed at Mr. Rossini's October 12, 2021 sentencing. Accordingly, his motions for compassionate release are denied. (ca, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

Albert Rossini
#08043-424
Metropolitan Correctional Center
71 W. Van Buren St.
Chicago, IL 60605



RECEIVED
2022 JUN 10 AM 8:14

LEGAL MAIL

Hon. Thomas Brutton
Clerk of the U.S. District Court
For the Northern District of Illinois
219 S. Dearborn St.
Chicago, IL 60504



06/10/2022-9

METROPOLITAN CORRECTIONAL CENTER
71 W VAN BUREN ST, CHICAGO IL 606005

The enclosed correspondence is being forwarded to you. The letter has neither been opened nor inspected.

JUN 0 7 2022

If the sender raises a question or problem over which this facility has no jurisdiction, you may wish to return the material for further information or clarification. If the sender encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.