## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT
## CHICAGO, ILLINOIS 60604

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] |
|   Plaintiff-Appellee, | ] |
| | ] |
|       v. | ] No. 21-3115 |
| | ] |
| | ] Appeal from the United |
| ALBERT ROSSINI | ] States District Court |
| Defendant-Appellant.] | ] for the Northern District of |
| | ] Illinois, Eastern Division. |
| | ] |
| | ] No. 1:15-cr-00515-1 |
| | ] |
| | ] Hon. John Z. Lee, |
| | ] Judge. |

**APPELLANT- ALBERT ROSSINI'S COUNSEL'S RESPONSE TO ROSSINI'S INCORRECT, INCOMPLETE AND FALSE ALLEGATIONS RAISED IN ROSSINI'S PRO SE FILED FEBRUARY 3, 2023 REQUEST, DOCKET 73 AND ROSSINI'S PRO SE JANUARY 20, 2023 FILED LETTER DOCKET 71**

Now Comes Attorney Clarence Butler Jr., and hereby responds to Rossini's

*Incorrect, Incomplete And False Allegations Raised In Rossini's Pro Se Filed*

*February 3, 2023 Request, Docket 73, And Rossini's Pro Se Incorrect And False*

*January 20, 2023 Filed Letter Docket 71*

First, Counsel incorporates herein his previous submission to this Honorable Court in Docket #62, filed on November 18, 2022, in response to Rossini's incomplete and incorrect filing relative to the same regurgitated issues. Counsel references Rossini Pro Se Docket entries 73 and 71 as exhibits.

## INTRODUCTION

Counsel vehemently and emphatically asserts the allegations raised in *Rossini's Pro Se filed February 3, 2023 Request,* Docket 73, and Rossini's Pro Se filed January 20, 2023 letter Docket 71 are incorrect, incomplete and false. Counsel has previously raised and discussed the appeal with Rossini at all times and reviewed the document with Rossini, providing him with a copy, and received Rossini's concurrence and support in the submission and approval of the appeal. Counsel has exhaustively discussed Rossini's proposed submissions and communications, and advised Rossini based on counsel's: post trial appointment, Rossini's confidential communications, Rossini's representations in preparation and during sentencing, including presenting Rossini as a sentencing witness (against counsel's advice), that counsel was limited in submitting a brief that comported with counsel's professional and ethical obligations.

Counsel considered based on information and belief, as well as the totality of circumstances, including that Rossini had previously been represented by approximately 9 prior experienced and prominent attorneys during the course of his two case (delineated infra) that counsel was compelled to submit a brief based on counsel's ethical determinations. Accordingly, counsel also considered the voluminous trial evidence and testimony, in light of the nature of Rossini's proposed submissions and arguments, and consequently ethically, strategically and tactically, decided to reject Rossini's submissions, as said would adversely impact his appeal, as well as jeopardize his pending District Court case. Equally important, counsel in considering the proposals, believed they may invoke adverse Rossini consequences, based on actual, constructive and inquiry notice theories, among other compelling counter arguments.

Based on the *Cannons of Professional Responsibility*, counsel remains ready, willing and able to ethically argue the submitted brief, as it stands, without the Rossini proposals. Counsel believes he is compelled to raise this information, so that the Appellate Court has complete knowledge and information as to the totality of the circumstances, to determine if it is permissible for counsel to represent Rossini on appeal, given Rossini's filed document submission to this court. Although counsel contends Rossini's allegations are incorrect, incomplete and false, counsel as an officer of the court, will continue to zealously and ethically represent Rossini, notwithstanding the allegations raised by Rossini, given the court's permission.

3

Counsel is an experienced attorney of over 35 years, having been an Assistant United States Attorney for over 15 years, receiving numerous awards. Counsel was also previously a Chicago, Cook County Public Defender for over 5 years and has been a private practitioner for over 11 years, as none of the allegations Rossini has raised, will prevent counsel from zealously and ethically representing Rossini relative to his pending appeal.

## ANALYSIS

Counsel will not acquiesce nor become part of any orchestrated attempt to delay this appeal or the cause of action pending before the Honorable Judge Tharp (17CR 522). Based on information and belief, counsel hereby affirms that there is no action attributable or held in abeyance by counsel, that would cause the delay of this appeal or the progression of pending cause _United States v. Rossini 17CR522_. Counsel has perennially advised that he will not present or engage in the presentation and submission of documents or motions that are not consistent with the Canons Of Professional Responsibility. Therefore any purported representations to effectuate extensions of time not authored by counsel or allegedly caused or attributable to counsel's actions, or purportedly allegedly attributable to counsel's neglect are disavowed. Counsel has consistently advised Rossini that the

4

submission of arguments must be consistent with  the *Model Rules of Professional Responsibility a*nd ethical considerations.


   Rossini has had approximately 9 attorneyss during the course of representation during the similar fraud cases 15 CR 515-1; 17CR522. Based on information and belief, Rossini's wife, Brenda, is an attorney and Rossini  has also represented that he attended, but did not graduate from Georgetown Law School. Rossini has been a prolific pro se filer of documents throughout these cases (15 CR-515-1; 17 CR 522) and has maintained a fierce autonomy relative to commandeering  his defense. Rossini raises essentially two regurgitated issues in his January 17, 2023 drafted pro se letter submitted in Docket 71 filed January 20, 2023. Relative to issue number one, Rossini states that his prior trial counsels in  15 CR 515 – 1, failed to investigate and interview any of the witnesses that Rossini provided, and in fact failed to interview any witnesses. Rossini further opines that his court-appointed trial attorneys also failed to present any of the documents he provided, into evidence for the jury to review. Rossini has had both retained and appointed counsel. Rossini has contended that his prior appointed counsels have all been ineffective.

   Present counsel was not trial counsel for Rossini, as counsel was subsequently appointed after Rossini was found guilty by jury. The facts are delineated in greater detail infra. Based on  Rossini's numerous confidential communication  and discussion with  counsel inter alia,  counsel maintains that given the totality of

circumstances delineated below, that counsel cannot provide a good faith basis for the submission of an ethical argument beyond the present submission. The proposed submissions of Rossini, based on numerous conversations and discussions with Rossini, as well as the totality of circumstances, compels counsel to elected to stand on the present submission. Furthermore, the prior approximately nine counsels that have represented Rossini, have circumstantially documented a demonstrably similar consistent contention and position based on the record.

Rossini has raised in his second issue delineated in the January 17, 2023 letter, that the District Court erred when it denied Rossini's pro se oral motion for continuance at the beginning of the trial, alleging, that his court appointed trial attorneys were not prepared for trial, as they had not interviewed any other witnesses, nor did they understand the case subject matter. Based on the totality of circumstances relative to strategical and tactical considerations, Rossini's present appellate counsel, cannot ethically advance this argument based on the aforementioned totality of circumstances. Thus, failure to pursue Rossini's contentions relative to issue one and issue two, are not attributable to neglect or ineffectiveness, but as a result of counsel's conscious, deliberation and strategical and tactical concerns, as well as ethical considerations.

Furthermore, Rossini was granted a departure by the Honorable Judge Lee, as delineated below. The many submissions and arguments Rossini intends to

advance may be detrimental to his case. The first tenant of a physician's overriding oath is to, *"Do No Harm"*. Consistent with counsel's legal professional oath, it is also the objective to, *"Do No Harm",* whether Rossini likes the medicine or not.

Rossini has further alleged that he has not heard anything from counsel since counsel was granted leave to withdraw in the District Court, regarding case 17 CR 522. Circumstances of counsel's withdrawal for ethical considerations are discussed in previous submissions to this court which are delineated and attached herein. Specifically, as delineated infra, Rossini and prior retained /withdrawn counsel, Attorney Glen Seiden were having undisclosed meetings, without present counsel's knowledge, that deteriorated the attorney client relationship between Rossini and counsel. ( infra)

Counsel's formulation of the issues that counsel could ethically present to both the District Court and Appellate Court had been finalize during prior conversations, meetings and discussions with Rossini, prior to counsel's withdrawal. Given the fact that certain ethical considerations were exacerbated during prior communications, counsel advised Rossini that there would be no further discussions during his proceedings with Rossini during the last court appearance with Rossini before Judge Tharp. Consequently, Rossini requested that counsel make a motion to have previously withdrawn Attorney Glen Seiden be appointed to represent him based on their prior and ongoing relationship. Counsel made the request upon Rossini

insistence in open court during the hearing, which was denied by Judge Tharp. If there was no communication between Rossini and counsel, it was because Rossini wanted none. Furthermore, Rossini was appointed new counsel relative to the District Court matter in 17 CR 522. However, as it related to the appeal, counsel and Rossini had a complete understanding and communication as it related to the submission of the brief and there was no basis for any further discussions relative to the appeal. All factors regarding the legal and ethical submission of the appeal were resolved prior to counsel's withdrawal in the District Court. Besides Rossini was no longer accepting counsel advice based on his relationship and undisclosed meetings with Attorney Seiden during the course of counsel representation.(see infra) Rossini admitted that he was visited by Attorney Seiden at the MCC.

In order to put Rossini's pro se letter and pro se request in perspective, submitted for the court's edification is that Rossini was angered upon counsel's withdrawal and further angered by Attorney Seiden not being appointed as Rossini's counsel of choice. Counsel has made an independent determination to not file strategic or tactical proposals that Rossini desires, as their submissions may be counterproductive, and deleterious to recently appointed trial counsel's contemplative strategies. Rossini's proposals may expose him to further jeopardy overall or during cross-examinatio in the event he elects to testify as he did at sentencing. In addition, Rossini's proposals may adversely impact him in the event his new counsel strategically adopts a particular strategy. Thus the failure to

8

advance an argument or proposal on appeal that Rossini desires, is something that counsel has considered and elected not to pursue, based on the best interests of Rossini. Newly appointed trial counsel in 17 CR 522 may wish to adopt an autonomous defense strategy, without being encumbered by Rossini's unilateral strategy elections that may exacerbate his present situation.

It should be noted Rossini filed the termination request in response and in retaliation for counsel's withdrawal before Judge Tharp based on counsel's adherence to the *Cannons of Professional Responsibility*. It should be further noted that it was Rossini who freely and voluntarily requested that Judge Tharp appoint counsel in 17 CR 522 based on judicial economy, continuity of counsel, familiarity with Rossini, and more importantly that Rossini had complete confidence in counsel, given counsel achieving a significant sentence departure from Judge Lee, who presided over the trial in 15 CR 515-1.

Rossini attached counsel's withdrawal in his Pro Se Motion and counsel attaches said herein, relative to providing perspective to Rossini's incorrect, incomplete and false allegations, as counsel discussed and Rossini received a copy of the brief which Rossini approved prior to submission. Attached is counsel's *Motion To Withdraw* subsequently granted by Judge Tharp.

## MOTION TO WITHDRAWN AS ROSSINI AND COUNSEL HAVE AN IRRECONCILABLE CONFLICT RELATIVE TO TRIAL STRATEGICAL, TACTICAL AND ETHICAL ISSUES THAT ARE INCAPABLE OF RESOLUTION CAUSING AN IRRETRIEVABLE BREAKDOWN OF THE ATTORNEY-CLIENT RELATIONSHIP

Now Come Attorney Clarence Butler Jr., of the Law Office of Clarence Butler Jr. and hereby submits this *Motion To Withdrawn As Rossini And Counsel Have An Irreconcilable Conflict Relative To Trial Strategical, Tactical And Ethical Issues That Are Incapable Of Resolution Causing An Irretrievable Breakdown Of The Attorney-Client Relationship.*


Rossini and counsel have irreconcilable conflicts relative to strategical, tactical and ethical issues that are at this juncture are incapable of resolution causing an irretrievable breakdown in the attorney-client relationship. Counsel has visited Rossini in-person at the MCC on or about October 14, 2022, October 22, 2022 and Friday, October 28, 2022 and despite counsel's best efforts, these irreconcilable differences and conflicts are unresolvable. Counsel will note that there are certain witnesses, tactics and records inter alia, and courses of action Rossini wishes counsel to advance, however based on Rossini's testimony at sentencing in 15CR515 and other undisclosed issues, counsel is not able to proceed in the manner Rossini desires.

Rossini filed numerous ineffective assistance allegations against prior counsel for not adopting a course that Rossini desired in 15CR 515. Based on counsel's ethical obligations he is compelled to withdraw and request that Rossini be given appointed new counsel.

It should also be noted that circumstances have been exacerbated by the fact that Rossini is not following counsel's advice and has adopted his own course of action, emblematic of the other numerous pro se filings he his lodged in cause number 15 CR 515, and the pro se filing that this court(17CR522) has rejected, advising Rossini to file motions through his appointed counsel. Based on information and belief Rossini's wife is an attorney and has provided legal analysis which may not be consistent with counsel course, based on confidential communications issues.

Furthermore, it should be noted that when counsel went to visit Rossini at the MCC on or about the morning of October 14, 2022, counsel upon signing in was advised by the MCC officers that Rossini was meeting with another lawyer. Counsel observed the sign-in visiting attorney log sheet, and recognized the name of a former retained counsel of Rossini on this case, appearing as visiting Rossini. During and subsequent to my visit with Rossini, he never disclosed that he had met with his prior retained counsel. Additionally, I was never contacted and informed that counsel had met with my client. However, I do know that after the October 14, 2022 meeting, communications, strategy, tactics and cooperation became exponentially more strained. These factors I believe place the unsteady attorney client relationship on a trajectory toward dissolution.

More importantly, it should be noted that after and during the meeting with Rossini, he was more committed and adamant relative to contrary courses of action that counsel was unable to pursue. This situation exacerbated the differences in conflict existing relative to the course of action that counsel had rendered and advised, compelling counsel's withdrawal.

## BACKGROUND

A grand jury on August 20, 2015, in the Northern District of Illinois returned an indictment in 15CR15-01 as to Albert Rossini and three codefendants alleging the operation of a Ponzi scheme that defrauded investors of millions of dollars, charging Rossini in 14 Counts with violations under Title 18, United States Code Section 1343, regarding Fraud by Wire, Radio or Television in Counts 1-3, 6, and 8-14. Rossini was also charged with Fraud and Swindles in violations under Title 18 United States Code 1341 in Counts 4, 5, and 7 (docket# 1). On June 14, 2018, a jury returned a guilty verdict against Rossini, finding him guilty on all fourteen counts.

Clarence Butler Jr. was appointed to represent Albert Rossini post-trial after Rossini discharged his trial counsel. Clarence Butler Jr., was CJA appointed on October 9, 2020,[Docket 655] in cause the above referenced cause number 15 CR 00515, involving the aforementioned fraud offenses, then pending for sentencing before the Honorable United States District Court Judge John Z. Lee. Counsel was designated relative to sentencing purposes and his representation continues relative to the pending filed appeal in 21-3115 evolving from cause 15CR 00515 .

*Rossini Was Previously Represented By The Following Counsel During Pretrial And Trial Stages Relative To 15CR 00515*

**Joshua B. Adams**
Law Offices of Joshua B. Adams, PC
900 W. Jackson Blvd.
Suite 7 East
Chicago, IL 60607
312-566-9173
Email: josh@adamsdefenselaw.com

**Keri A Ambrosio**
Law Offices of Keri Ambrosio
53 West Jackson Boulevard
Suite 920
Chicago, IL 60604
(312)961-3261
Email: keri@ambrosiolegal.com

**Richard S Kling**
Chicago-Kent Law Offices
565 W. Adams
6th Floor
Chicago, IL 60661
(312) 906-5075
Email: rkling@kentlaw.iit.edu

**Scott Jay Frankel**
Frankel & Cohen
53 W. Jackson Blvd
Suite 1615
Chicago, IL 60604
(312) 759-9600
Email: frankelandcohen@aol.com

**Brooke L. Stevens**
Seiden Law Group, P.C.
333 South Wabash Ave
Suite 2700
Chicago, IL 60604
312.236.3060
Email: bstevens@seidengroup.law

**Glenn Seiden**
Seiden Law Group P.C.
333 South Wabash Avenue
Suite 2700
Chicago, IL 60604
(312) 236-3060
Email: gseiden@seidengroup.law

**Joshua A. Redman**
Tetzlaff Law Offices, LLC
227 WEST MONROE STREET
SUITE 3650
Chicago, IL 60606
(312) 574-1000
Email: jredman@tetzlafflegal.com

**Theodore P Netzky**
Seiden Netzky Law Group, LLC
333 South Wabash Avenue
Suite 2700

Chicago, IL 60604
(312) 236-3060
Email: tnetzky@snlgllc.com

*Rossini Was Previously Represented By The Following Counsel Relative To 17CR522*

**Joshua B. Adams**
Law Offices of Joshua B. Adams, PC
900 W. Jackson Blvd.
Suite 7 East
Chicago, IL 60607
312-566-9173
Email: josh@adamsdefenselaw.com

**Richard S Kling**
Chicago-Kent Law Offices
565 W. Adams
6th Floor
Chicago, IL 60661
(312) 906-5075
Email: rkling@kentlaw.iit.edu

**Scott Jay Frankel**
Frankel & Cohen
53 W. Jackson Blvd
Suite 1615
Chicago, IL 60604
(312) 759-9600
Email: frankelandcohen@aol.com

**Michael Edward Rediger**
The Rediger Law Firm
161 North Clark
Suite 2550
Chicago, IL 60601
312-342-7174
Email: mrediger@redatlaw.com

14

## CHRONOLOGY

Docket[227] March 9, 2017- *Motion To Withdraw* was presented by Keri Ambrosia citing ethical obligations

Docket [277] January 2, 2018- Rossini filed a letter with the court claiming ineffective assistance of counsel regarding Attorneys Joshua Adams and regarding Attorney Scott Frankel

Docket [337] June 7, 2018 -Rossini filed a letter of complaint with the court regarding his lawyers

Docket [361] July 12, 2018- Rossini filed a letter of complaint regarding his lawyers. Rossini requested his lawyers refrain from filing any documents on his behalf and also requested the court not accept any motions from his Attorneys Adams and Frankel

Docket[362 ]July 23, 2018- *Motion To Withd*raw was filed by attorney Joshua Adams citing Rossini's motion

Docket[365] August 7, 2018- Rossini filed a 441 page Pro Se *Motion For New Trial* complaining relative to his trial attorneys' alleged irresponsible strategy and defense

Docket[366] August 7, 2018 - Rossini filed a *Motion To Expand Memorandum For A New Trial*

Docket [370] August 14, 2018 - Rossini submits a letter to the court

Docket [379] September 12, 2018 -Appearance  filed by Attorney Professor Richard Kling on behalf of Rossini

Docket[468]- Professor Attorney Richard Kling  *Motion To Withdraw* as attorney for Rossin

Docket [474] August 14, 2019 -letter from Rossini to the court

Docket [481], [490], [498],- communications from Rossini to the court

Docket [504] October 28, 2019 letter from Rossini to the court

Docket [547] [548] and [549] December 20, 2029 through December 26, 2029- letters to the court from Albert Rossini

Docket [557] January 30, 2020 Rossini request a new attorney for purposes of sentencing

Docket [562] through [564] January 30, 2020 through February 14, 2020 -motions and filings by Rossini presented to the court

Docket [568] February 19, 2020 the court reappoints Attorney Professor Richard Kling as counsel given his knowledge of the case

Docket[573] March 4, 2020- Attorney Professor Richard Kling Motion To Withdraw as attorney

Docket [592] April 10, 2020 -letter from Rossini to the court

Docket[597] May 22, 2020 -letter from Rossini to the court

Docket [639] September 4, 2020 -renewed request by Rossini for appointment of counsel

Docket [650] October 7, 2020 -Attorney Professor Richard Klings informs the court that Rossini does not want him to continue as standby counsel; Rossini request for the appointment of new counsel is granted

Docket number [653] October 8, 2020 -Attorney Clarence Butler Jr., was appointed to represent Rossini

Docket[678] Rossini submits an incomplete and incorrect letter of complaint to the court concerning Attorney Clarence Butler Jr.

Docket[691] May 11 2021- submits another incomplete and incorrect letter of complaint concerning Attorney Clarence Butler Jr and revisits complaints regarding Attorneys Scott Frankel and Joshua Adams, as well as other past CJA appointed counsels

Docket[694] June 9, 2021 -Attorney Clarence Butler Jr. files *Motion To Withdraw* as counsel for Rossini

Docket [700] June 16, 2021 counsel's *Motion To Withdraw* as attorney for Rosini is denied

Docket [731]-[732] and [734]-[735]- August 17, 2021 to August 24, 2021

Docket [764] November 18, 2021 Judgment of 132 months imprisonment entered on counts 1- 14  wherein Rossini received a departed sentence  outside of the guideline range

## Case 17CR522

  All appointed counsels in this cause were all sequential appointed and subsequently withdrawn. Scott Frankel,[6] Joshua Adams,[6][36] Richard Kling[37][67]  and Michael Rediger[70][88]

Docket [84] October 20, 2021- Rossini independently initiated and  unilaterally submitted a letter to the court requesting the appointment of Clarence Butler Jr. to represent him  in case  17 CR522 writing  that  counsel was very familiar and "well acquainted with my family situation" understood my case and "enjoys my full trust in being able to represent me."

Docket[89]December 2-2021 The court appointed Clarence Butler Jr, to  represent Rossini

Docket[116 ]May 10, 2022- Rossini files incomplete and incorrect letter to court complaining about Clarence Butler Jr. inter alia in response to counsel scheduling a change of plea hearing, which Rossini and  counsel disputed whether said was requested, reviewed and  authorized.

<u>SENTENCING</u>

15 CR515-01

 Rossini testified at sentencing against the advice of counsel as the present cause

17CR522 was pending  scheduled for trial, as the trial and sentencing Assistant

United States Attorney John Mitchell was representing the government during

trial and sentencing in 15CR 515 and designated government prosecutor in this pending cause 17CR522. Despite counsel's admonitions, Rossini testified whereupon Judge Lee rendered adverse findings concerning obstruction relative to Rossini's testimony. Notwithstanding Rossini's testimony, Judge Lee imposed a sentence outside of the guideline range.

Rossini was committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of 132 months as to each of counts one through fourteen; as the sentence is to run concurrently. Upon release from imprisonment, Rossini shall be on supervised release for a term of: Three (3) years as to each of counts one through fourteen; the sentence to run concurrently.

A sentence within a properly determined guideline range supports a presumption of reasonableness. See Rita, 551 U.S. at 347–56; *United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005). Given that Rossini received a lower sentence outside of the guidelines range, counsel recognizes that said effectuates a challenging hurdle for Rossini. as Rossini received a sentence of 132 months/ 11 years from Judge Lee, Sent Tr.p.80, when he was facing a guideline range of 210 to 262 months/17.5 to 21.83 years. The applicable statutory maximum per count is 20 years. Sent. Tr.p.59. The district court addressed all of Rossini's principal arguments as manifested in the Sent. Tr. Pages 1-83 in its entirety, specifically considering and rejecting Rossini's request for time served. Sent. Tr.p.79 lines 24-25. Appellate Rossini after being fully advised by counsel of the ramifications and

consequences, has exercised his autonomy as Appellate -Defendant and elected to pursue his appeal.

Given the totality of sentencing circumstances, counsel obtained a favorable sentence, outside of the guideline sentencing range, resulting in a substantial guideline sentence reduction for Rossini. Subsequently, Rossini independently initiated and drafted a letter to the Honorable United States District Court Judge John J. Tharp, seeking counsel's appointment regarding this pending fraud case, number 17 CR 522. Rossini tendered the October 18, 2021 letter seeking counsel's appointment in Docket number 84, whereupon Rossini's request was granted and counsel was appointed to represent Rossini on November 9, 2021 in 17 CR 522 Docket number 88. Given that both the cases involved alleged fraudulent schemes, counsel became very familiar with the record, and has been communicating and consulting with Rossini since the day of his appointment relative to this cause.

Please also note, that aside from the conflict issue, counsel visited Rossini as part of his ongoing representation on Friday morning October 14, 2022 relative to motions involving this case and other matters that have been consistently discussed. Given that Rossini testified at sentencing in 15CR 00515, well aware that cause number 17 CR 522 was in a trial posture, and mindful of the ramifications and consequences of his testimony, Rossini elected to strategically, as well as tactically not object to said government filings. In addition, in support of

19

this position, Rossini had advised that he may exercise his autonomous right to testify in cause 17 CR 522. Thus, Rossini knowingly, willfully and intelligently, elected to not contest or oppose the government's *Consolidated Motion In Limine, The Government's Proposed Jury Instructions,* and *The Governments Proposed Voir Dire Questions*. Specifically, given their apparent neutrality, Rossini had not and did not offer any said objections to these filings.

However, Rossini does hereby submits this *Supplemental Response To Strike And Withdraw The Government's Motion In Limine, To Admit Rossini's Redacted Affidavit[130] Based On The Court's Order In Docket Number 122.*

Wherefore based on the totality of the circumstances, counsel respectfully request that this Honorable Court grant counsel's *Motion To Withdrawn As Rossini And Counsel Have An Irreconcilable Conflict Relative To Trial Strategical, Tactical And Ethical Issues That Are Incapable Of Resolution Causing An Irretrievable Breakdown Of The Attorney-Client Relationship.*


I am the attorney appointed by order of this Court on November 29, 2021 Docket [4]to represent the Defendant-Appellant, Albert Rossini in Cause Number 21-3115 that is pending before this United States Court of Appeals for the Seventh Circuit. Thus based on the incomplete and incorrect allegations Rossini has raised, I do not oppose Rossini request for new counsel and believe my withdrawal based on this conflict Rossini has created would be appropriate given the court's permission.

_____

<u>CONCLUSION</u>

Counsel vehemently and emphatically asserts the allegations raised in *Rossini's Pro Se filed February 3, 2023 Request,* Docket 73, and Rossini's Pro Se filed January 20, 2023 letter Docket 71 are incorrect, incomplete and false. Based on the *Cannons of Professional Responsibility*, counsel remains ready, willing and able to ethically argue the submitted brief, as it stands, without the Rossini proposals. Although counsel contends Rossini's allegations are incorrect, incomplete and false, counsel as an officer of the court, will continue to zealously and ethically represent Rossini, notwithstanding the allegations raised by Rossini, given the court's permission.

Respectfully submitted,

<u>s/Clarence Butler Jr.</u>
The Law Office of Clarence Butler Jr.
155 North Wacker Drive Suite 4250
Chicago, Illinois 60606
Office 312-803-5822