> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted September 18, 2023[*]
Decided September 18, 2023



CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

**Before**

DIANE P. WOOD, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

DORIS L. PRYOR, *Circuit Judge*

| | |
|---|---|
| No. 22-2030 | |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 1:15-cr-00515 |
| ALBERT ROSSINI, *Defendant-Appellant.* | John Z. Lee, *Judge.* |

## O R D E R

Albert Rossini, a federal prisoner, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Because the district court

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

No. 22-2030 Page 2

permissibly concluded that his release was not justified under the sentencing factors listed in 18 U.S.C. § 3553(a), we affirm.

After a jury found Rossini guilty of defrauding investors in a Ponzi scheme, *see* 18 U.S.C. §§ 1341, 1343, the district court sentenced him below the guidelines range to 11 years' imprisonment. The court acknowledged Rossini's poor health and advanced age (73 at sentencing), but it also noted that he lacked remorse, had a long criminal history, and had continued to commit crimes despite his advanced age. Based on those facts, the court concluded, an 11-year sentence would serve goals of just punishment, deterrence, and protection of the public. 18 U.S.C. § 3553(a). We affirmed the sentence. *United States v. Rossini*, No. 21-3115, 2023 WL 3862013 (7th Cir. June 7, 2023).

Just three months after his sentencing, and while his direct appeal was pending, Rossini asked the district court for compassionate release for two reasons—his health and caring for his spouse. He asserted that his cardiovascular problems and other medical issues made him especially vulnerable to COVID-19, and that he was the sole caregiver for his spouse, who suffered from a neurological disorder that caused her to fall. If released, Rossini predicted that "a network of family and friends" would help with his reentry.

The court denied Rossini's motion. Given his pending appeal, the court first considered whether it could rule on his motion and correctly concluded that it had the authority to deny the motion under Rule 37(a)(2) of the Federal Rules of Criminal Procedure. Turning to the merits, the court doubted whether either of Rossini's proffered reasons were "extraordinary and compelling," but assuming that they were, it ruled that Rossini provided no information that altered its recent analysis of the sentencing factors under § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A) (stating that the court may reduce a term of imprisonment only after considering the factors set forth in section 3553(a)).

On appeal, Rossini argues that because of his advanced age, sentencing factors like the risk of recidivism favor his release. But in his motion for compassionate release, Rossini did not argue that his age reduced his risk of recidivism; thus we need not consider that argument. *See United States v. Martin*, 21 F.4th 944, 945 (7th Cir. 2021). In any event, the district court considered Rossini's age when sentencing him, just a few months before he moved for release, and it ruled that his lack of remorse and ongoing criminal activity despite his advanced age justified an 11-year prison term. In ruling on

No. 22-2030 Page 3

Rossini's motion for release, the court had "broad discretion" to weigh the § 3553(a) sentencing factors. *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021). And when it exercised that discretion, the court reasonably relied on its recent sentencing analysis— and the underlying facts, which had not materially changed—to deny that motion.

Rossini's remaining arguments are unavailing. First, he argues that the United States Sentencing Commission is in the process of updating its compassionate release guidance, and the amended version may broaden what qualifies as an "extraordinary and compelling" reason for release. But these amendments are not now in force. *See United States v. Williams*, 65 F.4th 343, 346 (7th Cir. 2023). Moreover, the amendments would not bear on the district court's conclusion that the § 3553(a) factors weighed against Rossini's release—an independent basis to deny his motion. *See id.* at 349. Rossini's related argument that he provided "extraordinary and compelling" reasons for release under *current* law suffers from the same defect: The district court concluded that even if that were true, it would deny his motion based on the § 3553(a) factors. Finally, Rossini contends that the district court misunderstood its authority, during Rossini's pending direct criminal appeal, to state that it would grant compassionate release if we remanded for that purpose. *See* FED. R. CRIM. P. 37(a)(3), (b), (c); FED. R. APP. P. 12.1. But nothing in the record supports that argument; the court denied his motion on the merits (as Rule 37 also permits) and thus it had no reason to suggest that it would grant his motion if this court remanded his criminal appeal.

AFFIRMED